**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Mountain Sports LLC,<br><br>　　　　Debtor.<br><br>Tax ID # xx-xxx9597 | Chapter 11<br><br>Case No. 24-11385 (MFW) |
| In re:<br><br>SDI Stores LLC,<br><br>　　　　Debtor.<br><br>Tax ID # xx-xxx4751 | Chapter 11<br><br>Case No. 24-11386 (MFW) |
| In re:<br><br>SDI Gift Card LLC,<br><br>　　　　Debtor.<br><br>Tax ID # xx-xxx9775 | Chapter 11<br><br>Case No. 24-11387 (MFW) |
| In re:<br><br>Bobs Stores USA LLC,<br><br>　　　　Debtor.<br><br>Tax ID # xx-xxx6115 | Chapter 11<br><br>Case No. 24-11388 (MFW) |
| In re:<br><br>Mountain Sports USA LLC,<br><br>　　　　Debtor.<br><br>Tax ID # xx-xxx4036 | Chapter 11<br><br>Case No. 24-11389 (MFW) |

**DEBTORS' MOTION FOR AN ORDER (I) DIRECTING JOINT ADMINISTRATION**
**OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Mountain Sports LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"), hereby file this motion (the "*Motion*") requesting the entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) directing joint administration of these chapter 11 cases; and (ii) granting related relief as more fully set forth in this Motion. In support of this Motion, the Debtors rely on the *Declaration of David Barton in Support of First Day Motions* (the "*Barton Declaration*"*)* to be filed substantially contemporaneously herewith. In further support of this Motion, the Debtors submit as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 1015-1 and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*").

3. Pursuant to Local Rule 9013-1(f), the Debtors hereby consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

4. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*") in this Court on June 18, 2024 (the "*Petition Date*"). The Debtors are authorized to continue operating their businesses as debtors-in-possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5. The Debtors operate outdoor clothing, sporting goods, activewear and sports equipment retail locations in the northeastern United States under the brands "Eastern Mountain Sports" ("*EMS*") and "Bob's Stores" ("*Bob's*"). EMS markets to the adventurer looking for reliable and functional outerwear and gear at a value price. Bob's targets moderate-income customers with a selection of footwear, workwear, teamwear and activewear. Under both brands, the Debtors operate approximately 50 retail outlets and also maintain an ecommerce presence for both brands. Headquartered in Meriden, Connecticut, the Debtors employ approximately 800 full- and part-time employees.

6. Additional information regarding the Debtor's business and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the Barton Declaration, incorporated herein by reference.

## **RELIEF REQUESTED**

7. The Debtors seek entry of an order, substantially in the form attached hereto: (a) directing procedural consolidation and joint administration of the above-captioned Chapter 11 Cases; and (b) granting related relief. The Debtors request that one docket be maintained for all five of the jointly-administered Chapter 11 Cases under the case of Mountain Sports LLC, and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

[remainder of this page intentionally left blank]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Mountain Sports LLC, *et al.*,[1] | ) ) ) | Case No. 24-11385 (MFW) |
| Debtors. | ) ) | Jointly Administered |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The location of the Debtors' corporate headquarters is 160 Corporate Court, Meriden, CT 06450.

8. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

9. The Debtors also seek the Court's direction that a notation substantially similar to the following be entered on the docket in each of the above-captioned Chapter 11 Cases, other than Mountain Sports LLC, to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Mountain Sports LLC (Case No. 24-11385 (MFW));SDI Stores LLC (Case No. 24-11386 (MFW)); SDI Gift Card LLC (Case No. 24-11387 (MFW)); Bob's Store USA LLC (Case No. 24-11388 (MFW)); and Mountain Sports USA LLC (Case No. 24-11389 (MFW)). The docket in Mountain Sports LLC, Case No. 24-11385 (MFW), should be consulted for all matters affecting this case.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 1015(b) states in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The seven Debtor entities that commenced these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the

Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Mac Acquisition LLC,* No. 17-12224 (MFW) (Bankr. D. Del. Oct. 19, 2017) (directing joint administration of chapter 11 cases); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re Appvion, Inc.*, No. 17-12082 (KJC) (Bankr. D. Del. Sept. 14, 2017) (same); *In re Model Reorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017 (same).

13. Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each Debtor entity. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the

District of Delaware and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

14. Additionally, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## NOTICE

15. Notice of this Motion has been given to (a) the Office of the United States Trustee for the District of Delaware; (b) the creditors holding the twenty (20) largest unsecured claims against the Debtors' estates; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) any such other party entitled to notice pursuant to Local Rule 9013-1(m). As this Motion is seeking "first day" relief, within forty-eight hours of the entry of an order approving this Motion, the Debtors will serve copies of this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion as been made to this or any other court.

[Remainder of this page intentionally left blank]

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: June 19, 2024

Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

-and-

Matthew E. McClintock, Esq. (*pro hac vice* pending*)*
Amrit Kapai, Esq (*pro hac vice* pending*)*
William Thomas, Esq. (*pro hac vice* pending)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
mattm@goldmclaw.com
amritk@goldmclaw.com
willt@goldmclaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*