IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related to Docket No. 50 |

**ORDER, PURSUANT TO 28 U.S.C. § 156(c), BANKRUPTCY RULE 2002(f), AND LOCAL RULE 2002-1(f), APPOINTING EPIQ CORPORATE RESTRUCTURING AS CLAIMS AND NOTICING AGENT, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the above-captioned debtors' (the "*Debtors*") Application for an Order Appointing Epiq Corporate Restructuring, LLC ("*Epiq*") as Claims and Noticing Agent for the Debtors effective as of the Petition Date, pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), Bankruptcy Rule 2002(f) and Local Rule 2002-1(f) (the "*Application*"), as more particularly set forth in the Application; and pursuant to the Mailloux Declaration[2] and the Barton Declaration; and the Debtors having estimated that there are in excess of 200 creditors in these cases, many of which are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Claims and Noticing Agent has the capability and experience to provide such services and that Claims and Noticing Agent does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The location of the Debtors' corporate headquarters is 160 Corporate Court, Meriden, CT 06450.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Claims and Noticing Agent is in the best interests of the Debtors, the estates and creditors; and sufficient cause appearing therefor; it is hereby,

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding the terms of the Services Agreement attached to the Application, the Application is approved solely as set forth in this Order.

2. The Debtors shall be, and hereby are, authorized to retain and employ Epiq as notice and claims processing agent, effective as of the Petition Date, and to perform the services set forth in the Application (the "*Services*") in accordance with the terms and conditions set forth in the Services Agreement and Local Rule 2002-1(f).

3. Except as modified herein, the terms of the Services Agreement are approved.

4. Epiq shall serve as custodian of court records and, as such, is designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain the official claims register for the Debtors. Epiq is further to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the clerk.

5. Epiq is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application.

6. Epiq is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

7. Epiq is authorized to take such other actions as are needed to comply with all duties set forth in the Application.

8. Epiq shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

9. Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

10. Epiq is authorized to take such action to comply with all duties set forth in the Application.

11. Without further order of the Court, the Debtors are authorized to compensate Epiq in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the Services provided by Epiq and the rates charged for each, and to reimburse Epiq for all related reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, and subject to the procedures set forth below, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its Services and reimbursement of its related expenses, however, Epiq shall also serve the invoices via electronic mail on counsel for the U.S. Trustee, counsel for the Debtor, counsel for any statutory committee and any party in interest that specifically requests service of the monthly invoices.

12. The Debtor is authorized to remit a retainer in the amount of $25,000 (the "*Retainer*") to Epiq. Epiq is authorized to hold the Retainer as security of payment of Epiq's final invoice for services rendered and expenses incurred in performing its services.

13. The Debtor shall indemnify Epiq and each other Indemnified Person, as that term is defined in the Services Agreement (collectively, the "*Indemnified Persons*") under the terms of

the Services Agreement, subject to the following modifications:

a.  The Indemnified Persons shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the Claims and Noticing Services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

b.  Notwithstanding anything to the contrary in the Services Agreement, the Debtor shall have no obligation to indemnify Indemnified Persons, or provide contribution or reimbursement to Indemnified Persons, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Indemnified Person's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of Indemnified Person's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law, or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order;

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this chapter 11 case, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement

obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Indemnified Person or Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Indemnified Person for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement.

14. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

15. Notwithstanding anything to the contrary, Section 9 of the Services Agreement regarding limitation of liability shall be given no effect during the Chapter 11 Cases.

16. In the event Epiq is unable to provide the Services, Epiq shall immediately notify the Clerk and the Debtors' counsel, and cause all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

17. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Epiq but is not specifically authorized by this Order.

18. Epiq shall not cease providing claims processing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court.

19. The Debtors and Epiq are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

20. After entry of an order terminating Epiq's services as the Claims and Noticing Agent, upon the closing of these chapter 11 cases, or for any other reason, Epiq shall be responsible for (a) forwarding to the Clerk an electronic version of all imaged claims, (b) uploading the creditor mailing list into CM/ECF and (c) docketing a Final Claims Register.

21. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23. Notwithstanding any term in the Services Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

24. Notwithstanding anything to the contrary in the Services Agreement, Epiq shall not assign the Services Agreement to any subsidiary, affiliate or any other entity without further order of the Court, upon a motion on notice to the Debtors, the U.S. Trustee, any official committee appointed in these cases, and other parties in interest.

Dated: June 27th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE