**Exhibit 3**

**Cure Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:*<br><br>MOUNTAIN SPORTS LLC, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11385 (MFW)<br><br>(Jointly Administered) |

### NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) PROPOSED CURE AMOUNTS

**You are receiving this notice (this "Notice") because you may be a counterparty to a contract or lease with one or both of the Debtors (defined below) as set forth on Appendix A hereto. Please read this notice carefully as your rights may be affected by the transactions described herein.**[2]

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1. On June 18, 2024, Mountain Sports LLC and certain of its affiliates (collectively, the "**Debtors**" or the "**Company**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2. On July [●], 2024, the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**" and together with the Debtors, the "**Movants**") filed the *Motion for Orders (I) (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving the Form and Manner of Notice of the Sale and Bid Deadlines, (C) Authorizing the Debtors to Select a Stalking Horse Bidder and Enter Into a Purchase Agreement with Such Bidder Providing for Certain Bid Protections, (D) Approving (1) Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases and (2) the Form and Manner of Notice Thereof, (E) Scheduling the Auction and the Hearing to Consider Approval of the Sale, (F) Authorizing the Committee to Run the Sale Process with the Debtors' Assistance and (G) Granting Related Relief and (II) (A) Approving the Sale of the Assets, Free and Clear of All Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [D.I. [●]] (the "**Motion**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); SDI Stores LLC (4751); and Mountain Sports USA LLC (4036). The location of the Debtors' corporate headquarters is 160 Corporate Court, Meriden, CT 06450.

[2] This Notice is being sent to counterparties to contracts and leases that may be executory contracts and unexpired leases. This notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

3. On July [●], 2024, the Court entered that certain *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Approving the Form and Manner of Notice of the Sale and Bid Deadlines, (III) Authorizing the Debtors to Select a Stalking Horse Bidder and Enter Into a Purchase Agreement with Such Bidder Providing for Certain Bid Protections, (IV) Approving (A) Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases and (B) the Form and Manner of Notice Thereof, (V) Scheduling the Auction and the Hearing to Consider Approval of the Sale, (VI) Authorizing the Committee to Run the Sale Process with the Debtors' Assistance and (VII) Granting Related Relief* [D.I. [●]] (the "**Bidding Procedures Order**"),[3] which approved, among other things, (a) procedures pursuant to which the Movants are authorized to solicit and pursue (such procedures, the "**Bidding Procedures**") a sale of all or substantially all of the Debtors' assets (the "**Company Assets**") or component thereof under section 363 of the Bankruptcy Code (the "**Sale**"), (b) the scheduling of a hearing to approve the Sale free and clear of any liens, claims, and encumbrances under section 363 of the Bankruptcy Code, (c) procedures in connection with the assumption and assignment of any executory contracts or unexpired leases the Debtors seek to have assumed and assigned in connection with a Sale, and (b) a sale process run by the Committee and its professionals with the assistance of the Debtors.

4. Pursuant to the Bidding Procedures Order: the Sale Hearing is scheduled to take place on **August 29, 2024 at 10:30 a.m. (prevailing Eastern Time)**. The Sale Hearing will be held before the Honorable Mary F. Walrath at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Wilmington, DE 19801.[4]

5. Pursuant to the Bidding Procedures Order, the Debtors **may** assume and assign to a Stalking Horse Bidder, Backup Bidder, or a Successful Bidder other than the Stalking Horse Bidder or the Backup Bidder, the executory contract(s) or unexpired lease(s) listed on Appendix A attached hereto (each, a "**Contract**") to which you are a counterparty. The Debtors have conducted a review of their books and records and have determined that the cure amounts required to be paid pursuant to Bankruptcy Code section 365(b) in respect of such Contract(s) (the "**Cure Amount**") are as set forth on Appendix A attached hereto. **If you disagree with the proposed Cure Amount, you must file an objection (a "Cure Objection"), stating with specificity the nature of your objection, with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern Time) on July 30, 2024 (the "Cure Objection Deadline")**. Cure Objections must be filed and served *so as to be actually received by the Cure Objection Deadline* by: (a) counsel for the Debtors, Goldstein & McClintock LLLP, (Attn: Maria Aprile Sawczuk (marias@goldmclaw); and Matt McClintock (mattm@goldmclaw.com)); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: Joseph Cudia (joseph.cudia@usdoj.gov)); (c) counsel for the Committee, (i) Lowenstein Sandler LLP (Attn: Jeffrey Cohen (jcohen@lowenstein.com), Brent Weisenberg (bweisenberg@lowenstein.com), and Erica Mannix (emannix@lowenstein.com)) and (ii) Morris James LLP (Attn: Eric Monzo (emonzo@morrisjames.com) and Brya Keilson (bkeilson@morrisjames.com)); and (d) the Notice Parties.

---

[3] Capitalized terms used but not defined have the meanings ascribed to them in the Bidding Procedures Order.

[4] Dates relating to the Sales, including the scheduled dates for the Auctions and Sale Hearings, may be changed in accordance with the Bidding Procedures Order.

6. The Debtors propose that if the counterparty to any Contract(s) fails to file an objection by the Cure Objection Deadline to the Cure Amount(s), then that counterparty shall be (i) deemed to have agreed and stipulated to the accuracy of the Cure Amount(s) set forth on this Appendix A, and (ii) forever barred, estopped, and enjoined from asserting any additional cure amount under or in respect of the Contract(s).

7. Promptly following the Debtors' selection of the Successful Bidder and the conclusion of the Auction (if any), the Debtors shall file notice of the Successful Bid and Successful Bidder (the "**Successful Bidder Notice**") with the Bankruptcy Court within one (1) day after such Auction, and no later than August 23, 2024 at 12:00 noon, (ET).

8. If any Auction is held, the deadline for non-Debtor counterparties to the Contracts to object solely with respect to the specific identity of and adequate assurance of future performance provided by the Successful Bidder (such a limited objection, a "**Post-Auction Objection**") **is 4:00 p.m. (prevailing Eastern Time) on August 27, 2024** (the "**Post-Auction Objection Deadline**"). A Post-Auction Objection must be filed with this Court and served in the same manner as a Cure Objection set forth above so to be actually received no later than the Post-Auction Objection Deadline.

9. With respect to any Contract(s) assumed and assigned to the Successful Bidder (the "**Assumed Contracts**"), if a non-Debtor party to an Assumed Contract has objected solely to the proposed Cure Amount, the Debtors may, with the consent of, or at the direction of, the Successful Bidder, pay the undisputed portion of such Cure Amount and place the disputed amount in a segregated account pending further order of the Court or mutual agreement of the parties. So long as such disputed amounts are held in such segregated account, the Debtors may, without delay, assume and assign such Assumed Contract to the applicable assignee. Under such circumstances, the objecting non-Debtor counterparty's recourse is limited to the funds held in such segregated account.

10. Following the payment of the Cure Amount(s) (subject to the preceding paragraph), the Debtors' filing and service of a notice regarding the closing of a Sale shall serve as notice that such Assumed Contracts have actually been assumed and assigned.

11. Notwithstanding anything herein, this notice shall not be deemed to be an assumption, assignment, adoption, rejection, termination, or concession to the executory nature of any Contract(s). Moreover, the Debtors explicitly reserve their rights, in their sole discretion, to reject or assume each Contract pursuant to section 365(a) of the Bankruptcy Code and nothing herein (a) alters in any way the prepetition nature of the Contract(s) or the validity, priority, or amount of any claims of a counterparty to any Contract against the Debtors that may arise under such Contract, (b) creates a postpetition contract or agreement, or (c) elevates to administrative expense priority any claims of an counterparty to a Contract against the Debtors that may arise under such Contract.

12. This notice is subject to the full terms and conditions of the Motion, the Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict, and the Debtors urge parties in interest to review such documents in their entirety. Copies of the Motion, the Stalking Horse Agreement, if any, the Bidding Procedures, and the Bidding Procedures Order, in addition to any related documents that may be filed, may be obtained by

accessing (a) the website of the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), at https://dm.epiq11.com/case/mtq for no charge, or (b) the Court's internet site: https://ecf.deb.uscourts.gov, for a fee, through an account obtained from the PACER website at http://pacer.psc.uscourts.gov.

| **GOLDSTEIN & MCCLINTOCK LLLP** | **MORRIS JAMES LLP** |
|---|---|
| By: */s/ Maria Aprile Sawczuk* <br> Maria Aprile Sawczuk, Esq. (Bar ID 3320) <br> 501 Silverside Road, Suite 65 <br> Wilmington, DE 19809 <br> Telephone: (302) 444-6710 <br> marias@goldmclaw.com <br><br> -and- <br><br> Matthew E. McClintock, Esq. (admitted *pro hac vice*) <br> Amrit S. Kapai, Esq. (admitted *pro hac vice*) <br> William H. Thomas, Esq. (admitted *pro hac vice*) <br> 111 W. Washington Street, Suite 1221 <br> Chicago, IL 60602 <br> Telephone: (312) 337-7700 <br> mattm@goldmclaw.com <br> amritk@goldmclaw.com <br> willt@goldmclaw.com <br><br> *Proposed Counsel for the Debtors and Debtors-In-Possession* | */s/ Eric J. Monzo* <br> Eric J. Monzo (DE Bar No. 5214) <br> Brya M. Keilson (DE Bar No. 4643) <br> 500 Delaware Avenue, Suite 1500 <br> Wilmington, DE 19801 <br> Telephone: (302) 888-6800 <br> emonzo@morrisjames.com <br> bkeilson@morrisjames.com <br><br> -and- <br><br> **LOWENSTEIN SANDLER LLP** <br> Jeffrey L. Cohen (admitted *pro hac vice*) <br> Brent I. Weisenberg (admitted *pro hac vice*) <br> Erica G. Mannix (admitted *pro hac vice*) <br> Chelsea R. Frankel (admitted *pro hac vice*) <br> 1251 Avenue of the Americas <br> New York, NY 10020 <br> Telephone: (212) 262-6700 <br> jcohen@lowenstein.com <br> bweisenberg@lowenstein.com <br> emannix@lowenstein.com <br> cfrankel@lowenstein.com <br><br> *Proposed Counsel to the Official Committee of Unsecured Creditors* |

## APPENDIX A TO CURE NOTICE

| Counterparty Name | Contract/Lease | Cure Amount |
| --- | --- | --- |
|  |  |  |