**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**GLOBAL NOTES AND METHODOLOGY REGARDING THE**
**DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND**
**STATEMENTS OF FINANCIAL AFFAIRS**

These *Notes and Methodology Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are an integral part of all of the Debtors' Schedules and Statements (defined below). The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

Introduction. The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" or "SOFA"; together with the Schedules, the "Schedules and Statements") filed by Mountain Sports LLC, *et al.*, as debtors and debtors-in-possession (the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") have been prepared by the Debtors' management pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Schedules and Statements are unaudited.

While the Debtors have made every reasonable effort to ensure that their Schedules and Statements are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and Statements.

The Schedules and Statements have been signed by David Barton, the Debtors' Authorized Representative (the "*Representative*"), and an authorized signatory for each of the Debtors in respect of the Schedules and Statements. In reviewing and signing the Schedules and Statements, the Representative relied upon the efforts, statements, and representations of various personnel engaged by the Debtors and their advisors. The Representative has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, without limitation, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The location of the Debtors' corporate headquarters is 160 Corporate Court, Meriden, CT 06450.

**Basis of Presentation.** The Schedules and Statements are unaudited and do not purport to be financial statements prepared in accordance with generally accepted accounting principles in the United States of America ("U.S. GAAP"), nor were they reconciled with the Debtors' financial statements. These Schedules and Statements represent the Debtors' good faith attempt to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules using commercially reasonable efforts and resources available and are subject to further review and potential adjustment.

**Reservation of Rights.** The Debtors and their advisors who assisted in the preparation of the Schedules and Statements do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the errors or omissions, negligent or otherwise, in preparing, collecting, reporting, or communicating the information contained herein. In no event shall the Debtors or their advisors be liable to any third party for any direct, indirect, incidental, consequential, or other damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their advisors are advised of the possibility of such damages. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

The failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

The Debtors have made commercially reasonable efforts to correctly characterize, classify, and categorize claims, assets, executory contracts, among other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

The Debtors' accounting systems were designed and maintained to manage the consolidated treasury and cash management systems of the Debtors, as well as report the Debtors' financial results on a consolidated basis. Additionally, the Debtors' accounting and finance staff have been trained and followed procedures consistent with these primary objectives. Neither the Debtors nor their advisors can ensure that the transactions recorded in one of the Debtors' books and records does not inadvertently reflect activity of another Debtor.

**Global Notes.** These Global Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

**Petition Date.** Unless otherwise noted, all asset and liability balances reported in the Schedules are as of June 18, 2024 (the "Petition Date").

**Valuation.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date. Cash is reported as of the Petition Date on a bank basis. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Quantification of Claims.** Amounts that were not readily quantifiable by the Debtors were reported as "undetermined" or "unknown," which is not intended to reflect the magnitude of the claim.

**Claims Paid Pursuant to Court Orders.** The Bankruptcy Court authorized the Debtors to pay certain prepetition claims, including but not limited to, certain taxes, employee related claims, and critical vendor claims. Consequently, certain prepetition fixed, liquidated and undisputed unsecured claims have been paid following the Petition Date. As such, some claims against the Debtors for prepetition amounts may have been paid as of the time the Schedules and Statements and may not have been included in the Schedules and Statements. In other cases, prepetition amounts may not have been removed and the amounts included in the Schedules and Statements may be overstated.

**Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

**Exclusions.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including employee benefit accruals, accrued accounts payable, and deferred gains. The Debtors also have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims may exist. In addition, certain immaterial assets and liabilities may have been excluded.

**Causes of Action.** The Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Insiders.** For purposes of the Schedules and Statements, the Debtors defined "insiders" as: (a) directors; (b) officers; and (c) debtor/non-debtor affiliates. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

**Leases.** In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third-party lessors for use in the daily operation of their businesses. The underlying lease agreements are listed on Schedule G and any current amount due under such leases that were outstanding as of the Petition Date are listed on Schedules D or F. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

**Litigation.** Certain litigation reflected as claims against one of the Debtors may relate to any of the other Debtors. The Debtors have made reasonable efforts to accurately record these actions in the Schedules and Statements of the Debtors that are the party to the action.

**Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the schedules.

### _Notes to Schedules of all Debtors_

**Line 73**: There are eight (8) insurance policies listed on the schedules of each Debtor.  It is believed that each of the policies listed is actually held in the name of Roberts 50 USA LLC (the Debtors' non-debtor parent), however each of the Debtors is an additional insured or covered in some way under each of the policies, therefore each of the policies is listed on each Debtor's Schedules.

### _Notes to Schedule G on the Schedules of Mountain Sports LLC and SDI Stores LLC_

As to the contracts listed (or attached) on Schedule G of the Mountain Sports LLC and SDI Stores LLC cases, each of the contracts may be in the name of various parties, including but not limited to Mountain Sports LLC, SDI Stores LLC, Roberts 50 USA LLC and potentially prior names of certain of the Debtors.  These contracts all apply to the stores operated by Mountain Sports LLC and SDI Stores LLC, whether they are parties to the contracts or not.  Therefore, each of the contracts has been listed on the Schedules of both Mountain Sports LLC and SDI Stores LLC.  Nothing in the

Schedules and Statements is or shall be construed as an admission as to the determination of the legal status of any contract or lease listed and the Debtors reserve all rights with respect to such issues.

### *Notes to Statement of Financial Affairs for all Debtors*

**Line 11:** Goldstein & McClintock LLLP ("G&M") currently serves as counsel to the Debtors. Prior to the Petition Date, G&M was retained by the Debtors to provide general workout and bankruptcy advice. This representation ultimately resulted in G&M assisting in the preparation of the requisite petitions, pleadings, exhibits, and lists needed to commence these chapter 11 cases. Prior to the Petition Date, G&M received $100,000 in advance payment retainers, of which $85,425.58 was applied to pre-petition fees and expenses. The advance payment retainer was paid by Roberts 50 USA, LLC on behalf of all Debtors. The $100,000 retainer is listed on each Debtors Statement of Financial Affairs, however only one retainer payment of $100,000 was made to cover all Debtors and that single payment is repeated on each Statement of Financial Affairs.

### *Notes to Statement of Financial Affairs of Mountain Sports LLC and SDI Stores LLC*

**Line 4:** Payments were made to or on behalf of Barry Moat, an equity holder in a related non-debtor entity and the former executive chairman of Roberts 50 USA LLC and an entity he is affiliated with, and to Jason Peterson, an equity holder in a related non-debtor entity and the manager of Roberts 50 USA LLC and an entity he is affiliated with. These payments were made by Roberts 50 USA LLC, but relate to distributions from the operations of Mountain Sports LLC and SDI Stores LLC. The same distributions are included on each of Statements of Financial Affairs, but the payments were each made only once.

**Fill in this information to identify the case:**

Debtor name __**Mountain Sports USA, LLC**__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) __**24-11389**__

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __**July 31, 2024**__          X **/s/ David Barton**
                              Signature of individual signing on behalf of debtor

                              **David Barton**
                              Printed name

                              **Authorized Representative**
                              Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name   **Mountain Sports USA, LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **24-11389**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals
**12/15**

| Part 1: | Summary of Assets |
| --- | --- |

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*............................................................................................  $    **0.00**

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.........................................................................................  $    **597.00**

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*...........................................................................................  $    **597.00**

| Part 2: | Summary of Liabilities |
| --- | --- |

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................  $    **32,916,436.75**

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................  $    **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................  +$    **66,834.97**

4. Total liabilities ...............................................................................................................
   Lines 2 + 3a + 3b   $    **32,983,271.72**

**Fill in this information to identify the case:**

Debtor name     **Mountain Sports USA, LLC**

United States Bankruptcy Court for the:     DISTRICT OF DELAWARE

Case number (if known)     **24-11389**

☐ Check if this is an amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**     **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **PNC Bank** | **CHecking** | **8951** | **$0.00** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.          **$0.00**

**Part 2:**     **Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1. | **Utility Deposit** | **$597.00** |
|---|---|---|

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.          **$597.00**

Debtor    **Mountain Sports USA, LLC**                          Case number *(If known)* **24-11389**
Name

| Part 3: | Accounts receivable |

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

**55.**    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.    **Leased Property - See schedule G** | **Lease** | **$0.00** | | **Unknown** |

Debtor    **Mountain Sports USA, LLC**                    Case number *(If known)* **24-11389**
Name

56.    **Total of Part 9.**                                                                    | $0.00 |

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

57.    **Is a depreciation schedule available for any of the property listed in Part 9?**

■ No
☐ Yes

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

■ No
☐ Yes

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71.    **Notes receivable**
Description (include name of obligor)

72.    **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.    **Interests in insurance policies or annuities**
**Director & Officer insurance with Axis Insurance**
**Company - last 4 of policy 3701**
**ERISA Insurance with Hartford Fire Insurance Company**
**- last 4 of policy 1769**
**Business Auto Insurance with Federal Insurance**
**Company -  last 4 of policy 3716**
**General Liability Insurance with Federal Insurance**
**Company - last 4 of policy 2565**
**Cargo Insurance with Falvey Cargo - last 4 of policy**
**PNGF**
**Excess Liability Insurance with Transverse Specialty**
**Insurance Company - last 4 of policy 79-01**
**Workers Compensation Insurance with Continental**
**Indemnity - last 4 of policy 25-02**
**Commercial Propery Insurance with Hartford Fire**
**Insurance Company - last 4 of policy 9591**                              $0.00

74.    **Causes of action against third parties (whether or not a lawsuit**
**has been filed)**

| Debtor | **Mountain Sports USA, LLC** | Case number *(If known)* **24-11389** |
|---|---|---|
| | Name | |

| **Claim against Mastercard in class action litigation** | | **Unknown** |
|---|---|---|
| Nature of claim | **Monetary Damages and Equitable and Declaratory Relief** | |
| Amount requested | **$0.00** | |

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**

    Add lines 71 through 77. Copy the total to line 90.

    | **$0.00** |
    |---|

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ■ No
    ☐ Yes

Debtor    **Mountain Sports USA, LLC**                                    Case number *(If known)*  **24-11389**
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $597.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.........................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $597.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $597.00 |

| Fill in this information to identify the case: |
|---|

Debtor name    **Mountain Sports USA, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **24-11389**

☐ Check if this is an
amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

| 2. **List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

| 2.1 | **PNC Bank, National Association** | | | |
|---|---|---|---|---|

| | Creditor's Name | Describe debtor's property that is subject to a lien | **$30,974,251.70** | **Unknown** |
|---|---|---|---|---|

**300 Fifth Ave.
Floor 14
Attn: Ralph Mielnik
Pittsburgh, PA 15222**

Creditor's mailing address

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?

☑ No
☐ Yes

**Date debt was incurred**

Is anyone else liable on this claim?

☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

| 2.2 | VFI KR SPE I LLC | Describe debtor's property that is subject to a lien | **$1,942,185.05** | **Unknown** |
|---|---|---|---|---|

Creditor's Name

**Lockbox #6021
P.O. Box 5241
Denver, CO 80217-5241**

Creditor's mailing address

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?

☑ No
☐ Yes

**Date debt was incurred**

Is anyone else liable on this claim?

☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

Debtor  **Mountain Sports USA, LLC**                                    Case number (if known)    **24-11389**
_____
Name

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

---

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    | **$32,916,436.75** |

**Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Blank Rome LLP**<br>**130 N. 18th Street**<br>**Attn:  Christopher Manion**<br>**Philadelphia, PA 19103** | Line   **2.1** | |
| **VFI**<br>**27655 Middlebelt Road**<br>**Suite 150**<br>**Farmington, MI 48334** | Line   **2.2** | |

**Fill in this information to identify the case:**

Debtor name **Mountain Sports USA, LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) **24-11389**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $66,295.82 |
| --- | --- | --- | --- |

**Columbia Partners NH, LLC**
**C/o Chris Schmitz**
**161 Stillwell Lane**
**Laurel Hollow, NY 11791**

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $41.19 |
| --- | --- | --- | --- |

**North Conway Water Precinct**
**P.O. Box 630**
**104 Sawmill Lane**
**North Conway, NH 03860**

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $497.96 |
| --- | --- | --- | --- |

**White Mountain Oil & Propane**
**P.O. Box 690**
**North Conway, NH 03860-0690**

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |
| --- | --- |

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
| --- | --- | --- |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
| --- | --- |

5. Add the amounts of priority and nonpriority unsecured claims.

Debtor    **Mountain Sports USA, LLC**
          _____
          Name

Case number (if known)    **24-11389**
                          _____

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $      **0.00** |
| **5b. Total claims from Part 2** | 5b. + | $      **66,834.97** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $      **66,834.97** |

**Fill in this information to identify the case:**

Debtor name    **Mountain Sports USA, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **24-11389**

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
      ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
      ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
      (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1.    State what the contract or lease is for and the nature of the debtor's interest | **Lease for 1640 White Mountain Hwy, N. Conway New Hampshire** | |
| State the term remaining | **28** | |
| List the contract number of any government contract | | **Columbia Partners NH LLC c/0 Chris Schmitz 161 Stillwell Lane Laurel Hollow, NY 11791** |

**Fill in this information to identify the case:**

Debtor name    **Mountain Sports USA, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **24-11389**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**

*Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Bobs EMS Holdings LLC** | **160 Corporate Court**<br>**Meriden, CT 06450** | **PNC Bank, National Association** | ■ D   **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.2 | **Bobs Stores USA LLC** | **160 Corporate Court**<br>**Meriden, CT 06450** | **PNC Bank, National Association** | ■ D   **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.3 | **Bobs Stores USA LLC** | **160 Corporate Court**<br>**Meriden, CT 06450** | **VFI KR SPE I LLC** | ■ D   **2.2**<br>☐ E/F _____<br>☐ G _____ |
| 2.4 | **Mountain Sports LLC** | **160 Corporate Court**<br>**Meriden, CT 06450** | **PNC Bank, National Association** | ■ D   **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.5 | **Mountain Sports LLC** | **160 Corporate Court**<br>**Meriden, CT 06450** | **VFI KR SPE I LLC** | ■ D   **2.2**<br>☐ E/F _____<br>☐ G _____ |

Debtor **Mountain Sports USA, LLC** _____  Case number *(if known)* **24-11389**

---

█ **Additional Page to List More Codebtors**

**Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.**

*Column 1:* **Codebtor**  *Column 2:* **Creditor**

| | | | | | |
|---|---|---|---|---|---|
| 2.6 | **Mountain Sports USA LLC** | **160 Corporate Court Meriden, CT 06450** | **PNC Bank, National Association** | ■ D __**2.1**__  ☐ E/F ____  ☐ G ____ | |
| 2.7 | **Mountain Sports USA LLC** | **160 Corporate Court Meriden, CT 06450** | **VFI KR SPE I LLC** | ■ D __**2.2**__  ☐ E/F ____  ☐ G ____ | |
| 2.8 | **Roberts 50 USA LLC** | **160 Corporate Court Meriden, CT 06450** | **PNC Bank, National Association** | ■ D __**2.1**__  ☐ E/F ____  ☐ G ____ | |
| 2.9 | **Roberts 50 USA LLC** | **160 Corporate Court Meriden, CT 06450** | **VFI KR SPE I LLC** | ■ D __**2.2**__  ☐ E/F ____  ☐ G ____ | |
| 2.10 | **SDI Gift Card LLC** | **160 Corporate Court Meriden, CT 06450** | **PNC Bank, National Association** | ■ D __**2.1**__  ☐ E/F ____  ☐ G ____ | |
| 2.11 | **SDI Gift Card LLC** | **160 Corporate Court Meriden, CT 06450** | **VFI KR SPE I LLC** | ■ D __**2.2**__  ☐ E/F ____  ☐ G ____ | |
| 2.12 | **SDI Stores LLC** | **160 Corporate Court Meriden, CT 06450** | **PNC Bank, National Association** | ■ D __**2.1**__  ☐ E/F ____  ☐ G ____ | |
| 2.13 | **SDI Stores LLC** | **160 Corporate Court Meriden, CT 06450** | **VFI KR SPE I LLC** | ■ D __**2.2**__  ☐ E/F ____  ☐ G ____ | |

Debtor   **Mountain Sports USA, LLC**                                    Case number *(if known)*   **24-11389**

**Additional Page to List More Codebtors**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| *Column 1:* **Codebtor** | *Column 2:* **Creditor** |
| --- | --- |

**Fill in this information to identify the case:**

Debtor name     **Mountain Sports USA, LLC**

United States Bankruptcy Court for the:     DISTRICT OF DELAWARE

Case number (if known)     **24-11389**

☐ Check if this is an
amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          **04/22**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:**   **Income**

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   | --- | --- | --- |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   | --- | --- | --- |

**Part 2:**   **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
   | --- | --- | --- | --- |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   | --- | --- | --- | --- |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

Debtor    **Mountain Sports USA, LLC** _____    Case number (if known) 24-11389

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| **Part 4:** | **Certain Gifts and Charitable Contributions** |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

| **Part 5:** | **Certain Losses** |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | | |

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Debtor | **Mountain Sports USA, LLC** | Case number *(if known)* | 24-11389 |
| --- | --- | --- | --- |

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- | --- |
| 11.1. | **Goldstein & McClintock LLLP 111 W. Washington St. Suite 1221 Chicago, IL 60602** | | **5/28/24** | **$100,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? **Roberts 50 USA LLC** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- |

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
| --- | --- | --- | --- |

**Part 7:  Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
| --- | --- |

**Part 8:  Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |

**Part 9:  Personally Identifiable Information**

Debtor    **Mountain Sports USA, LLC**                    Case number *(if known)* 24-11389

16. **Does the debtor collect and retain personally identifiable information of customers?**

   ■ No.
   ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

   ■ No. Go to Part 10.
   ☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
   Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
   Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **Metropolitan Commercial Bank** | **XXXX-0211** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **7/28/2023** | **$0.00** |

19. **Safe deposit boxes**
   List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
   List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
   List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

| Debtor | Mountain Sports USA, LLC | Case number *(if known)* | 24-11389 |

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

   ■ No.
   ☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
   List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

   ■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
   ☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **RSM US LLP** **5155 PAYSPHERE CIRCLE** **CHICAGO, IL 60674** | |

   26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

   ☐ None

Debtor    **Mountain Sports USA, LLC** _____    Case number *(if known)*  **24-11389**

| Name and address | Date of service From-To |
|---|---|
| 26b.1.    **RSM US LLP**<br>**5155 PAYSPHERE CIRCLE**<br>**CHICAGO, IL 60674** | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    **RSM US LLP**<br>**5155 PAYSPHERE CIRCLE**<br>**CHICAGO, IL 60674** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    **PNC Bank, National Association**<br>**300 Fifth Ave.**<br>**Floor 14**<br>**Attn: Ralph Mielnik**<br>**Pittsburgh, PA 15222** |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ■ No
    ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Roberts 50 USA LLC** | **160 Corporate Court**<br>**Meriden, CT 06450** | **Member** | **100%** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

    ■ No
    ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

    ■ No
    ☐ Yes. Identify below.

Debtor    **Mountain Sports USA, LLC**
_____

Case number *(if known)*    **24-11389**

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| **Roberts 50 USA LLC** | EIN:    **xx-xxx3395** |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:**    **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 31, 2024**
_____

**/s/ David Barton**
_____
Signature of individual signing on behalf of the debtor

**David Barton**
_____
Printed name

Position or relationship to debtor    **Authorized Representative**
_____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes

## United States Bankruptcy Court
### District of Delaware

In re    **Mountain Sports USA, LLC**

Debtor(s)

Case No.    **24-11389**

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Roberts 50 USA, LLC<br>160 Corporate Ct<br>Meriden, CT 06450** | | **100%** | **Membership** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Authorized Representative** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **July 31, 2024**

Signature    **/s/ David Barton**

**David Barton**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders