## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Hearing Date: September 25, 2024 at 3:00 p.m. ET** |
| | ) | **Obj. Deadline: September 18, 2024 at 4:00 p.m. ET** |
| | ) | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors-in-possession (the "*Debtors*") hereby file this motion (the "*Motion*") pursuant to pursuant to sections 327, 328, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "*Bankruptcy Code*") for entry of an order: (i) authorizing the Debtors to retain and employ certain professionals used in the ordinary course of their businesses (each such professional, an "*Ordinary Course Professional*" and, collectively, the "*Ordinary Course Professionals*"), *nunc pro tunc* to June 18, 2024 (the "*Petition Date*"), (ii) approving certain procedures for the Debtors to retain and pay the reasonable fees earned and reimburse actual and necessary expenses incurred by such Ordinary Course Professionals, as set forth in detail herein, and (iii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The location of the Debtors' corporate headquarters is 160 Corporate Court, Meriden, CT 06450.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The statutory predicates for the relief requested herein are section 105(a), 327, 328 and 330 of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*").

4.      Pursuant to Local Rule 9013-1(f), the Debtors hereby consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

5.      The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*") in this Court on the Petition Date. The Debtors are authorized to continue operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

6.      On July 3, 2024, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "*Committee*") in these Cases [Docket No. 83] pursuant to section 1102 of the Bankruptcy Code.

7.      Additional information regarding the Debtors' businesses and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of David Barton in Support of First Day Motions* [Docket No. 21].

## RELIEF REQUESTED

8.      By this Motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A**, authorizing the Debtors to: (i) retain the Ordinary Course Professionals, *nunc pro tunc* to the Petition Date, in accordance with the OCP Procedures (as defined and

described below) without requiring (a) the submission of separate retention applications or (b) the entry of separate retention orders for each Ordinary Course Professional; and (ii) to compensate and reimburse the Ordinary Course Professional for post-petition services rendered, subject to certain limits set forth below and in accordance with the OCP Procedures, without the need for further Court approval.

9.      The Ordinary Course Professionals include attorneys, accountants, consultants, and other professionals who the Debtors employ in the ordinary course of their businesses on matters unrelated to these Chapter 11 Cases. An initial list of the Ordinary Course Professionals is annexed to the Proposed Order as **Exhibit 1**.

10.     It is essential that the Debtors be authorized to retain and compensate the Ordinary Course Professionals, many of whom have specialized expertise and are familiar with the Debtors, to avoid disruption of the Debtors' operations. The relief requested herein will save the Debtors the significant expense and time associated with individually retaining each Ordinary Course Professional and preparing individual interim and final fee applications for each Ordinary Course Professional. Accordingly, the Debtors submit that approval of the OCP Procedures (as defined below) is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

## THE OCP PROCEDURES

11.     By this Motion, the Debtors are requesting that the Court approve and authorize the following procedures for the retention and compensation of the Ordinary Course Professionals (the "*OCP Procedures*"):

> (a)      Within thirty (30) days after the later of (i) the entry of the order granting this Motion and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to the Debtors' attorneys a declaration, substantially in the form attached

to the Proposed Order as **Exhibit 2** (each an "*OCP Declaration*"), certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such Ordinary Course Professional is to be employed.

(b)      Upon receipt of an OCP Declaration, the Debtors shall file the same with the Court on the docket of the Debtors' Chapter 11 Cases and serve a copy on: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph F. Cudia (joseph.cudia@usdoj.gov); (ii) counsel to PNC Bank, NA, the Debtors' secured lender, Blank Rome, 1201 Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com) and (iii) counsel to the Committee, (a) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Jeffrey L. Cohen (jcohen@lowenstein.com); and (b) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Eric J. Monzo (emonzo@morrisjames.com); (collectively, the "*Notice Parties*").

(c)      If any party wishes to object to the retention of any Ordinary Course Professional, such party shall, within fourteen (14) days after the filing of the applicable OCP Declaration (the "*Retention Objection Deadline*"), file with the Court and serve on (i) the attorneys for the Debtors and (ii) the relevant Ordinary Course Professional (or its counsel, if known) (together, the "*Objection Recipients*") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection is filed and served on the Objection Recipients on or before the applicable Retention Objection Deadline, the Debtors shall be authorized to retain, compensate and reimburse the applicable Ordinary Course Professional in the manner provided for in these OCP Procedures without further order of the Court.

(d)      If an objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients on or before the applicable Retention Objection Deadline, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, then the matter shall be scheduled for adjudication by the Court at the next scheduled hearing in these Chapter 11 Cases.

(e)      No Ordinary Course Professional shall be paid any amount for invoiced fees or expenses until such Ordinary Course Professional has been retained in accordance with these OCP Procedures.

(f)      In accordance with these OCP Procedures, the Debtors will be authorized to retain any Ordinary Course Professional and to compensate and reimburse such Ordinary Course Professional, without further application to the Court, in an amount equal to 100% of the post-petition fees earned and 100% of the post-petition expenses incurred by such Ordinary Course Professional in connection with its services to the Debtors upon the submission to, and approval by, the

Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the expenses actually incurred by the Ordinary Course Professional (without prejudice to the Debtors' rights to dispute any such invoice); provided, however, that total compensation, excluding costs and disbursements, shall not exceed $20,000 per month on average over a rolling three-month period (the "*OCP Cap*"). The OCP Caps may be increased by mutual agreement between the Debtors and the Notice Parties; provided, however, that the Debtors shall file a notice with the Court of any such agreed increase.

(g)     If any Ordinary Course Professional's fees exceed the applicable OCP Cap during these Chapter 11 Cases, (i) the Debtors may pay the Ordinary Course Professional's fees up to the applicable OCP Cap; and (ii) the Ordinary Course Professional shall be required to file with the Court a fee application, to be heard on notice, on account of the fees in excess of the applicable OCP Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these Chapter 11 Cases.

(h)     No later than October 31, 2024 with respect to the period from June 18, 2024 to and including September 30, 2024, and within thirty (30) days after the end of, and with respect to, each subsequent three-month period thereafter, the Debtors shall file with the Court and serve on the Notice Parties a statement certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; and (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional.

(i)     If the Debtors seek to retain an Ordinary Course Professional not listed on Exhibit 1 to the Proposed Order, the Debtors will file with the Court and serve on the Notice Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (each an "*OCP Supplement*"), along with the corresponding OCP Declarations.

(j)     If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP Supplement, such party shall, within fourteen (14) days after the filing of the applicable OCP Supplement (the "*OCP Supplement Objection Deadline*"), file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If an objection to the retention of an Ordinary Course Professional listed on an OCP Supplement is timely filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the OCP Supplement Objection Deadline, then the matter shall be scheduled for adjudication by the Court at the next scheduled hearing in these Chapter 11 Cases.

(k)     If no objection to the retention of an Ordinary Course Professional listed on an OCP Supplement is timely filed and served on the Objection Recipients, the Debtors shall be authorized to retain, compensate and reimburse the applicable Ordinary Course Professional in the manner provided for in these OCP Procedures without further order of the Court.

12.     The Debtors also request that, if an Ordinary Course Professional held a retainer from the Debtors as of the Petition Date, such Ordinary Course Professional be authorized to apply such retainer amounts (a) first, to any unpaid prepetition fees and expenses and (b) second, to post-petition fees and expenses, subject in all respects to the OCP Procedures.

## BASIS FOR RELIEF

13.     Pursuant to section 327(a) of the Bankruptcy Code, court approval is required for the employment of "professional persons," retained to represent or perform services of the estate. 11 U.S.C. § 327(a). In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, and therefore must be retained by express approval of the Court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g.*, *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtors' estate.").

14.     In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

(a)     whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

(b)     whether the entity is involved in negotiating the terms of a plan of reorganization;

(c)     whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d)     whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e)     the extent of the entity's involvement in the administration of the debtor's estate; and

(f)     whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See*, *e.g.*, *In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (authorizing the debtor to retain an environmental consultant in the ordinary course of business); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 of the Bankruptcy Code approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

15.     Considering the foregoing, the Debtors submit that the Ordinary Course Professionals are not "professionals" whose retention must be approved by the Court within the meaning of section 327(a) of the Bankruptcy Code. In particular, the Ordinary Course Professionals will not be involved in conducting the Debtors' Chapter 11 Cases, but instead will principally provide services in connection with the Debtors' ongoing operations that are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors are seeking the relief requested in this Motion to establish clear procedures for the retention and compensation of the Ordinary Course Professionals who will provide post-

petition services.

16.     The Debtors submit that the retention of the Ordinary Course Professionals and the payment of compensation on the basis set forth herein is in the best interests of the Debtors' estates. While generally the Ordinary Course Professionals wish to represent the Debtor on an ongoing basis, given the small amount of fees at stake, they might be unwilling to do so if they may be paid only through a formal application process. Furthermore, the procedures outlined herein will relieve this Court, the United States Trustee for this District, and other stakeholders of the burden of reviewing numerous fee applications involving the Ordinary Course Professionals.

17.     Moreover, if the expertise and background knowledge of the Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date are lost, the Debtors will be forced to retain another professional and the estates will incur additional and unnecessary expenses as a result. It is in the best interests of the Debtors' estates to avoid any disruption in the professional services required to maintain the value of the Debtors' assets.

18.     Although some of the Ordinary Course Professionals may hold relatively small unsecured claims against the Debtors in connection with services provided to the Debtors before the Petition Date, the Debtors do not believe that any of the Ordinary Course Professionals holds any interest adverse to the Debtors or their estates with respect to the matter(s) on which it is to be employed. In any event, the OCP Procedures require that each Ordinary Course Professional submit a Declaration as to the nature of its interests and be subject to a reasonable objection period before becoming eligible for compensation by the Debtors.

19.     The proposed procedures set forth herein will not apply to those professionals for whom the Debtors have filed separate applications for approval of employment.

20.     Courts in this district have approved relief similar to the relief requested in this Motion. *See*, *e.g.*, *In re Yellow Corporation*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 20, 2023); *In re Mattress Firm, Inc.*, No. 18-12241 (CSS) (Bankr. D. Del. Nov. 7, 2018); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. May. 23, 2018); *In re Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del. Mar. 6, 2018); *In re Se. Grocers, LLC*, No. 18-10700 (MFW) (Bankr. D. Del. Apr. 23, 2018); *In re Altegrity, Inc.*, No. 15-10226 (LSS) (Bankr. D. Del. Mar. 16, 2015); *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. June 3, 2014); *In re Boy Scouts of America, et al.,* No. 20-10343 (LSS) (Bankr. D. Del. April 7, 2020) (authorizing multiple tiers of ordinary course professional monthly fee limits).

21.     For the reasons set forth herein, the Debtors submit that the relief requested herein is appropriate and should be granted.

## <u>NOTICE</u>

22.     Notice of this Motion has been given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

23.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors request that this Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein, and such other and further relief as it deems is just and proper under the circumstances.

Dated: September 3, 2024

Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: /s/ Maria Aprile Sawczuk
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

-and-

Matthew E. McClintock, Esq. (admitted *pro hac vice*)
Amrit Kapai, Esq (admitted *pro hac vice*)
William Thomas, Esq. (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
mattm@goldmclaw.com
amritk@goldmclaw.com
willt@goldmclaw.com

*Counsel for the Debtors and Debtors-in-Possession*