**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) Case No. 24-11385 (MFW) |
| | ) (Jointly Administered) |
| Debtors. | ) Related to Docket No. 800 |
| | ) Hearing Date: October 29, 2025, 11:30 a.m. (ET) |
| | ) Obj. Deadline: October 22, 2025, 4:00 p.m. (ET) |

**MOTION FOR ENTRY OF ORDER: (I) APPROVING THE COMBINED DISCLOSURE
STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES
ONLY; (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE
STATEMENT AND PLAN; (III) APPROVING THE FORM OF BALLOTS AND
SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE;
(V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE
ADEQUACY OF DISCLOSURES IN, AND CONFIRMATION OF, THE COMBINED
PLAN AND DISCLOSURE STATEMENT; AND (VI) GRANTING RELATED RELIEF**

Mountain Sports LLC and certain of its affiliates (the "*Debtors*"), as Debtors and Debtors

in possession in the above-captioned bankruptcy cases (these "*Chapter 11 Cases*"), and the

Official Committee of Unsecured Creditors (the "*Committee*," and together with the Debtors, the

"*Plan Proponents*") hereby jointly submit this motion (the "*Motion*"),[2] pursuant to sections 105,

1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

"*Bankruptcy Code*"), Rules 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy

Procedure (the "*Bankruptcy Rules*"), and Rules 3017-1 and 3017-2 of the Local Rules for the

United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), for entry of an

order substantially in the form attached hereto as **Exhibit A** (the "*Interim Approval and*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

[2]    All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Combined Disclosure Statement & Plan (defined below).

*Procedures Order*”): (i) approving the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and the Official Committee of Unsecured Creditors Dated October 8, 2025* [D.I. 800] (the “*Combined Disclosure Statement & Plan*”) on an interim basis for solicitation purposes only; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement & Plan, as set forth in **Annex 1** to the Interim Approval and Procedures Order; (iii) approving the form of ballots and solicitation packages; (iv) establishing the voting record date as October 29, 2025 (the “*Voting Record Date*”); (v) scheduling a combined hearing for final approval of the adequacy of disclosures in, and the confirmation of, the Combined Disclosure Statement & Plan; and (vi) granting related relief. In support of the Motion, the Debtors state as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 3016, 3017, 3018, 3020, and 9006; and Local Rules 3017-1 and 3017-2.

## BACKGROUND

### I.    General Background

3.    On June 18, 2024 (the “*Petition Date*”), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the “*Court*”), thereby commencing these Chapter 11 Cases. The Debtors are

functioning as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. A detailed description of the Debtors and their businesses and the facts and circumstances supporting the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of David Barton in Support of First-Day Motions* [D.I. 21] filed on June 20, 2024, and is incorporated herein by reference.

II. **Material Events in the Chapter 11 Cases**

5. Shortly after the Petition Date, the Debtors sought various types of "first day" relief intended to facilitate the transition of the Debtors' business operations into Chapter 11. The Bankruptcy Court entered several "first day" orders (and later final orders, where appropriate), which authorized, among other things:

    a. joint administration of the Chapter 11 Cases for procedural purposes [D.I. 34];

    b. the maintenance of the Debtors' existing bank accounts and business forms and the operation of the Debtors' existing cash management system [D.I. 41, 133];

    c. the establishment of procedures for requesting additional adequate assurance and prohibiting the Debtors' utility companies from altering, refusing or discontinuing service [D.I. 40, 156];

    d. the appointment of Epiq as the Debtors' claims and noticing agent [D.I. 71];

    e. the payment of certain prepetition sales and use taxes [D.I. 43, 136];

    f. the payment of certain prepetition employee wages, benefits and other obligations [D.I. 38, 132]; and

    g. the continuance of certain customer programs [D.I. 72, 249].

6. To assist the Debtors in carrying out their duties as debtors in possession, and to represent their interests in the Chapter 11 Cases, the Debtors obtained Bankruptcy Court approval to retain Goldstein & McClintock LLLP as general bankruptcy counsel [D.I. 217], and Silverman

Consulting as financial advisor [D.I. 237]. The Debtors also obtained approval to employ certain ordinary course professionals [D.I. 146].

7.     On July 3, 2024, the Office of the U.S. Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 83]. The Committee is comprised of five (5) members: (i) Amer Sports Winter and Outdoor Co.; (ii) Ariat International, Inc.; (iii) Marmot Mountain LLC; (iv) Oboz Footwear LLC; and (v) VF Corp.

8.     To represent their interests, the Committee obtained Bankruptcy Court approval to retain Lowenstein Sandler LLP as co-counsel to the Committee [D.I. 206], Morris James LLP as co-counsel to the Committee [D.I. 207], and Emerald Capital Advisors as financial advisor for the Committee [D.I. 190].

9.     The Debtors and PNC Bank, National Association ("*PNC*") disagreed as to the best way to pay off PNC's debt, and as a result, when the Debtors commenced these Chapter 11 Cases, they had no agreement with PNC regarding the use of cash collateral.  As a result, the outset of the Chapter 11 Cases was largely consumed by disputes between the Debtors and PNC and a series of short-term, interim measures.  Initially, to avoid an immediate shutdown of the Debtors' operations, the Court entered two interim orders allowing the use of cash collateral [D.I. 45, 80].

10.     On June 21, 2024, the Debtors filed a *Declaration of David Barton in Support of Cash Collateral Motion* [D.I. 27], testifying that the Debtors had approximately $37.27 million in gross inventory on a cost basis, and that a hybrid approach may be better served than a strict wind-down.

11.     On June 24, 2024 the Debtors filed *Debtors' Motion For Entry of An Interim and Final Order (A) Authorizing The Debtors to Enter into the Disposition Agreement; (B) Authorizing and Approving the Sale of Inventory and Other Assets Free and Clear Of All Liens, Claims, and*

*Encumbrances; and (C) Granting Related Relief* [D.I. 55] (the "*GOB Sale Motion*") to authorize of substantially all of Debtors' inventory under Section 363(f) of the Bankruptcy Code.

12. On July 31, 2024, after the Debtors resolved objections from certain creditors, the Court issued a final Order [D.I. 215] (the "*GOB Sale Order*") allowing the Debtors to conduct store closing sales and to liquidate their inventory to satisfy the claims of PNC and other creditors (the "*GOB Sale*").

13. Concurrently, on July 15, 2024, the Debtors filed a *Motion by the Debtors and the Official Committee of Unsecured Creditors for Orders (I) (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving the Form and Manner of Notice of the Sale and Bid Deadlines, (C) Authorizing the Debtors to Select a Stalking Horse Bidder and Enter Into a Purchase Agreement with Such Bidder Providing for Certain Bid Protections, (D) Approving (1) Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases and (2) the Form and Manner of Notice Thereof, (E) Scheduling the Auction and the Hearing to Consider Approval of the Sale, (F) Authorizing the Committee to Run the Sale Process with the Debtors' Assistance and (G) Granting Related Relief and (II) (A) Approving the Sale of the Assets, Free and Clear of All Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [D.I. 116] (the "*Go-Forward Sale Motion*").

14. The Court entered the *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Approving the Form and Manner of Notice of the Sale and Bid Deadlines, (III) Authorizing the Debtors to Select a Stalking Horse Bidder and Enter Into a Purchase Agreement with such Bidder Providing for Certain Bid Protections, (IV) Approving (A) Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases and*

*(B) the Form and Manner of Notice Thereof, (V) Scheduling the Auction and the Hearing to Consider Approval of the Sale, (VI) Authorizing the Committee to Run the Sale Process with the Debtors' Assistance and (VII) Granting Related Relief* [D.I. 172] (the "*Bidding Procedures Order*"), which set a deadline for the indication of interest by August 2, 2024, a bid deadline of August 20, 2024, an Auction on August 22, 2024, and a deadline to close a sale by August 30, 2024.

15.      On August 29, 2024 the Court entered the *Order (A) Authorizing the Sale of Assets, Free and Clear of All Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 302] (the "*Sale Order*") authorizing the sale of substantially all of the Debtors assets to Mountain Warehouse Limited (the "*Go-Forward Sale*" and collectively with the GOB Sales, the "*Sales*"). The sale closed on August 30, 2024, and resulted in the transfer of seven (7) operating locations to Mountain Warehouse Limited.

16.      The Debtors concluded the GOB Sales with respect to all of their remaining locations on September 30, 2024, and rejected all remaining real property leases.

## III.      The Combined Disclosure Statement & Plan

17.      Contemporaneously herewith, the Plan Proponents have jointly filed the Combined Disclosure Statement & Plan. The Plan Proponents seek a combined hearing on the Combined Disclosure Statement & Plan in accordance with Local Rule 3017-2. The Plan Proponents seek to proceed under Local Rule 3017-2 for the following reasons:

a.      Substantially all of the Debtors' assets were sold through the Sales;

b.      The Combined Disclosure Statement & Plan provides for the Debtors' payment of administrative claims, U.S. Trustee Fees, and priority tax claims, among other things, in accordance with the terms of the Combined Disclosure Statement & Plan and the priority of Claims provisions of the Bankruptcy Code, out of the remaining proceeds realized from the Sales;

6

    c.     The Combined Disclosure Statement & Plan complies with section 1129(a)(9) of the Bankruptcy Code; and

    d.     The Plan Proponents seek the approval of the Combined Disclosure Statement & Plan for solicitation purposes only, authorizing the Plan Proponents to solicit general unsecured creditors, whose claims are in the only two classes entitled to vote to accept or reject the Plan.

18. Moreover, the Plan Proponents propose the Combined Disclosure Statement & Plan because they believe that the Combined Disclosure Statement & Plan provides the most efficient means to conclude these Chapter 11 Cases. As the Debtors have minimal funds to exit these Chapter 11 Cases, the Plan Proponents hope to provide an efficient and judicially economical process for confirming their plan while minimizing unnecessary administrative costs and maximizing returns to claimholders.

19. As further described in the Combined Disclosure Statement & Plan, the Liquidating Trust will be funded with sufficient assets to, among other things, pay all administrative claims in full and make a small distribution to general unsecured creditors. The amount of such distribution will heavily depend on the prosecution of, and the Liquidating Trust's recovery related to, the Retained Causes of Action.

## RELIEF REQUESTED

20. Through this Motion, the Plan Proponents seek interim approval of the Combined Disclosure Statement & Plan and to schedule a final, Combined Hearing at which time the Plan Proponents will seek final approval of the Disclosure Statement and confirmation of the Plan. Specifically, the Plan Proponents seek entry of the Interim Approval and Procedures Order: (a) approving the Combined Disclosure Statement & Plan on an interim basis and for solicitation purposes only; (b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement & Plan; (c) approving the form of ballots and

solicitation packages; (d) establishing the Voting Record Date; (e) scheduling the Combined Hearing; and (f) granting related relief.

**BASIS FOR RELIEF**

**I.    Approval of the Combined Disclosure Statement & Plan**

   *A.    Adequacy of Information*

21.    Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the court as containing "adequate information" prior to solicitation or acceptances or rejections of a plan. 11 U.S.C. § 1125(b). "Adequate information" is defined in the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a). The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders need to make an informed decision regarding voting on the plan. *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."). Therefore, the Combined Disclosure Statement & Plan, as a whole, must provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the Combined Disclosure Statement & Plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321-22 (3d Cir. 2003). Essentially, the Combined Disclosure Statement & Plan "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

22.     In evaluating whether a disclosure statement provides "adequate information," courts adhere to section 1125 of the Bankruptcy Code's instruction that making such determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the court. *See* 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors and the condition of the Debtors's books and records . . . .") (emphasis added); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("The general language of the statute and its surrounding legislative history make clear that [t]he determination of what is adequate information is subjective and made on a case-by-case basis. This determination is largely within the discretion of the bankruptcy court.") (internal quotation marks and citations omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("Case law points out that ["adequate information"] is an intentionally flexible standard as adequacy is determined on a case-by-case basis."); S. REP. NO. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

23.     The Combined Disclosure Statement & Plan provides, among other things, a summary of the Chapter 11 Cases, the Debtors' assets and liabilities, and an estimate of distributions to the holders of Allowed Claims. Specifically, the Combined Disclosure Statement & Plan contains the pertinent information necessary for holders of eligible claims to make an informed decision about whether to vote to accept or reject the Combined Disclosure Statement & Plan, including, among other things, information regarding:

a.    an overview of the major events that occurred prior to, and during the course of, the Chapter 11 Cases, including the Sales;

b.    a summary of the classification and treatment of all classes of claims and interests;

c.    the provisions governing distributions under the Combined Disclosure Statement & Plan; and

d.    the means for implementation of the Combined Disclosure Statement & Plan.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Phoenix Petroleum Co.,* 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (citing factors that courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (recognizing same).

24.    The Plan Proponents respectfully submit that the Combined Disclosure Statement & Plan complies with all aspects of section 1125 of the Bankruptcy Code. However, at the hearing on this Motion—which is scheduled for October 29, 2025 at 11:30 a.m. (ET)—the Plan Proponents seek only interim approval of the Combined Disclosure Statement & Plan for solicitation purposes. At the Confirmation Hearing, the Plan Proponents will demonstrate on a final basis that the information set forth therein contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

**B.    *Notice to Consider the Combined Disclosure Statement and Plan***

25.    Bankruptcy Rule 3017(a) requires "notice to the Debtors, creditors, equity security holders and other parties in interest to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. P. 3017(a). Local Rule 3017-2(c)(i) provides that notice of a motion to seek interim approval of a combined disclosure statement and plan may be limited to

10

the Office of the United States Trustee for Region 3 (the "*U.S. Trustee*"), the Debtors' twenty (20) largest unsecured creditors, and all parties that request notices under Bankruptcy Rule 2002.

26.     The Plan Proponents submit that it is appropriate and cost-effective to limit notice of their request to consider the adequacy of information contained in the Combined Disclosure Statement and Plan otherwise required under Bankruptcy Rule 3017(a).

27.     The Plan Proponents intend to serve a copy of this Motion, the proposed Interim Approval and Procedures Order, and a copy of the Combined Disclosure Statement and Plan on: (a) the U.S. Trustee; (b) the Debtors' twenty (20) largest unsecured creditors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.

28.     The Plan Proponents respectfully submit that such notice is good and sufficient notice of this Motion, the Interim Approval and Procedures Order and the Combined Disclosure Statement & Plan, because: (a) approval of the Combined Disclosure Statement & Plan is being sought for solicitation purposes only; and (b) all creditors and parties in interest will, separately, receive notice of the Combined Hearing and, in connection with that hearing, will have the right to object to the adequacy of the information contained in the Combined Disclosure Statement & Plan. As such, no creditor or party in interest will be prejudiced by the limited notice set forth herein. Finally, given the finite resources available to the Debtors, the Plan Proponents believe that limiting notice to consider the Combined Disclosure Statement and Plan will reduce unnecessary administrative expenses for the benefit of the Debtors' claimholders.

29.     Local Rule 3017-2 also provides that: (a) the Combined Hearing must be at least 45 days after the date of the entry of the Interim Approval and Procedures Order; (b) the deadline to object to the Combined Plan & Disclosure Statement must be at least 38 days after the date of the entry of the Interim Approval and Procedures Order; and (c) any plan supplement must be filed

at least seven days prior to the earlier of (i) the deadline for the submission of ballots and (ii) the deadline to object to confirmation of the Combined Plan and Disclosure Statement. The Plan Proponents submit that the relief requested herein complies with Local Rule 3017-2.

## II.    Forms of Ballots, Notice of Non-Voting Status, and Combined Hearing Notice

30.    In addition to approval of the Combined Disclosure Statement and Plan, the Plan Proponents seek approval of the following annexes attached to the Interim Approval and Procedures Order:

| Exhibit Number | Exhibit Name |
|---|---|
| Annex 1 | Tabulation Procedures |
| Annex 2 | Combined Hearing Notice |
| Annex 3 | Notice of Non-Voting Status |
| Annex 4 | Ballot – Class 2 Unsecured Creditor Claims |
| Annex 5 | Ballot – Class 3 Insider Claims |
| Annex 6 | Plan Summary |

31.    The Plan Proponents also seek this Court's approval of the following proposed timeline of events for the remainder of these Chapter 11 Cases (the "*Proposed Timeline*"):

| Event | Date or Deadline (all times EDT) |
|---|---|
| Voting Record Date | October 29, 2025 |
| Date Solicitation Will Commence | No later than three (3) business days after order approving solicitation procedures is entered |
| Deadline to File Rule 3018 Motions | November 14, 2025, at 4:00 p.m. |
| Plan Supplement Deadline | November 24, 2025 |

| | |
|---|---|
| Deadline to Object to Rule 3018 Motions | December 1, 2025, at 4:00 p.m. |
| Voting Deadline | December 1, 2025, at 4:00 p.m. |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Information | December 1, 2025, at 4:00 p.m. |
| Deadline to File Confirmation Brief | December 5, 2025, at 4:00 p.m. |
| Combined Hearing (including 3018 Motions) | December 10, 2025, at 10:30 a.m. |

### A.    *Form of Ballots*

32.    Pursuant to the Combined Disclosure Statement and Plan, the Plan Proponents have created the following five separate Classes of Claims or Interests:

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Not Impaired | Deemed to Accept |
| 2 | General Unsecured Claims | Impaired | Entitled to Vote |
| 3 | Insider Claims | Impaired | Entitled to Vote |
| 4 | Intercompany Claims | Impaired | Deemed to Reject |
| 5 | Equity Interest Holders | Impaired | Deemed to Reject |

33.    In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Plan Proponents propose to mail to the holders of Claims (the "*Claimholders*") entitled to vote on the Combined Disclosure Statement & Plan the form ballots attached to the Interim Approval and Procedures Order as **Annex 4** for Class 2 Unsecured Creditor Claims and **Annex 5** for Class 3 Insider Claims (together, the "*Ballots*"). The Ballots are substantially similar to Official Form No. 314 but has been modified to be consistent with the specific provisions of the Combined Disclosure Statement & Plan and the facts of these Chapter 11 Cases. The instructions for completion of the Ballots are included in the Ballots and are summarized in Article IV of the Combined Disclosure Statement & Plan. The Plan Proponents propose to distribute the appropriate form of Ballot to the Claimholders in Class 2 (General Unsecured Claims) and Class 3 (Insider Claims) (the "*Voting Classes*"), the only class of claims entitled to vote on the Combined Disclosure Statement & Plan.

34.     The Plan Proponents respectfully submit that the proposed Ballots are appropriately tailored to the Combined Disclosure Statement & Plan and comply with Bankruptcy Rules 3017 and 3018. Accordingly, by this Motion, the Plan Proponents request that this Court approve the proposed Ballots.

### B.     Notice of Non-Voting Status

35.     The Voting Classes are the only classes entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement & Plan. Claimholders in Class 1 (Priority Non-Tax Claims) (the "*Unimpaired Classes*") are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code, and the claimholders in Class 4 (Intercompany Claims) and equity interest holders in Class 5 (together with the Unimpaired Class, the "*Non-Voting Classes*") are conclusively presumed to have rejected the Combined Disclosure Statement & Plan in accordance with section 1126(g) of the Bankruptcy Code.

36.     Accordingly, the Plan Proponents submit that they should not be required to transmit Solicitation Packages (as defined below) to parties in the Non-Voting Classes. Instead, the Plan Proponents propose to distribute or cause to be distributed via mail (or email, to the extent available) to the Non-Voting Classes: (i) a notice substantially in the form attached to the Interim Approval and Procedures Order as **Annex 3** (the "*Notice of Non-Voting Status*"); and (ii) a summary of the Combined Disclosure Statement & Plan substantially in the form attached to the Interim Approval and Procedures Order as **Annex 6** (the "*Plan Summary*").

### C.     Combined Hearing Notice for Voting Classes and Non-Voting Classes

37.     The Plan Proponents propose to serve on all creditors and interest holders notice of the Combined Hearing, substantially in the form attached to the Interim Approval and Procedures

Order as **Annex 2** (the "*Combined Hearing Notice*"), within five (5) Business Days after entry of the Interim Approval and Procedures Order.

38.     The Plan Proponents propose that, consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Plan Proponents will serve a Notice of Non-Voting Status and the Combined Hearing Notice on the Non-Voting Classes rather than hard copies of the Combined Disclosure Statement & Plan approved on an interim basis provided, however, that the Plan Proponents shall provide copies of the Combined Disclosure Statement & Plan to parties in the Non-Voting Classes upon request.

### D.     Solicitation Packages for Voting Classes

39.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement, including the court-approved disclosure statement, the plan or a court-approved summary thereof, notice of the deadline for voting on the plan, any other information as the court may direct, and a ballot for those entitled to vote on the plan. Fed. R. Bankr. P. 3017(d).

40.     In accordance with Bankruptcy Rule 3017(d), the Plan Proponents propose that, no later than three (3) days after the Order approving solicitation procedures is entered, the Plan Proponents will email (to the extent possible) or mail the following materials to all Claimholders in the Voting Classes (collectively, the "*Solicitation Package*"): (a) the Combined Hearing Notice; (b) the Combined Disclosure Statement & Plan; (c) a copy of the Interim Approval and Procedures Order; (d) the Tabulation Procedures (defined below); and (e) the Ballots.

41.     The Plan Proponents shall, in their own discretion, cause the Solicitation Package to be provided in electronic or downloadable format, as applicable. The Plan Proponents believe that email service of the Solicitation Package, where available, will provide the most effective and

efficient means of notice to Claimholders, and will provide hard copies to Claimholders upon request.

### E.       Voting Deadline for Receipt of Ballots

42.       Bankruptcy Rule 3017(c) provides, "On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c). The Plan Proponents anticipate commencing the plan solicitation period by emailing (where possible) or mailing the Solicitation Packages, including Ballots to the Voting Class, by no later than three (3) days after the Order approving solicitation procedures is entered. Based on this schedule, the Plan Proponents propose that all Ballots being cast must be properly executed, AND returned either by: (a) first-class mail (using the reply envelope provided or otherwise), (b) overnight courier, or (c) personal delivery; in each such case to the following address:

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Mountain Sports, LLC<br>c/o Epiq Ballot Processing<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Mountain Sports, LLC<br>c/o Epiq Ballot Processing<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

The Ballots must be ACTUALLY RECEIVED NO LATER THAN 4:00 P.M. (PREVAILING EASTERN TIME) ON **December 1, 2025**, or as such deadline may be extended by the Plan Proponents in their discretion in writing, even if the voting period has previously elapsed (the "*Voting Deadline*"). This date, in accordance with Local Rule 3017-2(d)(ii), gives Claimholders in the Voting Class sufficient time to review the Solicitation Package and vote, and provides the Plan Proponents with enough time to tabulate the Ballots and address any issues raised in the voted Ballots prior to the Combined Hearing.

43.     Upon completion of balloting, the Plan Proponents will certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Combined Disclosure Statement & Plan. The Plan Proponents will file a voting report, which shall be prepared by the Plan Proponents after the Voting Deadline expires and prior to the Combined Hearing.

### F.     *Tabulation Procedures*

44.     The Plan Proponents propose that the procedures set forth on **Annex 1** to the Interim Approval and Procedures Order be utilized in tabulating the votes to accept or reject the Combined Disclosure Statement & Plan (the "*Tabulation Procedures*"). The Tabulation Procedures will be included in the Solicitation Packages.

### G.     *Temporary Allowance of Claims*

45.     The Plan Proponents propose that any Claimholder that seeks temporary allowance of its Claim for voting purposes, or seeks to challenge the temporary allowance of its Claim for voting purposes based on the Tabulation Procedures, be required to file a motion pursuant to Bankruptcy Rule 3018(a)(4) for an order temporarily allowing its Claim or allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement & Plan (a "*Rule 3018 Motion*"). The Plan Proponents propose that: (i) all Rule 3018 Motions be filed and served on the Plan Proponents **no later than 4:00 p.m. (Prevailing Eastern Time) on November 14, 2025 (the "*Rule 3018(a) Motion Deadline*")**; (ii) any response to any Rule 3018 Motions be filed and served **no later than 4:00 p.m. (Prevailing Eastern Time) on December 1, 2025, at 4:00 p.m.** (the "*Deadline to Object to Rule 3018 Motions*")**; and (iii) the Plan Proponents will coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Hearing. In accordance with Bankruptcy Rule 3018, the Plan Proponents further propose that any Ballot submitted by a Claimholder that files a Rule 3018

Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying Claim is temporarily Allowed by this Court for voting purposes in a different amount, after notice and a hearing.

### H.    Combined Hearing, Objections to Confirmation, and Notice

46.    Bankruptcy Rule 3017(c) provides that, on or before the approval of a disclosure statement, a court "may fix the date for the hearing on confirmation."   Section 105 of the Bankruptcy Code expressly authorizes the Bankruptcy Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically."  11 U.S.C. § 105(d)(2)(B)(vi); *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009). Local Rule 3017-2(a) sets forth the conditions under which a combined hearing is ordinarily permissible. As set forth in above, all of the conditions set forth in Local Rule 3017-2(a) are met in these Chapter 11 Cases.

47.    Courts in this jurisdiction have approved combined hearings for approval of disclosure statements and confirmation of plans in a variety of chapter 11 cases. *See, e.g.*, *In re Synthego Corporation*, Case No. 25-10823 (MFW) (Bankr. D. Del. June 26, 2025); *In re Bedmar, LLC*, Case No. 25-11027 (JKS) (Bankr. D. Del. June 12, 2025); *In re Tupperware Brands Corporation*, Case No. 24-12156 (BLS) (Bankr. D. Del. Mar. 7, 2025); *In re Mist Holdings, Inc.*, Case No. 24-10245 (JTD) (Bankr. D. Del. May 8, 2024); *In re Agway Farm & Home Supply, LLC*, Case No. 22-10602 (JTD) (Bankr. D. Del. Aug. 29, 2023); *In re THG Holdings, LLC*, Case No.

18

19-11689 (JTD) (Bankr. D. Del. April 25, 2019); *In re CSH Winddown, Inc.*, Case No. 18-11272 (LSS) (Bankr. D. Del. Nov. 29, 2018); *In re Venoco LLC*, Case No. 17 10828 (KG) (Bankr. D. Del. May 23, 2018); *In re TerraVia Holdings, Inc.*, Case No. 17-11655 (CSS) (Bankr. D. Del. Nov. 16, 2017); *In re Nuo Therapeutics, Inc.*, Case No. 16-10192 (MFW) (Bankr. D. Del. Mar. 29, 2016); *In re RadioShack Corporation,* Case No. 15-10197 (BLS) (Bankr. D. Del. June 26, 2015).

48.     Accordingly, the Plan Proponents respectfully request that a combined hearing on Confirmation of the Combined Disclosure Statement & Plan, including final approval of the adequacy of the disclosures contained therein (the "*Combined Hearing*"), be set for December 10, **2025 at 10:30 a.m. (Eastern Daylight Time)** (subject to the Court's availability). The Plan Proponents submit that a combined hearing will streamline and expedite the Confirmation process, reduce administrative expenses that would necessarily be incurred by using a two-step process over the course of several months and ultimately benefit all stakeholders.

49.     To maintain the Plan Proponents' Proposed Timeline, the Plan Proponents request that objections to Confirmation of the Combined Disclosure Statement & Plan, (a) comply with the Bankruptcy Rules and the Local Rules, and (b) be filed with the Court and served upon the Notice Parties specified in the Notice of Combined Hearing in each case, **so that they are received by no later than December 1, 2025 at 4:00 p.m. (Prevailing Eastern Time) (the "*Confirmation Objection Deadline*")**. The Plan Proponents shall file their memorandum of law in support of confirmation, including a reply to any such objections, and any party supporting Confirmation and approval of the Combined Disclosure Statement & Plan may, in such party's discretion, file a reply to any such objections, on or before **December 5, 2025.**

50.     Bankruptcy Rule 2002(b) requires the Plan Proponents to provide notice to all creditors and parties in interest of the Confirmation Objection Deadline and the hearing on final approval of the Combined Disclosure Statement & Plan at least 28 days prior thereto. Moreover, Local Rule 3017-2(c)(iii) provides that the Combined Hearing "will not occur earlier than forty-five (45) days after entry of an order scheduling the combined hearing to consider the final approval of the adequacy of the disclosure statement and confirmation of the plan of liquidation." Additionally, Bankruptcy Rule 2002(d) requires that equity security holders be given notice of these matters in the manner and form directed by the Bankruptcy Court. The Plan Proponents intend to comply with these Bankruptcy Rule notice requirements.

51.     The Plan Proponents will: (a) serve all Claimholders with a copy of the Combined Hearing Notice; (b) serve each Claimholder in the Voting Classes with a Solicitation Package (including an appropriate Ballot); and (c) serve each of the holders of Claims and interests in the Non-Voting Classes with a copy of the Notice of Non-Voting Status. The Plan Proponents also will serve the Combined Hearing Notice on: (i) the U.S. Trustee; (ii) all entities that are party to executory contracts and unexpired leases with the Debtors; (iii) all entities that are parties to litigation against the Debtors; (iv) all current and former employees, directors and officers (to the extent that contact information for former employees, directors and officers is available in the Debtors' records); (v) all regulatory authorities that regulate the Debtors' business; (vi) the Office of the Attorney General for the State of Delaware; (vii) the Internal Revenue Service and any other taxing authorities for the jurisdictions in which the Debtors maintained or conducted business; and (viii) all parties who filed a request for service of notices under Bankruptcy Rule 2002. As set forth above, the Plan Proponents will use their best efforts to serve or cause to be served a copy of the

20

Combined Hearing Notice upon such parties no later than five (5) Business Days after the entry of the Interim Approval and Procedures Order.

### I.    *Voting Record Date*

52.    Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes to confirm a plan, "[c]reditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding the determination of the record date for voting purposes. The Plan Proponents respectfully request that the Bankruptcy Court establish **October 29, 2025**, as the Voting Record Date for the purposes of determining which Claimholders are entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement & Plan.[3]

53.    With respect to any transferred Claim, the Plan Proponents propose that the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Combined Disclosure Statement & Plan, the transferee may cast a Ballot on account of such Claim only if (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

---

[3]    The Plan Proponents request that the Bankruptcy Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Combined Disclosure Statement & Plan.

21

54. The Plan Proponents submit that the foregoing solicitation and notice procedures fully comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, and are both fair to holders of Claims or Interests and other parties in interest and are calculated to result in votes and objections that will be known sufficiently in advance to permit an organized and efficient Combined Hearing. Accordingly, the Plan Proponents respectfully request that this Court approve such solicitation and notice procedures.

## **NOTICE**

55. The Plan Proponents will provide notice of this Motion to: (a) the U.S. Trustee; (b) the Debtors' twenty (20) largest unsecured creditors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Plan Proponents respectfully submit that no other or further notice is required.

## **RESERVATION OF RIGHTS**

56. The Plan Proponents reserve the right to make non-substantive or immaterial changes to the Combined Disclosure Statement & Plan, the Ballots, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Combined Disclosure Statement & Plan and any other materials in the Solicitation Package before their distribution. The Plan Proponents expressly are not waiving their rights under section 1121 of the Bankruptcy Code, which rights are hereby reserved and preserved.

## **NO PRIOR REQUEST**

57. No prior motion for the relief requested herein has been made to this or any other court.

**CONCLUSION**

The Plan Proponents respectfully requests that this Court: (i) enter the Interim Approval and Procedures Order granting the relief requested herein and such other and further relief as may be just and proper; and (ii) following the Combined Hearing, approve the adequacy of information contained in the Combined Disclosure Statement & Plan on a final basis and grant such other and further relief as may be just and proper.

Dated: October 8, 2025                                       Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**                  **MORRIS JAMES LLP**

*/s/ Maria Aprile Sawczuk*                              */s/ Eric J. Monzo*
Maria Aprile Sawczuk (DE Bar No. 3320)              Eric J. Monzo (DE Bar No. 5214)
Aaron R. Harburg, Esq. (DE Bar No. 7207)           Brya M. Keilson (DE Bar No. 4643)
501 Silverside Road, Suite 65                       500 Delaware Avenue, Suite 1500
Wilmington, DE 19809                                Wilmington, DE 19801
Telephone: (302) 444-6710                           Telephone: (302) 888-6800
marias@goldmclaw.com                                emonzo@morrisjames.com
aaronh@goldmclaw.com                                bkeilson@morrisjames.com

-and-                                               -and-

Matthew E. McClintock (admitted *pro hac vice*)     **LOWENSTEIN SANDLER LLP**
William H. Thomas (admitted *pro hac vice*)         Jeffrey L. Cohen (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221                Brent I. Weisenberg (admitted *pro hac vice*)
Chicago, IL 60602                                   Erica G. Mannix (admitted *pro hac vice*)
Telephone: (312)337-7700                            1251 Avenue of the Americas
mattm@goldmclaw.com                                 New York, NY 10020
willt@goldmclaw.com                                 Telephone: (212) 262-6700
                                                    jcohen@lowenstein.com
*Counsel for the Debtors and*                       bweisenberg@lowenstein.com
*Debtors-in-Possession*                             emannix@lowenstein.com

                                                    *Counsel to the Official Committee of Unsecured*
                                                    *Creditors*

23