# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related to Docket Nos. 800 and ____ |

**ORDER: (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN; (III) APPROVING THE FORM OF BALLOTS AND SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE ADEQUACY OF DISCLOSURES IN, AND CONFIRMATION OF, THE COMBINED PLAN AND <u>DISCLOSURE STATEMENT; AND (VI) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "*Motion*") of Mountain Sports LLC and certain of its affiliates (the "*Debtors*"), as Debtors and Debtors-in-Possession in the above-captioned bankruptcy cases (these "*Chapter 11 Cases*"), and the Official Committee of Unsecured Creditors (the "*Committee*," and together with the Debtors, the "*Plan Proponents*") for entry of an Order: (i) approving the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and the Official Committee of Unsecured Creditors Dated October 8, 2025* [D.I. 800] (the "*Combined Disclosure Statement & Plan*") on an interim basis for solicitation purposes only; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement & Plan; (iii) approving the form of ballots and solicitation packages; (iv) establishing the voting record

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

date as October 29, 2025 (the "*Voting Record Date*"); (v) scheduling a combined hearing for final approval of the adequacy of disclosures in, and the confirmation of, the Combined Disclosure Statement & Plan; and (vi) granting related relief; and it appearing this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; due, adequate and sufficient notice of the Motion having been given; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if necessary, before this Court; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:

A.     The Combined Disclosure Statement and Plan contains adequate information within the meaning of section 1125 of the Bankruptcy Code, subject to the Confirmation Hearing.

B.     The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C.     The contents of the Solicitation Package, the Non-Voting Package and the Information Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against the Debtors.

D.     The Combined Hearing Notice, substantially in the form attached hereto as Annex 2, satisfies the requirements of due process with respect to all Holders of Claims and Interests.

E.      The form of Ballots, substantially in the form attached hereto as Annex 4 and 5: (i) is sufficiently consistent with Official Form B314; (ii) adequately address the particular needs of the Chapter 11 Cases; and (iii) are appropriate for the Voting Classes.

F.      The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

G.      Only Holders of Allowed Claims in Classes 2 and 3 are entitled to vote to accept or reject the Plan. Ballots need not be provided to Holders of Unclassified Claims or to Holders of Priority Non-Tax Claims, Intercompany Claims, or Equity Interests in Classes 1, 4, and 5, respectively, as such non-voting classes are either Unimpaired or are conclusively presumed to have accepted or rejected the Plan in accordance with sections 1126(f) and (g) of the Bankruptcy Code.

H.      The period during which the Plan Proponents may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Plan and to submit their Ballots in a timely fashion.

I.      The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The Plan is approved on an interim basis as containing adequate information under Bankruptcy Code Section 1125 for solicitation purposes.

3.      The Combined Hearing Notice, in substantially the form attached hereto as Annex 2, is approved.

4.      The form of Notice of Non-Voting Status, in substantially the form hereto as Annex 3, is approved.

5.      The forms of Ballots, in substantially the forms attached hereto as Annex 4 and Annex 5, are approved.

6.      The form of Plan Summary, in substantially the form attached hereto as Annex 6, is approved.

8.      Pursuant to Bankruptcy Rule 3017(d), **October 29, 2025 at 4:00 p.m. (ET)** (the "*Voting Record Date*") shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Package and, where applicable, to vote on the Plan.

9.      No later than three (3) business days after the date of this Order (the "*Solicitation Commencement Date*"), or as reasonably soon as possible thereafter, the Voting Agent shall provide by first-class mail or by email, where available, to all known Holders of Claims in the Voting Classes a Solicitation Package containing the following:

    a.      the Plan and all other exhibits annexed thereto;

    b.      a Copy of this Order;

    c.      the Combined Hearing Notice;

    d.      a corresponding Ballot with a return envelope postage prepaid;

    e.      the Tabulation Procedures; and

    g.      such other materials as the Court may direct or approve, including any supplemental solicitation materials the Plan Proponents may file with the Court.

10. By the Solicitation Commencement Date, the Voting Agent shall provide by first class mail or by email, where available, the Notice of Non-Voting Status and Plan Summary to all known Holders of Claims in Classes 1, 4 and 5 and Unclassified Claims.

11. To the extent the Office of the United States Trustee, governmental units having an interest in the Chapter 11 Cases, or parties that have requested pursuant to Bankruptcy Rule 2002 to receive notices in these Chapter 11 Cases have not otherwise received a Solicitation Package, by the Solicitation Commencement Date, or as soon as reasonably practical thereafter, the Voting Agent shall provide such parties by first-class mail or by email, where available, with the following information (collectively, the "*Information Package*"): (a) the Plan, together with all other exhibits annexed thereto, (b) a copy of this Order, and (c) the Combined Hearing Notice.

12. In addition, to the extent not otherwise covered above, by the Solicitation Commencement Date, or as soon as reasonably practical thereafter, the Voting Agent shall provide by first-class mail or by email, where available, a copy of the Combined Hearing Notice to the following: (i) all state and local taxing authorities for the jurisdictions in which the Debtors had brick and mortar businesses, (ii) the Internal Revenue Service, (iii) the United States Attorney for the District of Delaware, (v) all Holders of Claims or Interests whether in the Voting Classes or in the Non-Voting Classes, and (vi) all persons or entities listed on the Debtors' creditor mailing matrix, with the exception of parties whose claims have been satisfied.

13. Any motion seeking temporary allowance of a Claim for voting purposes shall be filed by no later than November 14, 2025 at 4:00 p.m. (prevailing Eastern Time). Any response to a timely filed motion seeking temporary allowance shall be filed by no later than December 1, 2025 at 4:00 p.m. (prevailing Eastern Time). A hearing to adjudicate or resolve all pending motions

for temporary allowance shall be held on December 10, 2025 at 10:30 a.m. (ET), prior to the Confirmation Hearing.

14.     Any Plan Supplement shall be filed by no later than November 24, 2025. The documents contained in the Plan Supplement may be amended, modified, superseded or supplemented, as needed, from time to time.

15.     To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered by (a) first class mail, courier or personal delivery to the Voting Agent or (b) via the Voting Agent's E-Ballot platform, so that such Ballots are actually received by the Voting Agent by no later than **December 1, 2021 at 4:00 p.m. (prevailing Eastern Time)**.

16.     The Tabulation Procedures, set forth on Annex 1 hereof, are approved. The Proponents are authorized, but not required, to waive any defects, irregularities or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot. Unless otherwise ordered by this Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Plan Proponents (or the Court) determines, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. To the extent necessary, the Plan Proponents are authorized, but not required, without further Court order, to modify the Tabulation Procedures, consistent with the relief granted in this Order.

17.     On or before **December 5, 2025**, the Voting Agent will file a signed declaration setting forth the final voting results and methodology used to tabulate the votes (the "*Voting Declaration*").

18.     Any objections to final approval and confirmation of the Plan on any ground, including adequacy of the disclosures therein, if any, must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Clerk of the Court, 824 North

Market Street, 3rd Floor, Wilmington, Delaware 19801, no later than **December 1, 2025 at 4:00 p.m. (ET)**, and (iv) and a copy must be served by email upon the following: (a) counsel to the Debtors: Goldstein & McClintock, LLLP, 501 Silverside Road, Suite 65, Wilmington, DE 19809, Attn: Maria Aprile Sawczuk (marias@goldmclaw.com); and (b) Counsel for the Committee: (i) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn Jeffrey L. Cohen (jcohen@lowenstein.com); and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Eric J. Monzo (emonzo@morrisjames.com).

19.     No later than **December 5, 2025**, the Plan Proponents may file a brief in support and submit any evidence in support of confirmation of the Plan, as well as respond to any objections or responses filed in opposition to the Plan.

20.     The Bankruptcy Court shall conduct the Confirmation Hearing for (i) final approval of the Plan and (ii) confirmation of the Plan. The Confirmation Hearing is hereby scheduled for **December 10, 2025 at 10:30 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by the Plan Proponents without further notice other than by (i) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (ii) filing a notice with the Court.

21.     The Plan Proponents are authorized to make non-substantive and ministerial changes to any documents included in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Plan and any other materials included in the Solicitation Package prior to their distribution.

22.     The Plan Proponents are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

24.     The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

25.     This Order is effective immediately upon entry.

# ANNEX 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**TABULATION PROCEDURES**

1.      Unless otherwise provided in these Tabulation Procedures,[2] a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the non-contingent, liquidated, undisputed amount of such Claim as set forth in the Debtors' Schedules if no Proof of Claim has been timely filed in respect of such Claim as of the Voting Record Date or (ii) if a Proof of Claim has been timely filed as of the Voting Record Date in respect of such Claim, the amount set forth in such Proof of Claim.

2.      Duplicate Claims within the Voting Class will be entitled to one Solicitation Package and one ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

3.      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

4.      Under the Combined Disclosure Statement & Plan, only Claimholders in the Voting Class are entitled to vote on the Combined Disclosure Statement & Plan.

5.      If a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if (a) the applicable bar date has not yet passed, or (b) such Claim is the subject of an objection, such Claim shall be entitled to vote in the amount of $1.00.

6.      If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, contingent or disputed (as determined on the face of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Interim Approval and Procedures Order.

the claim or after a reasonable review of the supporting documentation by the Debtors), and such claim has not been allowed or objected to, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, irrespective of how such Claim may or may not be set forth on the Schedules.

7.      Proofs of Claim filed for $0.00 are not entitled to vote.

8.      If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed, and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, or is marked or otherwise referenced on its face as partially contingent, partially unliquidated and/or partially disputed, such Claim shall be temporarily allowed solely for voting purposes in the noncontingent, liquidated, and undisputed amount, irrespective of how such Claim may or may not be set forth on the Schedules.

9.      The Debtors are authorized to enter into stipulations with any Claimholder agreeing to the amount of a Claim for voting purposes.

10.     If the Debtors or another party in interest have served an objection to a Claim by the Voting Record Date, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection.

11.     If a Claimholder identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

12.     If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Bankruptcy Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

13.     Except as otherwise ordered by the Bankruptcy Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Plan Proponents (in their sole discretion).

14.     Any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement & Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement & Plan, will not be counted.

15.     Any Ballot that is returned indicating acceptance or rejection of the Combined Disclosure Statement & Plan but is unsigned will not be counted.

16.     Whenever a Claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

17. If a Claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

18. Each Claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

19. Claimholders may not split their vote within a Class; thus, each Claimholder will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement & Plan.

20. Ballots partially rejecting and partially accepting the Combined Disclosure Statement & Plan will not be counted.

21. Any Ballot received that is illegible or otherwise incomplete will not be counted.

22. The method of delivery of Ballots to the Plan Proponents is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Plan Proponents.

23. The Plan Proponents expressly reserve the right to amend the terms of the Combined Disclosure Statement & Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Plan Proponents make material changes to the terms of the Combined Disclosure Statement & Plan, the Plan Proponents will disseminate additional solicitation materials, extend the solicitation period, and, if applicable, modify these Tabulation Procedures, in each case to the extent required by the Combined Disclosure Statement & Plan, applicable law, or further order of the Bankruptcy Court.

24. If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person will be required to indicate such capacity when signing and, at the Plan Proponents' discretion, must submit proper evidence satisfactory to the Plan Proponents to so act on behalf of the Claimholder.

25. Any Claimholder who has delivered a valid Ballot voting on the Combined Disclosure Statement & Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a). After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents.

26. Subject to any contrary order of the Bankruptcy Court, the Plan Proponents further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

27. Neither the Plan Proponents nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

28. The Plan Proponents will date stamp or electronically record date of receipt all Ballots when received. The Plan Proponents shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Bankruptcy Court.

29. An original properly completed and executed Ballot is required to be submitted by the entity submitting such Ballot. Delivery of a Ballot to the Plan Proponents by any electronic means other than as provided in the Interim Approval and Procedures Order will not be valid.

30. No Ballot should be sent to any party other than the Plan Proponents. If a Ballot is sent to any other party, it will not be counted.

31. In the event a designation is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Combined Disclosure Statement & Plan cast with respect to such Claim will be counted for purposes of determining whether the Combined Disclosure Statement & Plan has been accepted and/or rejected.

32. If a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Bankruptcy Court, such Claim shall be provisionally allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only and not for purposes of allowance or distribution; provided, however, that if a Claim has been estimated by the Bankruptcy Court for purposes of allowance and distribution pursuant to section 502(c) of the Bankruptcy Code, such allowance shall be for both voting and distribution purposes.

33. If a Class of Claims is eligible to vote (*i.e.*, the Voting Class) and no Claimholders eligible to vote in such Class vote to accept or reject the Combined Disclosure Statement & Plan, the Combined Disclosure Statement & Plan shall be deemed accepted by the Claimholders in such Class.

34. Any Class of Claims or Interests that does not contain, as of the date of the commencement of the Combined Hearing, at least one Allowed Claim or Allowed Interest, as applicable, or at least one Claim or Interest, as applicable, that is provisionally Allowed under Bankruptcy Rule 3018, such Class of Claims or Interests, as applicable, shall be deemed eliminated from the Combined Disclosure Statement & Plan for all purposes, including for purposes of (i) voting on the acceptance or rejection of the Combined Disclosure Statement & Plan and (ii) determining acceptance or rejection of the Combined Disclosure Statement & Plan by such Class under sections 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code.

[SPACE INTENTIONALLY LEFT BLANK]

Dated: _____, 2025                                    Respectfully submitted,


**GOLDSTEIN & MCCLINTOCK, LLLP**                          **MORRIS JAMES LLP**

*/s/ DRAFT*                                               */s/ DRAFT*
Maria Aprile Sawczuk (DE Bar No. 3320)                   Eric J. Monzo (DE Bar No. 5214)
Aaron R. Harburg, Esq. (DE Bar No. 7207)                 Brya M. Keilson (DE Bar No. 4643)
501 Silverside Road, Suite 65                            500 Delaware Avenue, Suite 1500
Wilmington, DE 19809                                     Wilmington, DE 19801
Telephone: (302) 444-6710                                Telephone: (302) 888-6800
marias@goldmclaw.com                                     emonzo@morrisjames.com
aaronh@goldmclaw.com                                     bkeilson@morrisjames.com


-and-                                                    -and-


Matthew E. McClintock (admitted *pro hac vice*)          **LOWENSTEIN SANDLER LLP**
William H. Thomas (admitted *pro hac vice*)              Jeffrey L. Cohen (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221                     Brent I. Weisenberg (admitted *pro hac vice*)
Chicago, IL 60602                                        Erica G. Mannix (admitted *pro hac vice*)
Telephone: (312)337-7700                                 1251 Avenue of the Americas
mattm@goldmclaw.com                                      New York, NY 10020
willt@goldmclaw.com                                      Telephone: (212) 262-6700
                                                         jcohen@lowenstein.com
*Counsel for the Debtors and*                            bweisenberg@lowenstein.com
*Debtors-in-Possession*                                  emannix@lowenstein.com

                                                         *Counsel to the Official Committee of Unsecured*
                                                         *Creditors*

# ANNEX 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MOUNTAIN SPORTS LLC; *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 24-11385 (MFW)<br>)<br>) (Jointly Administered)<br>) Related to Docket Nos. 800 and ___<br>) Hearing Date: December 10, 2025, at 10:30 a.m. (ET)<br>) Obj. Deadline: December 1, 2025, at 4:00 p.m. (ET)<br>) |

**NOTICE OF (I) APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN
ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) HEARING TO
CONSIDER (A) FINAL APPROVAL OF COMBINED DISCLOSURE STATEMENT
AND PLAN AND (B) CONFIRMATION OF COMBINED DISCLOSURE STATEMENT
AND PLAN; (III) DEADLINE FOR VOTING ON COMBINED DISCLOSURE
STATEMENT AND PLAN; AND (IV) DEADLINE FOR FILING OBJECTIONS TO
CONFIRMATION OF COMBINED DISCLOSURE STATEMENT AND PLAN**

On October 8, 2025, Mountain Sports LLC; SDI Stores LLC; SDI Gift Card LLC; Bob's Stores USA LLC; and Mountain Sports USA LLC, the above-captioned debtors and debtors-in-possession (collectively, the "*Debtors*") and the official committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases (the "*Committee*," and together with the Debtors, the "*Plan Proponents*") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and The Official Committee of Unsecured Creditors, Dated October 8, 2025* [Docket No. 800] (as may be amended, modified, or supplemented, the "*Combined Disclosure Statement & Plan*").

The Combined Disclosure Statement & Plan explains the Plan Proponents' Chapter 11 plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") [Docket No. __] (the "*Interim Approval and Procedures Order*") for use by the Plan Proponents in soliciting acceptances or rejections to the Combined Disclosure Statement & Plan from holders of Impaired Claims entitled to receive distributions under the Combined Disclosure Statement & Plan.

**Voting on the Plan.** Holders of Claims in Classes 2 and 3 (the "*Voting Classes*") are entitled to vote to accept or reject the Plan as they are impaired and receiving distributions under the Plan; holders of Claims in Class 1 are Unimpaired and presumed to accept the Plan; holders of Intercompany Claims and Equity Interests in Classes 4 and 5 are Impaired and are deemed to reject

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

the Plan as they are receiving nothing under the Plan. If you are a holder of a Claim against the Debtors as of **October 29, 2025** (the "*Voting Record Date*") and in the Voting Class, the deadline by which ballots accepting or rejecting the Plan must be received is **December 1, 2025 at 4:00 p.m. (Eastern Time) (the "*Voting Deadline*"). If you are in the Voting Class, for your vote to be counted, your Ballot must be properly completed, signed, and returned so that it is actually received by the Plan Proponents before the Voting Deadline, unless such time is extended in writing by the Plan Proponents, for your vote to be counted.**

Your Ballot must be returned by: (a) first-class mail (either using the reply envelope provided or otherwise), (b) overnight courier, or (c) personal delivery; in each such case to the following address:

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Mountain Sports, LLC<br>c/o Epiq Ballot Processing<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Mountain Sports, LLC<br>c/o Epiq Ballot Processing<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

**BALLOTS WILL NOT BE ACCEPTED BY EMAIL, TELECOPY, OR FACSIMILE.** If your Ballot is not received by the Plan Proponents on or before the Voting Deadline, and such Voting Deadline is not extended by the Plan Proponents, your vote will not be counted.

**Challenging Your Claim for Voting Purposes Only.** If you wish to challenge the Debtors' classification or amount of your claim, you must file a motion (a "*Rule 3018 Motion*") for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Combined Disclosure Statement & Plan and serve such motion on the Plan Proponents so that it is received by **November 14, 2025 at 4:00 p.m. (Eastern Time)**. Such creditor's ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after hearing on **December 10, 2025, at 10:30 a.m. (Eastern Time)**.

**Combined Hearing and Filing Objections to the Combined Disclosure Statement & Plan.** A hearing to consider final approval of the adequacy of information contained in the Combined Disclosure Statement & Plan pursuant to section 1125 of the Bankruptcy Code and confirmation of the Combined Disclosure Statement & Plan pursuant to section 1129 of the Bankruptcy Code will be held on **December 10, 2025 at 10:30 a.m. (Eastern Time) (subject to the Bankruptcy Court's availability)** before the Honorable Mary F. Walrath at the Bankruptcy Court, 824 N. Market Street, 5th Floor, Courtroom 4, Wilmington, Delaware 19801 (the "*Combined Hearing*"), but may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing or other notice filed with the Bankruptcy Court.

The deadline for filing objections to final approval of the Combined Disclosure Statement & Plan is **December 1, 2025 at 4:00 p.m. (Eastern Time)**. Any objection must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; and (c) be filed with the Bankruptcy Court and served upon the undersigned counsel the Plan Proponents. **Unless an objection is timely**

**filed and served, it may not be considered by the Bankruptcy Court at the Combined Hearing.**

**Summary of Key Dates.** A table summarizing the key dates is included below for ease of reference:

| Event | Date or Deadline (all times EDT) |
|---|---|
| Voting Record Date | October 29, 2025 |
| Date Solicitation Will Commence | No later than three (3) business days after order approving solicitation procedures is entered |
| Deadline to File Rule 3018 Motions | November 14, 2025, at 4:00 p.m. |
| Plan Supplement Deadline | November 24, 2025 |
| Deadline to Object to Rule 3018 Motions | December 1, 2025, at 4:00 p.m. |
| Voting Deadline | December 1, 2025, at 4:00 p.m. |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Information | December 1, 2025, at 4:00 p.m. |
| Deadline to File Confirmation Brief | December 5, 2025, at 4:00 p.m. |
| Combined Hearing (including 3018 Motions) | December 10, 2025, at 10:30 a.m. |

**Important Information Regarding Release and Injunction Provisions:** If the Court confirms the Combined Disclosure Statement and Plan and it becomes effective, the releases and injunctions contained in Article IX of the Combined Disclosure Statement and Plan will be effective and you will be bound by these provisions even if you did not vote to accept the Plan. Article IX of the Combined Disclosure Statement and Plan contains the following exculpation, release, and injunction provisions:

> **EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN ANY OF THE DEBTORS ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST ANY OF THE DEBTORS OR THEIR ESTATES, ANY DEBTORS' PROPERTY, THE LIQUIDATING TRUST OR THE LIQUIDATING TRUSTEE, ON ACCOUNT OF ANY SUCH CLAIMS OR INTERESTS: (A) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; (B) CREATING, PERFECTING OR ENFORCING ANY LIEN OR ENCUMBRANCE; (C)**

**ASSERTING A SETOFF OR RIGHT OF SUBROGATION OF ANY KIND AGAINST ANY DEBT, LIABILITY OR OBLIGATION DUE TO ANY DEBTOR; (D) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN; AND (E) TAKING ANY ACTION WHICH INTERFERES WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN; PROVIDED, HOWEVER, THAT NOTHING CONTAINED IN THE PLAN SHALL PRECLUDE SUCH PERSONS FROM EXERCISING AND/OR ENFORCING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THE PLAN OR THE CONFIRMATION ORDER.**

Dated: _____, 2025

Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

/s/ DRAFT_____
Maria Aprile Sawczuk (DE Bar No. 3320)
Aaron R. Harburg, Esq. (DE Bar No. 7207)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com
aaronh@goldmclaw.com

-and-

Matthew E. McClintock (admitted *pro hac vice*)
William H. Thomas (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312)337-7700
mattm@goldmclaw.com
willt@goldmclaw.com

*Counsel for the Debtors and
Debtors-in-Possession*

**MORRIS JAMES LLP**

/s/ DRAFT_____
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
emonzo@morrisjames.com
bkeilson@morrisjames.com

-and-

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen (admitted *pro hac vice*)
Brent I. Weisenberg (admitted *pro hac vice*)
Erica G. Mannix (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
jcohen@lowenstein.com
bweisenberg@lowenstein.com
emannix@lowenstein.com

*Counsel to the Official Committee of Unsecured
Creditors*

# ANNEX 3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS**

On October 8, 2025, Mountain Sports LLC; SDI Stores LLC; SDI Gift Card LLC; Bob's Stores USA LLC; and Mountain Sports USA LLC, the above-captioned debtors and debtors-in-possession (collectively, the "*Debtors*") and the official committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases (the "*Committee*," and together with the Debtors, the "*Plan Proponents*") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and The Official Committee of Unsecured Creditors, Dated October 8, 2025* [Docket No. 800] (as may be amended, modified, or supplemented, the "*Combined Disclosure Statement & Plan*").

UNDER THE TERMS OF THE COMBINED DISCLOSURE STATEMENT & PLAN, YOUR CLAIM(S) AGAINST AND/OR INTEREST(S) IN THE DEBTORS IS (ARE) NOT ENTITLED TO VOTE ON THE COMBINED DISCLOSURE STATEMENT & PLAN.

- **Class 1 (Priority Non-Tax Claims):** Claims in Class 1 are Unimpaired and deemed to accept the Combined Disclosure Statement & Plan.

- **Class 2 (General Unsecured Claims):** Claims in Class 2 are Impaired and entitled to vote on the Combined Disclosure Statement & Plan.

- **Class 3 (Insider Claims):** Claims in Class 3 are Impaired and entitled to vote on the Combined Disclosure Statement & Plan.

- **Class 4 (Intercompany Claims):** Claims in Class 4 are Impaired, will receive no distribution under the Combined Disclosure Statement & Plan, and are therefore deemed to reject the Combined Disclosure Statement & Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

- **Class 5 (Equity Interest Holders):** Claims in Class 6 are Impaired, will receive no distribution under the Combined Disclosure Statement & Plan, and are therefore deemed to reject the Combined Disclosure Statement & Plan.

YOU WILL NOT BE SERVED WITH A COPY OF THE INTERIM APPROVAL AND PROCEDURES ORDER OR THE COMBINED DISCLOSURE STATEMENT & PLAN, but you are receiving a court-approved summary of the Combined Disclosure Statement & Plan (the "*Plan Summary*"). If, after reviewing the Plan Summary, you wish to review copies of the Interim Approval and Procedures Order or the Combined Disclosure Statement & Plan, you may obtain such copies from the Debtors upon request.

If you wish to challenge the Plan Proponents' classification of your claim, you must file a motion (a "*Rule 3018 Motion*") for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Combined Disclosure Statement & Plan and serve such motion on the Debtors so that it is received by **November 14, 2025 at 4:00 p.m. (Eastern Time)**. Such creditor's ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after a hearing on **December 10, 2025 at 10:30 a.m. (Eastern Time)**.

A table summarizing the key dates is included below for ease of reference:

| Event | Date or Deadline (all times EDT) |
|---|---|
| Voting Record Date | October 29, 2025 |
| Date Solicitation Will Commence | No later than three (3) business days after order approving solicitation procedures is entered |
| Deadline to File Rule 3018 Motions | November 14, 2025, at 4:00 p.m. |
| Plan Supplement Deadline | November 24, 2025 |
| Deadline to Object to Rule 3018 Motions | December 1, 2025, at 4:00 p.m. |
| Voting Deadline | December 1, 2025, at 4:00 p.m. |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Information | December 1, 2025, at 4:00 p.m. |
| Deadline to File Confirmation Brief | December 5, 2025, at 4:00 p.m. |
| Combined Hearing (including 3018 Motions) | December 10, 2025, at 10:30 a.m. |

Dated: _____, 2025                         Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**                    **MORRIS JAMES LLP**

*/s/ DRAFT*                                          */s/ DRAFT*
Maria Aprile Sawczuk (DE Bar No. 3320)              Eric J. Monzo (DE Bar No. 5214)
Aaron R. Harburg, Esq. (DE Bar No. 7207)           Brya M. Keilson (DE Bar No. 4643)
501 Silverside Road, Suite 65                      500 Delaware Avenue, Suite 1500
Wilmington, DE 19809                               Wilmington, DE 19801
Telephone: (302) 444-6710                          Telephone: (302) 888-6800
marias@goldmclaw.com                               emonzo@morrisjames.com
aaronh@goldmclaw.com                               bkeilson@morrisjames.com

-and-                                               -and-

Matthew E. McClintock (admitted *pro hac vice*)    **LOWENSTEIN SANDLER LLP**
William Thomas (admitted *pro hac vice*)           Jeffrey L. Cohen (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221               Brent I. Weisenberg (admitted *pro hac vice*)
Chicago, IL 60602                                  Erica G. Mannix (admitted *pro hac vice*)
Telephone: (312)337-7700                           1251 Avenue of the Americas
mattm@goldmclaw.com                                New York, NY 10020
willt@goldmclaw.com                                Telephone: (212) 262-6700
                                                   jcohen@lowenstein.com
*Counsel for the Debtors and*                      bweisenberg@lowenstein.com
*Debtors-in-Possession*                            emannix@lowenstein.com

                                                   *Counsel to the Official Committee of Unsecured*
                                                   *Creditors*

# ANNEX 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**BALLOT TO ACCEPT OR REJECT THE DEBTORS' COMBINED DISCLOSURE**
**STATEMENT AND CHAPTER 11 PLAN**

On October 8, 2025, Mountain Sports LLC; SDI Stores LLC; SDI Gift Card LLC; Bob's Stores USA LLC; and Mountain Sports USA LLC, the above-captioned debtors and debtors-in-possession (collectively, the "*Debtors*") and the official committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases (the "*Committee*," and together with the Debtors, the "*Plan Proponents*") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and The Official Committee of Unsecured Creditors, Dated October 8, 2025* [Docket No. 800] (as may be amended, modified, or supplemented, the "*Combined Disclosure Statement & Plan*").

The Combined Disclosure Statement & Plan explains the Plan Proponents' Chapter 11 plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") [Docket No. ___] (the "*Interim Approval and Procedures Order*") for use by the Plan Proponents in soliciting acceptances or rejections to the Combined Disclosure Statement & Plan from holders of Impaired Claims entitled to receive distributions under the Combined Disclosure Statement & Plan.

This ballot (the "*Ballot*") is provided to you to solicit your vote to accept or reject the Combined Disclosure Statement & Plan. All General Unsecured Claims have been placed in **Class 2** under the Combined Disclosure Statement & Plan. If, as of October 29, 2025 (the "*Voting Record Date*"), you are a holder of a Class 2 General Unsecured Claim, please use this Ballot to cast your vote to accept or reject the Combined Disclosure Statement & Plan.

**Your receipt of this Ballot does not signify that your Claims(s) have been or will be allowed.** The Debtors reserve all rights to dispute such Claim(s).

**You should carefully review the Combined Disclosure Statement & Plan and the Interim Approval and Procedures Order before you vote. You may wish to seek legal advice concerning the Combined Disclosure Statement & Plan and the classification and treatment**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

**of your claim(s) under the Combined Disclosure Statement & Plan. If the Bankruptcy Court confirms the Combined Disclosure Statement & Plan, <u>it will be binding on you whether or not you vote.</u>**

---

**<u>IMPORTANT</u>**

**THE VOTING DEADLINE IS 4:00 P.M. (EDT) ON DECEMBER 1, 2025.**

**For your vote to be counted, a hard copy of this Ballot must be properly completed, signed, and submitted so that it is actually received by the Plan Proponents before the Voting Deadline, unless such time is extended in writing by the Plan Proponents.**

---

**<u>Return of Ballot:</u>** Your Ballot must be returned either by: (a) first-class mail (using the reply envelope provided or otherwise), (b) overnight courier, or (c) personal delivery; in each such case to the following address:

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Mountain Sports, LLC c/o Epiq Ballot Processing P.O. Box 4422 Beaverton, OR 97076-4422 | Mountain Sports, LLC c/o Epiq Ballot Processing 10300 SW Allen Blvd. Beaverton, OR 97005 |

**BALLOTS WILL NOT BE ACCEPTED BY EMAIL, TELECOPY, OR FACSIMILE.** If your Ballot is not received by the Plan Proponents on or before the Voting Deadline, and such Voting Deadline is not extended by the Plan Proponents, your vote will not be counted.

[SPACE INTENTIONALLY LEFT BLANK]

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 2 GENERAL UNSECURED CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Combined Disclosure Statement & Plan. **PLEASE READ THE COMBINED DISCLOSURE STATEMENT & PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Combined Disclosure Statement & Plan will be accepted by Class 2 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 2 that actually vote on the Combined Disclosure Statement & Plan. In the event that Class 2 rejects the Combined Disclosure Statement & Plan, the Bankruptcy Court may nevertheless confirm the Combined Disclosure Statement & Plan and thereby make it binding on you if the Bankruptcy Court finds that the Combined Disclosure Statement & Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 2, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.      If the Combined Disclosure Statement & Plan is confirmed by the Bankruptcy Court even though not all Classes of Claims have voted to accept it, all holders of Claims against and Interests in the Debtors will be bound by the confirmed Combined Disclosure Statement & Plan and the transactions contemplated thereby.

4.      Complete, sign, and return this Ballot to the Plan Proponents so that it is actually received by the Plan Proponents on or before **December 1, 2025 at 4:00 p.m. (Eastern Time)**, which is the Voting Deadline, unless such time is extended in writing by the Plan Proponents.

5.      To properly complete this Ballot, you must follow the procedures described below:

  a.      cast one vote to accept or reject the Combined Disclosure Statement & Plan by checking the appropriate box in Item 1;

  b.      if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing; you may be required to submit satisfactory evidence of your authority to so act (*e.g.* a power of attorney or a certified copy of board resolutions authorizing you to so act);

  c.      provide your name and mailing address on your Ballot;

  d.      sign and date your Ballot, and provide the remaining information requested; and

  e.      return your Ballot using the methods described below.

6.      Your Ballot must be returned either by: (a) first-class mail (using the reply envelope provided or otherwise), (b) overnight courier, or (c) personal delivery; in each such case to the following address:

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Mountain Sports, LLC c/o Epiq Ballot Processing P.O. Box 4422 Beaverton, OR 97076-4422 | Mountain Sports, LLC c/o Epiq Ballot Processing 10300 SW Allen Blvd. Beaverton, OR 97005 |

**IF YOU RECEIVED A DAMAGED BALLOT, LOST YOUR BALLOT, BELIEVE YOU WERE SENT THE WRONG BALLOT, OR HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE COMBINED DISCLOSURE STATEMENT & PLAN, PLEASE CONTACT THE SOLICITATION AGENT AT THE FOLLOWING EMAIL ADDRESS: <u>MOUNTAINSPORTS@EPIQGLOBAL.COM</u>.**

[SPACE INTENTIONALLY LEFT BLANK]

## ITEM 1

**PLEASE READ THE VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**Class Vote.** The undersigned, the holder of a Class 2 General Unsecured Claim against the Debtors, hereby votes in the amount set forth below as follows (**check one box**):

☐   Accept the Combined Disclosure Statement & Plan
                                **OR**
☐   Reject the Combined Disclosure Statement & Plan.

Amount of Claim Voting:[2]        $ _____

**Certification as to Claims held in Additional Accounts**. The undersigned hereby certifies that either: (i) it has not submitted any other Ballots for other Class 2 General Unsecured Claims held in other accounts or other record names; or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Combined Disclosure Statement & Plan.

**Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Combined Disclosure Statement & Plan, including all exhibits thereto; (b) the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Combined Disclosure Statement & Plan, the Interim Approval and Procedures Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement & Plan attached to the Interim Approval and Procedures Order as **Annex 1** thereto; (c) it is the holder of the General Unsecured Claim identified in Item 1 above as of **October 29, 2025**; and/or (d) it has full power and authority to vote to accept or reject the Combined Disclosure Statement & Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot does not indicate either acceptance or rejection of the Combined Disclosure Statement & Plan, this Ballot will not be counted.

_____
Date Completed

_____
Name of Creditor

_____
 Signature

*If by Authorized Agent:*

_____
 Name and Title

_____
 Address

_____
 Telephone Number

_____
 Email Address

---

[2]        For voting purposes only; not for distribution purposes.

# ANNEX 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) Case No. 24-11385 (MFW) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**BALLOT TO ACCEPT OR REJECT THE DEBTORS' COMBINED DISCLOSURE
STATEMENT AND CHAPTER 11 PLAN**

On October 8, 2025, Mountain Sports LLC; SDI Stores LLC; SDI Gift Card LLC; Bob's Stores USA LLC; and Mountain Sports USA LLC, the above-captioned debtors and debtors-in-possession (collectively, the "*Debtors*") and the official committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases (the "*Committee*," and together with the Debtors, the "*Plan Proponents*") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and The Official Committee of Unsecured Creditors, Dated October 8, 2025* [Docket No. 800] (as may be amended, modified, or supplemented, the "*Combined Disclosure Statement & Plan*").

The Combined Disclosure Statement & Plan explains the Plan Proponents' Chapter 11 plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") [Docket No. __] (the "*Interim Approval and Procedures Order*") for use by the Plan Proponents in soliciting acceptances or rejections to the Combined Disclosure Statement & Plan from holders of Impaired Claims entitled to receive distributions under the Combined Disclosure Statement & Plan.

This ballot (the "*Ballot*") is provided to you to solicit your vote to accept or reject the Combined Disclosure Statement & Plan. All Insider Claims have been placed in **Class 3** under the Combined Disclosure Statement & Plan. If, as of October 29, 2025 (the "*Voting Record Date*"), you are a holder of a Class 3 Insider Claim, please use this Ballot to cast your vote to accept or reject the Combined Disclosure Statement & Plan.

**Your receipt of this Ballot does not signify that your Claims(s) have been or will be allowed.** The Debtors reserve all rights to dispute such Claim(s).

**You should carefully review the Combined Disclosure Statement & Plan and the Interim Approval and Procedures Order before you vote. You may wish to seek legal advice concerning the Combined Disclosure Statement & Plan and the classification and treatment**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

**of your claim(s) under the Combined Disclosure Statement & Plan. If the Bankruptcy Court confirms the Combined Disclosure Statement & Plan, <u>it will be binding on you whether or not you vote.</u>**

<div style="border:1px solid black; padding:10px;">

<u>**IMPORTANT**</u>

**THE VOTING DEADLINE IS 4:00 P.M. (EDT) ON DECEMBER 1, 2025.**

**For your vote to be counted, a hard copy of this Ballot must be properly completed, signed, and submitted so that it is actually received by the Plan Proponents before the Voting Deadline, unless such time is extended in writing by the Plan Proponents.**

</div>

**<u>Return of Ballot:</u>** Your Ballot must be returned either by: (a) first-class mail (using the reply envelope provided or otherwise), (b) overnight courier, or (c) personal delivery; in each such case to the following address:

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Mountain Sports, LLC<br>c/o Epiq Ballot Processing<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Mountain Sports, LLC<br>c/o Epiq Ballot Processing<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

**BALLOTS WILL NOT BE ACCEPTED BY EMAIL, TELECOPY, OR FACSIMILE.** If your Ballot is not received by the Plan Proponents on or before the Voting Deadline, and such Voting Deadline is not extended by the Plan Proponents, your vote will not be counted.

[SPACE INTENTIONALLY LEFT BLANK]

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF CLASS 3 INSIDER CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Combined Disclosure Statement & Plan. **PLEASE READ THE COMBINED DISCLOSURE STATEMENT & PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Combined Disclosure Statement & Plan will be accepted by Class 3 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 3 that actually vote on the Combined Disclosure Statement & Plan. In the event that Class 3 rejects the Combined Disclosure Statement & Plan, the Bankruptcy Court may nevertheless confirm the Combined Disclosure Statement & Plan and thereby make it binding on you if the Bankruptcy Court finds that the Combined Disclosure Statement & Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 3, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.      If the Combined Disclosure Statement & Plan is confirmed by the Bankruptcy Court even though not all Classes of Claims have voted to accept it, all holders of Claims against and Interests in the Debtors will be bound by the confirmed Combined Disclosure Statement & Plan and the transactions contemplated thereby.

4.      Complete, sign, and return this Ballot to the Plan Proponents so that it is actually received by the Plan Proponents on or before **December 1, 2025 at 4:00 p.m. (Eastern Time)**, which is the Voting Deadline, unless such time is extended in writing by the Plan Proponents.

5.      To properly complete this Ballot, you must follow the procedures described below:

a.      cast one vote to accept or reject the Combined Disclosure Statement & Plan by checking the appropriate box in Item 1;

b.      if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing; you may be required to submit satisfactory evidence of your authority to so act (*e.g.* a power of attorney or a certified copy of board resolutions authorizing you to so act);

c.      provide your name and mailing address on your Ballot;

d.      sign and date your Ballot, and provide the remaining information requested; and

e.      return your Ballot using the methods described below.

6. Your Ballot must be returned either by: (a) first-class mail (using the reply envelope provided or otherwise), (b) overnight courier, or (c) personal delivery; in each such case to the following address:

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Mountain Sports, LLC c/o Epiq Ballot Processing P.O. Box 4422 Beaverton, OR 97076-4422 | Mountain Sports, LLC c/o Epiq Ballot Processing 10300 SW Allen Blvd. Beaverton, OR 97005 |

**IF YOU RECEIVED A DAMAGED BALLOT, LOST YOUR BALLOT, BELIEVE YOU WERE SENT THE WRONG BALLOT, OR HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE COMBINED DISCLOSURE STATEMENT & PLAN, PLEASE CONTACT THE SOLICITATION AGENT AT THE FOLLOWING EMAIL ADDRESS: MOUNTAINSPORTS@EPIQGLOBAL.COM.**

[SPACE INTENTIONALLY LEFT BLANK]

**ITEM 1**

**PLEASE READ THE VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**Class Vote.** The undersigned, the holder of a Class 3 Insider Claim against the Debtors, hereby votes in the amount set forth below as follows (**check one box**):

☐        Accept the Combined Disclosure Statement & Plan
                                                     **OR**
☐        Reject the Combined Disclosure Statement & Plan.

Amount of Claim Voting:[2]        $ _____

**Certification as to Claims held in Additional Accounts**. The undersigned hereby certifies that either: (i) it has not submitted any other Ballots for other Class 3 Insider Claims held in other accounts or other record names; or (ii) if it has submitted Ballots for other such Claims held in other accounts or other record names, then such Ballots indicate the same vote to accept or reject the Combined Disclosure Statement & Plan.

**Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that: (a) it has been provided with a copy of the Combined Disclosure Statement & Plan, including all exhibits thereto; (b) the Plan Proponents' solicitation of votes is subject to all terms and conditions set forth in the Combined Disclosure Statement & Plan, the Interim Approval and Procedures Order, and the procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement & Plan attached to the Interim Approval and Procedures Order as **Annex 1** thereto; (c) it is the holder of the Insider Claim identified in Item 1 above as of **October 29, 2025**; and/or (d) it has full power and authority to vote to accept or reject the Combined Disclosure Statement & Plan and exercise elections with respect thereto. The undersigned understands that, if this Ballot does not indicate either acceptance or rejection of the Combined Disclosure Statement & Plan, this Ballot will not be counted.

_____                    _____
Date Completed                                                     Name of Creditor

                                                                       _____
                                                                       Signature

                                                                       *If by Authorized Agent:*

                                                                       _____
                                                                       Name and Title

                                                                       _____
                                                                       Address

                                                                       _____
                                                                       Telephone Number

                                                                       _____
                                                                       Email Address

---

[2]        For voting purposes only; not for distribution purposes.

# ANNEX 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**PLAN SUMMARY**

On October 8, 2025, Mountain Sports LLC; SDI Stores LLC; SDI Gift Card LLC; Bob's Stores USA LLC; and Mountain Sports USA LLC, the above-captioned debtors and debtors-in-possession (collectively, the "*Debtors*") and the official committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases (the "*Committee*," and together with the Debtors, the "*Plan Proponents*") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and The Official Committee of Unsecured Creditors, Dated October 8, 2025* [Docket No. 800] (as may be amended, modified, or supplemented, the "*Combined Disclosure Statement & Plan*").

The Combined Disclosure Statement & Plan explains the Plan Proponents' Chapter 11 plan and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") [Docket No. __] (the "*Interim Approval and Procedures Order*") for use by the Plan Proponents in soliciting acceptances or rejections to the Combined Disclosure Statement & Plan from holders of Impaired Claims entitled to receive distributions under the Combined Disclosure Statement & Plan.

The following chart summarizes the treatment provided under the Plan to each class of Claims and Interests:[2]

| Class/Designation | Plan Treatment | Status | Estimated Claim Pool/ Projected Recovery |
|---|---|---|---|
| Class 1: Priority Non-Tax Claims | Each holder of an Allowed Priority Unsecured Non-Tax Claim against the Debtors shall receive | Unimpaired; | Approx. $0 to $350,000 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

[2] The statements contained herein constitute a summary of the provisions contained in the Combined Disclosure Statement & Plan and do not purport to be precise or complete statements of all the terms and provisions of the Combined Plan and Disclosure Statement and any related documents. For a more detailed description of the Plan, please refer to the Combined Disclosure Statement & Plan. Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Combined Disclosure Statement & Plan.

| Class/Designation | Plan Treatment | Status | Estimated Claim Pool/ Projected Recovery |
|---|---|---|---|
| | on or as soon as reasonably practicable after the Effective Date, on account of and in full and complete settlement, release and discharge of, and in exchange for, such Allowed Priority Unsecured Non-Tax Claim, either a Distribution of Cash from the Estate Cash equal to the full unpaid amount of such Allowed Priority Unsecured Non-Tax Claim, or such other treatment as the Plan Proponents or the Liquidating Trustee, as applicable, and the holder of such Allowed Priority Unsecured Non-Tax Claim shall have agreed. | **Not entitled to vote;** Deemed to accept Plan | Recovery: 100% |
| Class 2: General Unsecured Claims | Except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim against the Debtors shall receive on account of and in full and complete settlement, release and discharge of, and in exchange for, such Allowed General Unsecured Claim its Liquidating Trust Interests entitling each such Holder to receive its Pro Rata share of the Residual Cash. | Impaired; **Entitled to vote** | Approx. $35 mil. to $40 mil.<br><br>Estimated Recovery: 0.8%-2.2% |
| Class 3: Insider Claims | Except to the extent that a Holder of an Allowed Insider Claim agrees to less favorable treatment, each Holder of an Allowed Insider Claim against the Debtors shall receive on account of and in full and complete settlement, release and discharge of, and in exchange for, such Allowed Insider Claim its Liquidating Trust Interests entitling each such Holder to receive its Pro Rata share of the Residual Cash.<br><br>Allowed Insider Claims shall share Pro Rata with Allowed General Unsecured Claims in any remaining Residual Cash. | Impaired; **Entitled to vote** | Approx. $0 to $23 mil.<br><br>Recovery: 0%-1.4% |

| Class/Designation | Plan Treatment | Status | Estimated Claim Pool/ Projected Recovery |
|---|---|---|---|
| Class 4: Intercompany Claims | On the Effective Date, all Intercompany Claims and other Intercompany liabilities, whether arising prior to or after the Petition Date, shall be deemed canceled, extinguished and of no further force and effect.  Holders of Intercompany Claims shall not be entitled to receive or retain any property on account of such Claim. Class 4 Intercompany Claims are impaired, deemed to reject Plan, and not entitled to vote. | Impaired; Deemed to reject Plan and **Not entitled to vote** | Approx. $0<br><br>Recovery: 0%: |
| Class 5: Equity Interests | On the Effective Date, all Interests shall be deemed canceled, extinguished and of no further force or effect, and the Holders of Interests shall not be entitled to receive or retain any property on account of such Interest. | Impaired; Deemed to reject Plan and **Not entitled to vote** | Recovery: 0% |

## Release, Exculpation, and Injunction Provisions in the Plan

Article IX of the Combined Disclosure Statement and Plan contains the following exculpation, release, and injunction provisions:

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN ANY OF THE DEBTORS ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST ANY OF THE DEBTORS OR THEIR ESTATES, ANY DEBTORS' PROPERTY, THE LIQUIDATING TRUST OR THE LIQUIDATING TRUSTEE, ON ACCOUNT OF ANY SUCH CLAIMS OR INTERESTS: (A) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; (B) CREATING, PERFECTING OR ENFORCING ANY LIEN OR ENCUMBRANCE; (C) ASSERTING A SETOFF OR RIGHT OF SUBROGATION OF ANY KIND AGAINST ANY DEBT, LIABILITY OR OBLIGATION DUE TO ANY DEBTOR; (D) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN; AND (E) TAKING ANY ACTION WHICH INTERFERES WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN; PROVIDED, HOWEVER, THAT NOTHING CONTAINED IN THE PLAN SHALL PRECLUDE SUCH PERSONS FROM EXERCISING AND/OR ENFORCING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THE PLAN OR THE CONFIRMATION ORDER.**

Dated: _____, 2025                                    Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**                 **MORRIS JAMES LLP**

*/s/ DRAFT*_____                      */s/ DRAFT*_____
Maria Aprile Sawczuk (DE Bar No. 3320)           Eric J. Monzo (DE Bar No. 5214)
Aaron R. Harburg, Esq. (DE Bar No. 7207)         Brya M. Keilson (DE Bar No. 4643)
501 Silverside Road, Suite 65                    500 Delaware Avenue, Suite 1500
Wilmington, DE 19809                             Wilmington, DE 19801
Telephone: (302) 444-6710                        Telephone: (302) 888-6800
marias@goldmclaw.com                             emonzo@morrisjames.com
aaronh@goldmclaw.com                             bkeilson@morrisjames.com

-and-                                            -and-

Matthew E. McClintock (admitted *pro hac vice*)  **LOWENSTEIN SANDLER LLP**
William H. Thomas (admitted *pro hac vice*)      Jeffrey L. Cohen (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221             Brent I. Weisenberg (admitted *pro hac vice*)
Chicago, IL 60602                                Erica G. Mannix (admitted *pro hac vice*)
Telephone: (312)337-7700                         1251 Avenue of the Americas
mattm@goldmclaw.com                              New York, NY 10020
willt@goldmclaw.com                              Telephone: (212) 262-6700
                                                 jcohen@lowenstein.com
*Counsel for the Debtors and*                    bweisenberg@lowenstein.com
*Debtors-in-Possession*                          emannix@lowenstein.com

                                                 *Counsel to the Official Committee of Unsecured*
                                                 *Creditors*