**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related to Docket Nos. 800, 801 and 821 |

**ORDER: (I) APPROVING THE MODIFIED COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN; (III) APPROVING THE FORM OF BALLOTS AND SOLICITATION PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) SCHEDULING A COMBINED HEARING FOR FINAL APPROVAL OF THE ADEQUACY OF DISCLOSURES IN, AND CONFIRMATION OF, THE COMBINED PLAN AND DISCLOSURE STATEMENT; AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "*Motion*") of Mountain Sports LLC and certain of its affiliates (the "*Debtors*"), as Debtors and Debtors-in-Possession in the above-captioned bankruptcy cases (these "*Chapter 11 Cases*"), and the Official Committee of Unsecured Creditors (the "*Committee*," and together with the Debtors, the "*Plan Proponents*") for entry of an Order: (i) approving the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and the Official Committee of Unsecured Creditors Dated October 8, 2025* [D.I. 800], as modified by the *Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and the Official Committee of Unsecured Creditors Dated October 27, 2025* [D.I. 821] (as modified, the "*Combined Disclosure Statement & Plan*") on an interim

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

basis for solicitation purposes only; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement & Plan; (iii) approving the form of ballots and solicitation packages; (iv) establishing the voting record date as January 14, 2026 (the "*Voting Record Date*"); (v) scheduling a combined hearing for final approval of the adequacy of disclosures in, and the confirmation of, the Combined Disclosure Statement & Plan; and (vi) granting related relief; and it appearing this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; due, adequate and sufficient notice of the Motion having been given; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if necessary, before this Court; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:

A.      The Combined Disclosure Statement and Plan contains adequate information within the meaning of section 1125 of the Bankruptcy Code, subject to the Confirmation Hearing.

B.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C.      The contents of the Solicitation Package, the Non-Voting Package and the Information Package, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against the Debtors.

2

D.      The Combined Hearing Notice, substantially in the form attached hereto as Annex 2, satisfies the requirements of due process with respect to all Holders of Claims and Interests.

E.      The form of Ballots, substantially in the form attached hereto as Annex 4 and 5: (i) is sufficiently consistent with Official Form B314; (ii) adequately address the particular needs of the Chapter 11 Cases; and (iii) are appropriate for the Voting Classes.

F.      The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

G.      Only Holders of Allowed Claims in Classes 2 and 3 are entitled to vote to accept or reject the Plan. Ballots need not be provided to Holders of Unclassified Claims or to Holders of Priority Non-Tax Claims, Intercompany Claims, or Equity Interests in Classes 1, 4, and 5, respectively, as such non-voting classes are either Unimpaired or are conclusively presumed to have accepted or rejected the Plan in accordance with sections 1126(f) and (g) of the Bankruptcy Code.

H.      The period during which the Plan Proponents may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Plan and to submit their Ballots in a timely fashion.

I.      The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The Disclosure Statement is approved on an interim basis as containing adequate information under Bankruptcy Code Section 1125 for solicitation purposes.

3.      The Combined Hearing Notice, in substantially the form attached hereto as Annex 2, is approved.

4.      The form of Notice of Non-Voting Status, in substantially the form hereto as Annex 3, is approved.

5.      The forms of Ballots, in substantially the forms attached hereto as Annex 4 and Annex 5, are approved.

6.      The form of Plan Summary, in substantially the form attached hereto as Annex 6, is approved.

7.      Pursuant to Bankruptcy Rule 3017(d), **January 14, 2026 at 4:00 p.m. (ET)** (the "*Voting Record Date*") shall be the record date for purposes of determining which Holders of Claims are entitled to (i) receive a Solicitation Package and, (ii) where applicable, to vote on the Plan.

8.      No later than three (3) business days after the date of this Order (the "*Solicitation Commencement Date*"), or as reasonably soon as possible thereafter, Epiq shall provide by first-class mail or by email, where available, to all known Holders of Claims in the Voting Classes a Solicitation Package containing the following:

     a.      the Plan and all other exhibits annexed thereto;

     b.      a Copy of this Order;

     c.      the Combined Hearing Notice;

     d.      a corresponding Ballot with a return envelope postage prepaid;

     e.      the Tabulation Procedures; and

g.    such other materials as the Court may direct or approve, including any supplemental solicitation materials the Plan Proponents may file with the Court.

9.    By the Solicitation Commencement Date, Epiq shall provide by first class mail or by email, where available, the Notice of Non-Voting Status and Plan Summary to all known Holders of Claims in Classes 1, 4 and 5 and Unclassified Claims.

10.    To the extent the Office of the United States Trustee, governmental units having an interest in the Chapter 11 Cases, or parties that have requested pursuant to Bankruptcy Rule 2002 to receive notices in these Chapter 11 Cases have not otherwise received a Solicitation Package, by the Solicitation Commencement Date, or as soon as reasonably practical thereafter, Epiq shall provide such parties by first-class mail or by email, where available, with the following information (collectively, the "*Information Package*"): (a) the Plan, together with all other exhibits annexed thereto, (b) a copy of this Order, and (c) the Combined Hearing Notice.

11.    In addition, to the extent not otherwise covered above, by the Solicitation Commencement Date, or as soon as reasonably practical thereafter, Epiq shall provide by first-class mail or by email, where available, a copy of the Combined Hearing Notice to the following: (i) all state and local taxing authorities for all 50 states and for the local jurisdictions in which the Debtors had brick and mortar businesses, (ii) the Internal Revenue Service, (iii) the United States Attorney for the District of Delaware, (v) all Holders of Claims or Interests whether in the Voting Classes or in the Non-Voting Classes, and (vi) all persons or entities listed on the Debtors' creditor mailing matrix, with the exception of parties whose claims have been satisfied.

12.    Any motion seeking temporary allowance of a Claim for voting purposes shall be filed by no later than February 18, 2026 at 4:00 p.m. (prevailing Eastern Time). Any response to a timely filed motion seeking temporary allowance shall be filed by no later than March 1, 2026 at

4:00 p.m. (prevailing Eastern Time). A hearing to adjudicate or resolve all pending motions for temporary allowance shall be held on March 12, 2026 at 2:00:30 p.m. (ET), prior to the Confirmation Hearing.

13.     Any Plan Supplement shall be filed by no later than February 28, 2026. The documents contained in the Plan Supplement may be amended, modified, superseded or supplemented, as needed, from time to time.

14.     To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered by (a) first-class mail (either using the reply envelope provided or otherwise), (b) overnight courier, or (c) personal delivery, so that such Ballots are actually received by Epiq by no later than **March 1, 2026 at 4:00 p.m. (prevailing Eastern Time)**.

15.     The Tabulation Procedures, set forth on Annex 1 hereof, are approved. To the extent necessary, the Plan Proponents are authorized, but not required, without further Court order, to modify the Tabulation Procedures, consistent with the relief granted in this Order.

16.     On or before **March 3, 2026**, the Debtors' voting agent, Epiq ("*Epiq*"), will file a signed declaration setting forth the final voting results and methodology used to tabulate the votes (the "*Voting Declaration*"). The Voting Declaration shall, among other things: (a) describe generally every Ballot received by Epiq that does not conform to the Voting Instructions or that contains any form of irregularity; (b) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (c) specify any Ballots that were withdrawn. For the avoidance of doubt, the Voting Declaration shall specify all votes that were rejected, for any reason, and the reason for such rejection.

17.     Any objections to final approval and confirmation of the Plan on any ground, including adequacy of the disclosures therein, if any, must: (i) be in writing, (ii) comply with the

Bankruptcy Rules and the Local Rules, and (iii) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, no later than **March 1, 2026 at 4:00 p.m. (ET)**, and (iv) and a copy must be served by email upon the following: (a) counsel to the Debtors: Goldstein & McClintock, LLLP, 501 Silverside Road, Suite 65, Wilmington, DE 19809, Attn: Maria Aprile Sawczuk (marias@goldmclaw.com); and (b) Counsel for the Committee: (i) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn Jeffrey L. Cohen (jcohen@lowenstein.com), Brent Weisenberg (bweisenberg@lowenstein.com) and Erica Mannix (emannix@lowenstein.com);; and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Eric J. Monzo (emonzo@morrisjames.com).

18.    No later than **March 5, 2026**, the Plan Proponents may file a brief in support and submit any evidence in support of confirmation of the Plan, as well as respond to any objections or responses filed in opposition to the Plan.

19.    The Bankruptcy Court shall conduct the Confirmation Hearing for (i) final approval of the Plan and (ii) confirmation of the Plan. The Confirmation Hearing is hereby scheduled for **March 12, 2026 at 10:30 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by the Plan Proponents without further notice other than by (i) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (ii) filing a notice with the Court.

20.    The Plan Proponents are authorized to make non-substantive and ministerial changes to any documents included in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Plan and any other materials included in the Solicitation Package prior to their distribution.

21.     The Plan Proponents are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

22.     The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

23.     This Order is effective immediately upon entry.

**Dated: January 14th, 2026**
**Wilmington, Delaware**

MARY F. WALRATH
**UNITED STATES BANKRUPTCY JUDGE**