# ANNEX 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) | Case No. 24-11385 (MFW) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TABULATION PROCEDURES**

1.      Unless otherwise provided in these Tabulation Procedures,[2] a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the non-contingent, liquidated, undisputed amount of such Claim as set forth in the Debtors' Schedules if no Proof of Claim has been timely filed in respect of such Claim as of the Voting Record Date or (ii) if a Proof of Claim has been timely filed as of the Voting Record Date in respect of such Claim, the amount set forth in such Proof of Claim.

2.      Duplicate Claims within the Voting Class will be entitled to one Solicitation Package and one ballot for voting a single claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

3.      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan, subject to any creditor's right to challenge the Combined Disclosure Statement & Plan's deemed consolidation of the Debtors in connection with confirmation of the Combined Disclosure Statement & Plan.

4.      Under the Combined Disclosure Statement & Plan, only Claimholders in the Voting Classes are entitled to vote on the Combined Disclosure Statement & Plan.

5.      If a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Interim Approval and Procedures Order.

6.    If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, contingent or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors), and such claim has not been allowed or objected to, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, irrespective of how such Claim may or may not be set forth on the Schedules.

7.    Proofs of Claim filed for $0.00 are not entitled to vote.

8.    If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed, and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, or is marked or otherwise referenced on its face as partially contingent, partially unliquidated and/or partially disputed, such Claim shall be temporarily allowed solely for voting purposes in the noncontingent, liquidated, and undisputed amount, irrespective of how such Claim may or may not be set forth on the Schedules.

9.    The Plan Proponents are authorized to enter into stipulations with any Claimholder agreeing to the amount of a Claim for voting purposes.

10.    If the Debtors or another party in interest have served an objection to a Claim by the Voting Record Date, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection. Any Claim that is the subject of a claim objection filed on or before 21 days before the Voting Deadline who wishes to contest such objection must file and serve a motion under Bankruptcy Rule 3018(a) by no later than 14 days after the objection is served upon them. Any Holder of a Claim who files a Rule 3018(a) motion by 7 days before the Voting Deadline shall be provided a ballot by Epiq and shall be permitted to cast a provisional vote to accept or reject the Plan. If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) motion prior to the Voting Deadline, then at the Confirmation Hearing the Court will determine whether the provisional ballot should be counted as a vote on the Plan.

11.    If a Claimholder identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the Claim will be temporarily allowed for voting purposes in the lesser amount identified.

12.    If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Bankruptcy Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

13.    Except as otherwise ordered by the Bankruptcy Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Plan Proponents (in their sole discretion).

14. Any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement & Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement & Plan, will not be counted.

15. Any Ballot that is returned indicating acceptance or rejection of the Combined Disclosure Statement & Plan but is unsigned will not be counted.

16. Whenever a Claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

17. If a Claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

18. Each Claimholder will be deemed to have voted the full amount of its liquidated Claim as set forth on the Ballot.

19. Claimholders may not split their vote within a Class; thus, each Claimholder will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement & Plan.

20. Ballots partially rejecting and partially accepting the Combined Disclosure Statement & Plan will not be counted.

21. Any Ballot received that is illegible or otherwise incomplete will not be counted.

22. The method of delivery of Ballots to Epiq is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by Epiq.

23. The Plan Proponents expressly reserve the right to amend the terms of the Combined Disclosure Statement & Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Plan Proponents make material changes to the terms of the Combined Disclosure Statement & Plan, the Plan Proponents will disseminate additional solicitation materials, extend the solicitation period, and, if applicable, modify these Tabulation Procedures, in each case to the extent required by the Combined Disclosure Statement & Plan, applicable law, or further order of the Bankruptcy Court.

24. If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person will be required to indicate such capacity when signing and, at the Plan Proponents' discretion, must submit proper evidence satisfactory to the Plan Proponents to so act on behalf of the Claimholder.

25. Any Claimholder who has delivered a valid Ballot voting on the Combined Disclosure Statement & Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a). After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents.

26. Epiq will file with the Court by no later than seven days before the Combined Hearing a voting report (the "*Voting Report*").  The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions (in each case, an "*Irregular Ballot*"). The Voting Report shall indicate the Plan Proponents' intentions with regard to each Irregular Ballot.

27. Subject to any contrary order of the Bankruptcy Court, the Plan Proponents further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable.

28. Neither the Plan Proponents nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

29. Epiq will date stamp or electronically record date of receipt all Ballots when received. Epiq shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Bankruptcy Court.

30. An original properly completed and executed Ballot is required to be submitted by the entity submitting such Ballot. Delivery of a Ballot to Epiq by any electronic means other than as provided in the Interim Approval and Procedures Order will not be valid.

31. No Ballot should be sent to any party other than Epiq Ballot Processing. If a Ballot is sent to any other party, it will not be counted.

32. In the event a designation is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Combined Disclosure Statement & Plan cast with respect to such Claim will be counted for purposes of determining whether the Combined Disclosure Statement & Plan has been accepted and/or rejected.

33. If a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Bankruptcy Court, such Claim shall be provisionally allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only and not for purposes of allowance or distribution; provided, however, that if a Claim has been estimated by the Bankruptcy Court for purposes of allowance and distribution pursuant to section 502(c) of the Bankruptcy Code, such allowance shall be for both voting and distribution purposes.

34. Any Class of Claims or Interests that does not contain, as of the date of the commencement of the Combined Hearing, at least one Allowed Claim or Allowed Interest, as applicable, or at least one Claim or Interest, as applicable, that is provisionally Allowed under Bankruptcy Rule 3018, such Class of Claims or Interests, as applicable, shall be deemed eliminated from the Combined Disclosure Statement & Plan for all purposes, including for purposes of (i) voting on the acceptance or rejection of the Combined Disclosure Statement

& Plan and (ii) determining acceptance or rejection of the Combined Disclosure Statement & Plan by such Class under sections 1129(a)(8) and 1129(a)(10) of the Bankruptcy Code.


[SPACE INTENTIONALLY LEFT BLANK]

Dated: _____, 2025

Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

*/s/ DRAFT*_____
Maria Aprile Sawczuk (DE Bar No. 3320)
Aaron R. Harburg, Esq. (DE Bar No. 7207)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com
aaronh@goldmclaw.com

-and-

Matthew E. McClintock (admitted *pro hac vice*)
William H. Thomas (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312)337-7700
mattm@goldmclaw.com
willt@goldmclaw.com

*Counsel for the Debtors and*
*Debtors-in-Possession*

**MORRIS JAMES LLP**

*/s/ DRAFT*_____
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
emonzo@morrisjames.com
bkeilson@morrisjames.com

-and-

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen (admitted *pro hac vice*)
Brent I. Weisenberg (admitted *pro hac vice*)
Erica G. Mannix (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
jcohen@lowenstein.com
bweisenberg@lowenstein.com
emannix@lowenstein.com

*Counsel to the Official Committee of Unsecured*
*Creditors*