# EXHIBIT B

## LIQUIDATING TRUST AGREEMENT

### PREAMBLE

This Liquidating Trust Agreement, dated as of February [●], 2026 (the "**Agreement**"), which pertains to the administration of the MS Liquidating Trust (the "**Liquidating Trust**"), is made effective as of the Effective Date[1] of the Plan, by and among Mountain Sports LLC; SDI Stores LLC; SDI Gift Card LLC; Bob's Stores USA LLC; and Mountain Sports USA LLC, the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")[2] and Sean C. Southard as trustee of the Liquidating Trust (the "**Liquidating Trustee**" and together with the Debtors, the "**Parties**") in accordance with the *Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and its Affiliated Debtors and the Official Committee of Unsecured Creditors, Dated October 27, 2025* [D.I. 909] (the disclosure statement portion thereof, the "**Disclosure Statement**" and the chapter 11 plan portion thereof, the "**Plan**," as may be modified, supplemented and/or amended from time to time, and collectively, the "**Combined Plan and Disclosure Statement**") jointly filed by the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**"), and such Plan having been confirmed pursuant to the entry of the Confirmation Order.

### RECITALS

A.      On June 18, 2024 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), thereby commencing their chapter 11 cases (together, the "**Chapter 11 Cases**").

B.      On October 27, 2025, the Debtors and the Committee (together, the "**Plan Proponents**") jointly filed the Combined Plan and Disclosure Statement.

C.      On [●], 2026, the Bankruptcy Court entered an order [D.I. [●]] (the "**Confirmation Order**") confirming the Plan.

D.      Among other things, the Plan provides for the creation of a post-confirmation liquidating trust on the Effective Date to hold and administer certain Liquidating Trust Assets and distribute the proceeds therefrom to the Holders of Allowed Class 2 Claims and Allowed Class 3 Claims, in accordance with the terms of this Agreement and the Plan. This Agreement is executed to establish the Liquidating Trust and to facilitate the implementation of the Plan.

---

[1]     A capitalized term used but not defined herein shall have the meaning ascribed to it in the Combined Plan and Disclosure Statement (as defined herein).

[2]     The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); SDI Stores LLC (4751); and Mountain Sports USA LLC (4036).  The Debtors' mailing address is 35 Park Pl., #809, Branford, CT 06405.

E.    The Liquidating Trust is created on behalf of, and for the benefit of, the Liquidating Trust Beneficiaries and such Liquidating Trust Beneficiaries are entitled to their applicable Liquidating Trust Interests.

F.    The respective powers, authority, responsibilities, and duties of the Liquidating Trustee shall be governed by this Agreement, the Plan, the Confirmation Order, other applicable orders issued by the Bankruptcy Court and, with respect to the Liquidating Trustee only, any obligations under Delaware law.

G.    This Agreement is intended to supplement, complement, and implement the Plan. If any of the terms and/or provisions of this Agreement are inconsistent with the terms and/or provisions of the Plan or the Confirmation Order, then the Plan or the Confirmation Order shall govern except for inconsistencies or clarifications in furtherance of the Liquidating Trust as a liquidating trust for federal income tax purposes, in which case the terms and/or provisions of this Liquidating Trust shall govern.

H.    The Liquidating Trust is intended to qualify as a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d) and in compliance with Revenue Procedure 94-45, 1994-2 C.B. 684, and as such is intended to be treated as a "grantor trust" for all federal income tax purposes pursuant to Sections 671 through 679 of the Internal Revenue Code of 1986, as amended (the "**Tax Code**"), with the Liquidating Trust Beneficiaries treated as the grantors and owners of the Liquidating Trust.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the Parties agree as follows:

## **DEFINITIONS**

"Administrative Claim Reserve" means the reserve established by the Liquidating Trustee to pay Allowed Administrative Claims and Allowed Priority Tax Claims as set forth in Section 4.03(c) of the Plan and Section 8.02 of the Plan.

"Affiliates" means an "affiliate" as defined in Bankruptcy Code section 101(2).

"Agreement" has the meaning specified in the Preamble to this Agreement.

"Bankruptcy Court" has the meaning specified in the Preamble to this Agreement.

"Beneficial Interest" means an interest that entitles the holder thereof to a Distribution from the Liquidating Trust in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.

"Debtors" has the meaning specified in the Preamble to this Agreement.

"Disputed Claim Reserves" means the reserve(s) that may be established by the Liquidating Trustee in its discretion pursuant to Section 6.10(j) of the Combined Plan and Disclosure Statement, the Confirmation Order, and this Agreement, which Reserve(s) shall contain amounts relating to Disputed General Unsecured Claims and/or Disputed Insider Claims.

2

"DOF Election" means the election by the Liquidating Trustee to treat any portion of the Liquidating Trust allocable to Disputed Claims as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9.

"IRS" means the Internal Revenue Service of the United States of America.

"Liquidating Trust" has the meaning specified in the Preamble to this Agreement.

"Liquidating Trust Asset Proceeds" means any and all proceeds from the Liquidating Trust Assets, including, without limitation, any cash or other property received from or in connection with the Liquidating Trust Assets or the prosecution, settlement, or adjudication of any Retained Causes of Action that are Liquidating Trust Assets.

"Liquidating Trust Assets" means (a) Cash in an amount equal to (i) the total amount of Estate Cash less (ii) (A) cash transferred to the Liquidating Trust (if any) on the Effective Date to fund the Liquidating Trust Expense Reserve and the Administrative Claim Reserve, and (B) cash paid from Distributable Cash on the Effective Date on account of the treatment of Administrative Claims and Priority Tax Claims; (b) the Retained Causes of Action scheduled for transfer to the Liquidating Trust on the Schedule of Retained Causes of Action and all proceeds thereof; (c) all Assets of the Estates on the Effective Date and all proceeds thereof; and (d) the Liquidating Trust's beneficial interests in the Liquidating Trust Expense Reserve and the Administrative Claim Reserve to the extent funds remain in the Liquidating Trust Expense Reserve and/or the Administrative Claim Reserve following satisfaction of all Claims on account of which a reserve was created.

"Liquidating Trust Beneficiaries" means, collectively, the Holders of (i) Allowed Class 2 Claims (General Unsecured Claims) against a Debtor, and (ii) Allowed Class 3 Claims (Insider Claims) against a Debtor, which remain unpaid as of the Effective Date, in their capacity as beneficiaries of the Liquidating Trust in accordance with this Agreement.

"Liquidating Trust Expense Reserves" means the reserve(s) established by the Liquidating Trustee for payment of projected Liquidating Trust Expenses, which reserve(s) may be replenished or adjusted from time to time by the Liquidating Trustee in its reasonable discretion in accordance with the terms of this Agreement, the Plan, and the Confirmation Order.

"Liquidating Trust Expenses" means (i) the actual and projected costs and expenses of the Liquidating Trust and (ii) actual and projected reasonable fees, costs and expenses of the Liquidating Trustee and the Liquidating Trustee's retained professionals, as determined in the reasonable discretion of the Liquidating Trustee, subject to the terms of this Agreement, the Plan, and the Confirmation Order.

"Liquidating Trust Interests" means the non-certificated Beneficial Interests of the Liquidating Trust allocable to Holders of Allowed Claims in accordance with the terms of the Plan and this Agreement, which may or may not be transferable.

"Liquidating Trustee" has the meaning specified in the Preamble to this Agreement and includes any successor Liquidating Trustee appointed pursuant to Article 9.1.

3

"Liquidating Trustee Non-Professionals" has the meaning specified in Article 11.1(b).

"Liquidating Trustee Professionals" has the meaning specified in Article 11.1(a).

"Parties" has the meaning specified in the Preamble to this Agreement.

"Permissible Investments" has the meaning specified in Article 2.8.

"Person" means any individual, corporation, partnership, joint venture, association, trust, unincorporated organization, or other legal entity, or any governmental authority, entity, or political subdivision thereof.

"Petition Date" has the meaning specified in the Preamble to this Agreement.

"Plan" has the meaning specified in the Preamble to this Agreement.

"Pro Rata" shall mean the proportion that an Allowed Claim in a particular Class bears to the aggregate amount of Allowed Claims in that respective Class, or the proportion that Allowed Claims in a particular Class bear to the aggregate amount of Allowed Claims in a particular Class and other Classes entitled to share in the same recovery as such Allowed Claim under the Plan, as applicable.

"Retained Causes of Action" means all Retained Causes of Action (as defined in the Plan) that are Liquidating Trust Assets.

"Residual Cash" means, collectively, the Estate Cash and Cash proceeds of the Liquidating Trust Assets, including the Retained Causes of Action, less (i) amounts reserved for the administration of the Liquidating Trust from and after the Effective Date (including the fees and expenses of the Liquidating Trust and its professionals) and (ii) amounts required to make distributions on account of, or Reserves for, Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims in accordance with the Plan.

"Retained Causes of Action" means all Causes of Action retained by the Estates as set forth in paragraph 2 of the Asset Purchase Agreement and scheduled for transfer to the Liquidating Trust on the Schedule of Retained Causes of Action, and all proceeds thereof.

"Undeliverable Distributions" has the meaning specified in Article 4.3.

## ARTICLE 1
## ESTABLISHMENT, PURPOSE AND FUNDING OF TRUST

1.1   Creation and Name; Formation

Upon the Effective Date of the Plan, the Liquidating Trust as referred to in the Plan is hereby created.  The Liquidating Trustee may conduct the affairs of the Liquidating Trust under the name of "MS Liquidating Trust," the Liquidating Trust, or such variation thereof as the Liquidating Trustee sees fit.

1.2     Appointment of Liquidating Trustee

Sean C. Southard is hereby appointed to serve as the initial Liquidating Trustee under the Plan and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement. To effectuate an orderly and efficient transition of the administration of the Liquidating Trust Assets from the Debtors to the Liquidating Trustee, the Liquidating Trustee may perform certain services in connection with its duties and obligations under this Agreement prior to the Effective Date, which are hereby ratified as of the Effective Date. A successor Liquidating Trustee shall be appointed as set forth in Article 9.1 in the event the Liquidating Trustee is removed or resigns pursuant to this Agreement, or if the Liquidating Trustee otherwise vacates the position.

1.3     Purpose of Trust

The Plan Proponents and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the Bankruptcy Code, hereby establish the Liquidating Trust for the purpose of: (i) implementing the Combined Plan and Disclosure Statement; (ii) continuing to investigate and prosecute the Retained Causes of Action; (iii) administering, monetizing and/or liquidating the Liquidating Trust Assets; (iii) resolving all Disputed Claims; (iv) making all distributions to Holders of Allowed Class 2 Claims and Allowed Class 3 Claims from the Liquidating Trust and as provided for in the Combined Plan and Disclosure Statement and this Agreement; and (v) winding down the Debtors and their Estates.

The activities of the Liquidating Trust shall be limited to those activities set forth in this Agreement and as otherwise contemplated by the Plan. The Liquidating Trust is intended to qualify as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and the primary purpose of the Liquidating Trust shall be to liquidate and distribute the Liquidating Trust Assets in compliance with Revenue Procedure 94-45, 1994-2 C.B. 684. The Liquidating Trust has no objective to continue or engage in the conduct of a trade or business, expect to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust as set forth in the Plan.

1.4     Liquidating Trust Assets

1.4.1   Transfer of Liquidating Trust Assets; Assumption of Liabilities

Pursuant to the Plan, the Parties hereby establish the Liquidating Trust on behalf of the Liquidating Trust Beneficiaries, to be treated as the grantors and deemed owners of the Liquidating Trust Assets and the Debtors hereby transfer, assign, and deliver to the Liquidating Trust, on behalf of the Liquidating Trust Beneficiaries, all of their right, title, and interest in the Liquidating Trust Assets, including the related claims and Retained Causes of Action in accordance with the provisions of the Plan, notwithstanding any prohibition of assignability under applicable non-bankruptcy law. Such transfer includes, but is not limited to, all rights to assert, waive or otherwise exercise any attorney-client privilege, work product protection or other privilege, immunity, or confidentiality provision vested in, or controlled by, the Debtors. The Liquidating Trustee agrees to accept and hold the Liquidating Trust Assets in the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, subject to the terms of the Plan and this Agreement.

### 1.4.2   Title to Assets

(a)      On the Effective Date, the Debtors shall transfer the Liquidating Trust Assets to the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries. Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, all assets and properties that comprise the Liquidating Trust Assets as defined by the Plan shall vest in the Liquidating Trust in accordance with section 1141 of the Bankruptcy Code.  Upon the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Debtors shall have no interest in or with respect to such Liquidating Trust Assets or the Liquidating Trust.

(b)      For all federal income tax purposes, all Parties and Liquidating Trust Beneficiaries shall treat the transfer of the Liquidating Trust Assets by the Debtors to the Liquidating Trust, as set forth in this Article 1 and in the Plan, as a transfer of such assets by the Debtors to the Liquidating Trust Beneficiaries entitled to distributions under this Agreement followed by a transfer by such Liquidating Trust Beneficiaries to the Liquidating Trust.  Thus, the Liquidating Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income tax purposes.

### 1.4.3   Valuation of Assets

As soon as practicable after the Effective Date, the Liquidating Trustee (to the extent that the Liquidating Trustee deems it necessary or appropriate in its discretion), shall value the Liquidating Trust Assets based on the good faith determination of the Liquidating Trustee.  To the extent a valuation is completed, the Liquidating Trustee shall apprise the Liquidating Trust Beneficiaries of the value of the Liquidating Trust Assets.  The valuation shall be used consistently by all Parties and the Liquidating Trust Beneficiaries for all federal income tax purposes.  The Bankruptcy Court shall resolve any dispute regarding the valuation of the Liquidating Trust Assets.

### 1.5   Nature of Trust

The Liquidating Trust is irrevocable, but this Agreement is subject to amendment and waiver as provided in the Agreement and the Plan.  The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, limited liability partnership, joint venture, corporation, limited liability company, joint stock company or association, nor shall the Liquidating Trustee or the Liquidating Trust Beneficiaries for any purpose be, or be deemed to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Liquidating Trust Beneficiaries, on the one hand, to the Liquidating Trust and the Liquidating Trustee, on the other hand, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement, the Plan, and the Confirmation Order.

### 1.6   Effectiveness

The effectiveness of this Agreement shall occur upon the Effective Date of the Plan.

6

## ARTICLE 2
## DUTIES AND POWERS OF THE LIQUIDATING TRUSTEE

2.1    Generally

The Liquidating Trustee shall be responsible for liquidating and administering (or abandoning, as the case may be) the Liquidating Trust Assets, including any Retained Causes of Action, and taking actions on behalf of, and representing, the Liquidating Trust.  Pursuant to Bankruptcy Code section 1123(b)(3), the Liquidating Trustee shall be deemed the appointed representative to, and may investigate, pursue, litigate, and compromise and settle any such rights, claims and Retained Causes of Action in accordance with the best interests of, and for the benefit of, the Liquidating Trust Beneficiaries.  The Liquidating Trustee shall have the authority to bind the Liquidating Trust within the limitations set forth herein, but shall for all purposes hereunder be acting in the capacity of Liquidating Trustee and not individually.

2.2    Scope of Authority of Liquidating Trustee

Within the limitations set forth herein, the responsibilities and authority of the Liquidating Trustee shall include, without limitation: (i) establishing reserves and investing Cash; (ii) liquidating any remaining non-Cash Liquidating Trust Assets (if any); (iii) retaining and paying professionals as necessary to carry out the purposes of the Liquidating Trust without further approval of the Bankruptcy Court; (iv) filing all required tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a); (v) abandoning any property of the Liquidating Trust that cannot be sold or distributed economically without further approval of the Bankruptcy Court; (vi) making interim and final distributions of Liquidating Trust Assets; (vii) winding up the affairs of the Liquidating Trust; (viii) destroying records in accordance with Section 6.03 of the Plan; (ix) administering each Debtor's tax obligations, including (a) filing tax returns and paying tax obligations, (b) requesting, if necessary, an expedited determination of any unpaid tax liability of each Debtor or its estate under Bankruptcy Code section 505(b) for all taxable periods of such Debtor ending after the date on which the Chapter 11 Cases were commenced through the liquidation of such Debtor as determined under applicable tax laws, and (c) representing the interest and account of each Debtor or its estate before any taxing authority in all matters including, without limitation, any action, suit, proceeding or audit; (x) receiving reasonable compensation for performing services as Liquidating Trustee in accordance with this Agreement; (xi) filing all required reports with the Bankruptcy Court regarding the status of the administration of the Liquidating Trust Assets and the assets, liabilities, and transfers of the Liquidating Trust; and (xii) such other responsibilities as may be vested in the Liquidating Trustee pursuant to the Combined Plan and Disclosure Statement, this Agreement, the Confirmation Order, other Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

For the avoidance of doubt, to the extent any action needs to be taken with respect to, or on the behalf of, the Debtors, the Liquidating Trustee shall be authorized to take such action on their behalf.  Notwithstanding the foregoing, none of the responsibilities vested in the Liquidating Trustee described in this Section 2.2 or Section 2.4 shall be permitted to the extent such responsibilities affect the status of the Liquidating Trust as a "liquidating trust" for federal income tax purposes.

2.3     Obligations to Liquidating Trust and Beneficiaries

The Liquidating Trustee's actions as Liquidating Trustee will be held to standards applicable to liquidating trustees under Delaware law.

2.4     Additional Powers of Liquidating Trustee

In connection with the administration of the Liquidating Trust, subject to and except as otherwise set forth in this Agreement or the Plan, the Liquidating Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Liquidating Trust.  Without limiting, but subject to, the foregoing, the Liquidating Trustee shall, unless otherwise provided in this Agreement and subject to the limitations contained herein and in the Plan:

(a)     be expressly authorized and required to hold legal title (on behalf of the Liquidating Trust as Liquidating Trustee, but not individually) to the Liquidating Trust Assets, including, but not limited to, the Retained Causes of Action, and be expressly authorized to vote any Claim held by the Liquidating Trust in any case or proceeding under the Bankruptcy Code or otherwise and to receive any distribution therein;

(b)     be expressly authorized and required to protect and enforce the rights to the Liquidating Trust Assets vested in the Liquidating Trust by the Plan by any method deemed appropriate in its discretion, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(c)     be expressly authorized to invest funds (in the manner set forth in Article 2.8), make distributions, and pay any other obligations owed by the Liquidating Trust from the Liquidating Trust Assets as provided herein and in the Plan;

(d)     be expressly authorized and required to prosecute, defend, compromise, adjust, analyze, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms set forth in Article 5 hereof, Claims against the Liquidating Trust or the Liquidating Trust Assets;

(e)     be expressly authorized and required to pay expenses and make disbursements necessary to preserve and liquidate the Liquidating Trust Assets;

(f)     be expressly authorized and required to make the Distributions as contemplated in the Plan and this Agreement;

(g)     be expressly authorized and required to file appropriate tax returns with respect to the Liquidating Trust and the Debtors, and pay taxes properly payable by the Liquidating Trust, if any, in the exercise of its fiduciary obligations;

(h)     be expressly authorized and required to take such actions as are necessary and reasonable to carry out the purposes of the Liquidating Trust;

8

(i)    be expressly authorized to purchase insurance coverage as the Liquidating Trustee, in its sole discretion, deems necessary and appropriate with respect to the assets, liabilities, and obligations of the Liquidating Trust;

(j)    be expressly authorized to retain and pay, as applicable, the Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals as provided in, and subject to the terms of, this Agreement;

(k)    be expressly authorized to incur any reasonable and necessary expenses in liquidating and converting the Liquidating Trust Assets to Cash, or otherwise administering the Liquidating Trust, as set forth in the Plan or this Agreement;

(l)    be expressly authorized to terminate the Liquidating Trust and seek to close the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code; and

(m)    be expressly authorized and required to assume such other powers as may be vested in or assumed by the Liquidating Trust pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

(n)    Be expressly authorized and required to file a motion for the entry of a final decree closing the Chapter 11 Cases, following which, the Debtors' corporate entities shall be deemed dissolved for all purposes in accordance with applicable state law.

2.5    General Authority of the Liquidating Trustee

Unless specifically stated otherwise herein, the Liquidating Trustee shall not be required to obtain Bankruptcy Court approval with respect to any proposed action or inaction: (a) authorized in this Agreement; or (b) specifically contemplated in the Plan.

2.6    Limitation of Liquidating Trustee's Authority; No On-Going Business

(a)    The Liquidating Trustee shall have no power or authority except as set forth in this Agreement or in the Plan.

(b)    The Liquidating Trustee shall not be authorized to engage in any trade or business with respect to the Liquidating Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidation purpose of the Liquidating Trust.  The Liquidating Trustee shall take such actions consistent with the prompt orderly liquidation of the Liquidating Trust Assets as required by applicable law and consistent with the treatment of the Liquidating Trust as a liquidating trust under Treasury Regulation section 301.7701-4(d) and in compliance with Revenue Procedure 94-45, 1994-2 C.B. 684, to the extent such actions are permitted by this Agreement.

2.7    Other Activities

The Liquidating Trustee shall be entitled to retain Professionals in accordance with the terms of this Agreement and to assist with the administration of the Liquidating Trust including,

9

but not limited to, Professionals retained by the Debtors and/or by the Committee, without the need for an order of the Bankruptcy Court. The provision of services by any Professional retained in these Chapter 11 Cases shall not disqualify such Professional from employment by the Liquidating Trustee and any conflict of interest with respect to such firm's prior representations in these Chapter 11 Cases shall be deemed waived upon entry of the Confirmation Order.

2.8     Investment and Safekeeping of Liquidating Trust Assets

All monies and other assets received by the Liquidating Trustee shall, until distributed or paid over as herein provided, be segregated from all other monies and assets of the Liquidating Trustee, and further, shall be held in trust for the benefit of the Liquidating Trust Beneficiaries, but need not be segregated from other Liquidating Trust Assets, unless and to the extent required by the Plan and this Agreement. The Liquidating Trustee shall promptly invest any such monies in the manner set forth in this Article 2.8, but shall otherwise be under no liability for interest or income on any monies received by the Liquidating Trust hereunder and held for distribution or payment to the Liquidating Trust Beneficiaries, except as such interest shall actually be received. Investment of any monies held by the Liquidating Trust shall be administered in accordance with the general duties and obligations hereunder. The right and power of the Liquidating Trustee to invest the Liquidating Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power to: (i) invest such Liquidating Trust Assets (pending distributions in accordance with the Plan or this Agreement) in (a) short-term direct obligations of, or obligations guaranteed by, the United States of America or (b) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof; or (ii) deposit such assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "**Permissible Investments**") *provided*, *however*, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

2.9     Establishment of Reserves

The Liquidating Trustee may establish a separate Disputed Claims Reserve on account of Distributions of Cash or other property as necessary under the Plan. The Liquidating Trustee shall not make any Distributions of Liquidating Trust Assets to the Liquidating Trust Beneficiaries unless the Liquidating Trustee retains and reserves in the Disputed Claims Reserve such amounts as are reasonably necessary to satisfy amounts that would have been distributed in accordance with Combined Plan and Disclosure Statement with respect of Disputed Claims if the Disputed Claims were determined to be Allowed Claims immediately prior to such proposed Distribution to the Liquidating Trust Beneficiaries. The Liquidating Trustee may elect to treat any of the Liquidating Trust Assets allocable to, or on account of, Disputed Claims as a "disputed ownership fund" governed by Treasury Regulations section 1.468B-9, if applicable, pursuant to the Plan.

**ARTICLE 3**
**TERM AND COMPENSATION FOR LIQUIDATING TRUSTEE**

10

3.1    Compensation

(a)    The Liquidating Trustee shall be entitled to receive compensation for services rendered on behalf of the Liquidating Trust and reimbursement of expenses as outlined in Exhibit A.

(b)    All compensation and other amounts payable to the Liquidating Trustee shall be paid out of the Liquidating Trust Expense Reserve.

(c)    The Liquidating Trustee shall not be required to File a fee application to receive compensation.

3.2    Termination

The duties, responsibilities, and powers of the Liquidating Trustee will terminate on the date the Liquidating Trust is dissolved and terminated pursuant to Article 12.1, or by an order of the Bankruptcy Court.

3.3    Bond

The Liquidating Trustee shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court.  The cost of any bond shall be an expense of the Liquidating Trust and paid from the Liquidating Trust Assets.

3.4    Removal

The Liquidating Trustee may be removed only for cause by a Final Order of the Bankruptcy Court, after notice and a hearing; *provided*, *however*, that the Liquidating Trustee may not be removed until a successor Liquidating Trustee has been named or is capable of being named immediately upon such removal.  For purposes of removing the Liquidating Trustee, "cause" shall mean gross negligence, breach of fiduciary duty, breach of trust, and reckless or willful mishandling of the Liquidating Trust Assets.  Any fees and unreimbursed expenses that have been properly incurred by the Liquidating Trustee in accordance with the terms of this Agreement that are owing to the Liquidating Trustee as of the date of the Liquidating Trustee's removal shall be paid to the Liquidating Trustee within seven (7) calendar days of the removal date.

3.5    Resignation

The Liquidating Trustee may resign by giving not less than sixty (60) calendar days' prior written notice thereof to the Bankruptcy Court and the Liquidating Trust Beneficiaries.

**ARTICLE 4**
**PROVISIONS REGARDING DISTRIBUTIONS**

4.1    Priority and Method of Distributions

(a)    Generally.  The Liquidating Trustee, on behalf of the Liquidating Trust, or such other Person as may be designated in accordance with this Agreement, will make distributions

11

to the Liquidating Trust Beneficiaries in accordance with this Agreement and in accordance with the priorities set forth in, and the other provisions of, the Plan.  Whenever any distribution to be made under the Plan or this Agreement is due on a day other than a Business Day, such distribution shall be made, without interest, on the immediately succeeding Business Day, but any such distribution will have been deemed to have been made on the date due.

(b)    Distribution of Liquidating Trust Assets and Proceeds Thereof.    All Liquidating Trust Assets and all Liquidating Trust Asset Proceeds shall be distributed in accordance with the terms of this Agreement, the Plan, and the Confirmation Order.  Holders of Allowed Class 2 Claims (General Unsecured Claims) shall receive their Pro Rata share of the Residual Cash, and Holders of Allowed Class 3 Claims (Insider Claims) shall receive their Pro Rata share of the Residual Cash, with Allowed Insider Claims sharing Pro Rata with Allowed General Unsecured Claims in any remaining Residual Cash.

(c)    Timing of Distributions.  Except as specifically set forth in the Plan and Section 4.1(d), the Liquidating Trustee may determine, in its discretion, the appropriate timing, amount, and cadence for distributions; *provided, that* the Liquidating Trustee shall make continuing efforts to make timely distributions and not unduly prolong the duration of the Liquidating Trust.

(d)    Periodic Distribution Requirement.  Subject to the provisions of this Article 4 and to the extent required to maintain grantor trust status and liquidating trust tax status in accordance with Revenue Procedure 82-58, 1982-2 C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684, the Liquidating Trustee shall make distributions to the Liquidating Trust Beneficiaries on dates determined by the Liquidating Trustee from time to time (which, for the avoidance of doubt, shall be at least annually), in accordance with the terms of the Plan, where such distribution shall be comprised of Liquidating Trust's net income plus all net proceeds from the sale, realization, settlement, or liquidation of the Liquidating Trust Assets, except that the Liquidating Trustee may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidating Trust Assets, to satisfy current and projected expenses of the Liquidating Trust, and to satisfy Claims and contingent liabilities (including Disputed Claims).

(e)    Withholding.  The Liquidating Trustee may withhold from amounts distributable to any Person any and all amounts, to be determined in the Liquidating Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other government equivalent of the United States or of any political subdivision thereof.  In connection with the Plan, the Liquidating Trustee shall comply with all applicable withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions pursuant to the Plan and all related agreements shall be subject to any such withholding or reporting requirements.  To the extent that amounts are so withheld and paid over to the appropriate governmental entity, such amounts shall be treated for all purposes of this Agreement as having been paid to the Person in respect of whom such deduction and withholding was made. Notwithstanding anything herein to the contrary, each holder of an Allowed Claim that has received a Distribution of cash under the Plan will have sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any governmental unit, including income, withholding and other tax obligation, on account of such Distribution.

(e)      Tax Identification Numbers.  The Liquidating Trustee is authorized to request and obtain from the Liquidating Trust Beneficiaries, or any other Person, Forms W-8 and/or W-9 or such other forms or information relating to the Liquidating Trustee's obligations to withhold as the Liquidating Trustee may reasonably request, and the Liquidating Trustee may condition any distribution to any Liquidating Trust Beneficiary or other distributee upon receipt of such forms or information.  Each Holder of an Allowed Class 2 Claim and/or Allowed Class 3 Claim, at the request of the Liquidating Trustee, must complete the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each such Holder, as a condition to the receipt of a Distribution.

4.2      Delivery of Distributions.

Subject to applicable Bankruptcy Rules, all Distributions to Holders of Allowed Claims shall be made to the Disbursing Agent who shall transmit such Distributions to the applicable Holders of Allowed Claims or their designees.  For the avoidance of doubt, the Liquidating Trustee or such other entity designated by the Liquidating Trustee, shall act as Disbursing Agent with respect to all Allowed Claims.

Except as otherwise provided herein, Distributions to the Holders of Allowed Claims shall be made: (i) at the addresses set forth on the respective Proofs of Claim Filed by such Holders; (ii) at the addresses set forth in any written notices of address changes delivered to the Liquidating Trustee after the date of any related Proof of Claim; or (iii) at the address reflected in the Schedules or other more recent records of the Debtors if no Proof of Claim is Filed and the Liquidating Trustee has not received a written notice of a change of address.

Before receiving any Distributions, all Holders of Allowed Claims (including Holders of Allowed Administrative Claims), at the request of the Liquidating Trustee, must provide written notification of their respective federal tax identification numbers or social security numbers to the Liquidating Trustee; otherwise, if a Holder of an Allowed Claim or Allowed Administrative Claim fails to provide such requested tax information within ninety (90) days after the request has been sent to such Holder's last known address, the Distribution on account of such Allowed Claim or Administrative Claim shall be deemed an Unclaimed Distribution, and Section 4.4 of this Agreement shall be applicable thereto.

4.3      Undeliverable Distributions.

If any Distribution to a Holder of an Allowed Claim is returned as undeliverable, the Disbursing Agent shall make a reasonable inquiry for a correct current address.  If reasonable inquiry does not yield a correct current address, the Liquidating Trustee shall have no further obligation to determine the correct current address of such Holder, and no Distribution to such Holder shall be made unless and until the Liquidating Trustee is notified, in writing, by the Holder of the current address of such Holder within ninety (90) days of such Distribution, at which time a Distribution shall be made to such Holder without interest; provided that such Distributions shall be deemed unclaimed property or an Unclaimed Distribution under Bankruptcy Code section 347(b) at the expiration of the Unclaimed Distribution Deadline.

13

The Liquidating Trustee shall make reasonable efforts to update or correct contact information for recipients of Undeliverable Distributions, *provided*, *however*, nothing contained in the Plan or this Agreement shall require the Liquidating Trustee to locate any Liquidating Trust Beneficiary.

### 4.4 Unclaimed Distributions

Any Holder of an Allowed Claim or an Allowed Administrative Claim who fails to: (i) provide the Liquidating Trustee with an updated address or the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each such Holder, in accordance with Sections 4.2 and 4.3 of this Agreement, (ii) claim or negotiate any Distribution within ninety (90) days from the date upon which a Distribution is first made to such entity, or (iii) fails to provide the Liquidating Trustee with a federal tax identification or social security number within ninety (90) days from the Liquidating Trustee's request, shall forfeit all rights to any Distribution under the Plan, and the Liquidating Trustee shall be authorized to cancel any Distribution to such Holder.

After such date, all unclaimed property or interest in property shall revert to the Liquidating Trust to be distributed to other Holders of Allowed Claims in accordance with the terms of this Agreement and the Combined Plan and Disclosure Statement, and the Claim of any other holder to such property or interest in property shall be released and forever barred. Upon forfeiture, the claim of such Holder to such funds shall be irrevocably waived and forever barred against all of the Debtors, the Estates, the Liquidating Trust, and the Liquidating Trustee, notwithstanding any federal or state escheat laws to the contrary, and such Holder shall have no claim whatsoever against any of the foregoing or to any Holder of a Claim to whom Distributions are made.

### 4.5 Remainder Amounts After Final Distribution

After final Distributions have been made in accordance with the terms of the Plan and this Agreement, if the amount of remaining Cash is less than $10,000, the Liquidating Trustee may donate such amount to a charitable organization as determined by the Liquidating Trustee in its sole discretion.

### 4.6 De Minimis Distributions

If any interim distribution under the Plan to the Holder of an Allowed Claim would be less than $100.00, the Liquidating Trustee may withhold such distribution until a final distribution is made to such Holder. If any final distribution under the Plan to the Holder of an Allowed Claim would be less than $100.00, the Liquidating Trustee may cancel such distribution. Any potential distributions pursuant to this Section 4.6 shall be treated as an Unclaimed Distribution under the Plan.

**ARTICLE 5**
**PROCEDURES FOR RESOLUTION OF DISPUTED,**
**CONTINGENT, AND UNLIQUIDATED CLAIMS OR EQUITY INTERESTS**

### 5.1 Objections to Claims; Prosecution of Disputed Claims

14

Except insofar as a Claim is Allowed under the Plan on and after the Effective Date, the Liquidating Trustee will have the authority, but not the obligation, to do any of the following with respect to any Claims, Administrative Claims, or Interests: (1) file, withdraw, or litigate to judgment objections to and requests for estimation of Claims; (2) settle or compromise any Disputed Claim or Disputed Administrative Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims register to reflect any such settlements or compromises without any further notice to or action, order, or approval by, the Bankruptcy Court. The Liquidating Trustee shall succeed to any pending objections to Claims or Administrative Claims Filed by the Debtors and/or the Committee prior to the Effective Date, and shall have and retain any and all rights and defenses the Debtors had immediately prior to the Effective Date with respect to any Disputed Claim or Disputed Administrative Claim. The Liquidating Trustee may, but shall not be obligated to, object to any Claim.

5.2     Estimation of Claims

The Liquidating Trustee may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtors or the Liquidating Trustee previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. Subject to the provisions of section 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidating Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

5.3     Payments and Distributions on Disputed Claims

(a)     Notwithstanding anything herein to the contrary: (a) no distribution shall be made with respect to any Disputed Claim until such Claim becomes an Allowed Claim (as applicable), and (b) unless agreed otherwise by the Liquidating Trustee no distribution shall be made to any Person that holds both an Allowed Claim and a Disputed Claim until such Person's Disputed Claims have been resolved by settlement or Final Order.

(b)     Except as otherwise provided in a Final Order or as agreed by the relevant parties, distributions on account of Disputed Claims, if any, that become Allowed, shall be made by the Liquidating Trustee at such periodic intervals as the Liquidating Trustee determines to be reasonably prudent. No interest will be paid on Disputed Claims that later become Allowed or with respect to any distribution in satisfaction thereof to a Holder.

(c)     To the extent that all or a portion of a Disputed Claim is disallowed, the Holder of such Claim shall not receive any Distribution on account of the portion of such Claim

15

that is disallowed and any property withheld pending the resolution of such Claim shall be reallocated Pro Rata to the Holders of Allowed Claims in the same Class.

**ARTICLE 6**
**LIABILITY PROVISIONS**

6.1     Standard of Liability

In no event shall the Liquidating Trustee or the Liquidating Trustee Professionals, Liquidating Trustee Non-Professionals, Affiliates, representatives, employees, directors, officers or principals be held personally liable for any claim, expense, liability or other obligation asserted against the Liquidating Trust.  The Liquidating Trustee and all of its Liquidating Trustee Professionals, Liquidating Trustee Non-Professionals, Affiliates, representatives, employees, directors, officers or principals shall not be liable for any negligence or any error of judgment made in good faith with respect to any action taken or omitted to be taken in good faith, except to the extent that the action taken or omitted to be taken by each of the same or their respective Liquidating Trustee Professionals, Liquidating Trustee Non-Professionals, Affiliates, representatives, employees, directors, officers or principals is determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, fraud, reckless disregard of duty, criminal conduct, self-dealing, or, solely in the case of the Liquidating Trustee, breach of fiduciary duty.  Any act or omission taken with the approval of the Bankruptcy Court will be conclusively deemed not to constitute gross negligence or willful misconduct.

6.2     Reliance by Liquidating Trustee

Except as otherwise provided herein:

(a)     the Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, installment, opinion, report, notice, request, consent, order, or other paper or document reasonably believed to be genuine and to have been signed or presented by the proper party or parties;

(b)     the Liquidating Trustee shall not be liable for any action reasonably taken or not taken in accordance with the advice of a Liquidating Trustee Professional; and

(c)     persons dealing with the Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Agreement, and the Liquidating Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Liquidating Trustee are determined by a Final Order to be solely due to the Liquidating Trustee's own gross negligence, willful misconduct, fraud or breach of fiduciary duty.

6.3     Limitations of Liabilities; Indemnification

(a)     Limitation of Liabilities.  The Liquidating Trustee, the Liquidating Trustee Professionals, the Liquidating Trustee Non-Professionals, and each of their Affiliates, representatives, employees, directors, officers or principals, shall not be responsible and shall not

16

have any liability whatsoever to any person for any loss or liability the Debtors, the Estates, or the Liquidating Trust may sustain or incur, except as otherwise provided in Section 6.3(c) of this Agreement.

(b)      No Holder of a Claim or other party-in-interest, other than the U.S. Trustee, will have or be permitted to pursue any claim or cause of action against the Liquidating Trustee, the Liquidating Trustee Professionals, the Liquidating Trustee Non-Professionals, and each of their Affiliates, representatives, employees, directors, officers or principals for making payments in accordance with the Plan or this Agreement or for implementing the provisions of the Plan or this Agreement.  Any act taken or not taken, in the case of the Liquidation Trustee with the approval of the Bankruptcy Court, will be conclusively deemed not to constitute gross negligence, willful misconduct, or a breach of fiduciary duty.

(c)      Indemnification.  The Liquidating Trust shall indemnify, defend and hold harmless the Liquidating Trustee, the Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals, solely from Liquidating Trust Assets, from and against any and all claims, causes of action, liabilities, obligations, losses, damages, taxes, suits, expenses (including attorneys' fees and disbursements) occurring after the Effective Date, other than to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, reckless disregard of duty, breach of fiduciary duty, criminal conduct, fraud, or self-dealing, to the fullest extent permitted by applicable law.  Satisfaction of any obligation of the Liquidating Trust arising pursuant to the terms of this Article 6 shall be payable only from the Liquidating Trust Assets, may be advanced (from insurance or Liquidating Trust Assets) prior to the conclusion of such matter, and such right to payment shall be prior and superior to any other rights to receive a distribution of the Liquidating Trust Assets.

(d)      In connection with the Liquidating Trust's request for closure of the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code, the Liquidating Trustee shall be authorized to seek exculpation from and after the Effective Date for the Liquidating Trustee Professionals, the Liquidating Trustee Non-Professionals, and each of their Affiliates, representatives, employees, directors, officers or principals, by all Persons and Entities, including, without limitation, Holders of Claims and other parties in interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon said parties pursuant to or in furtherance of this Agreement, the Plan, or any order of the Bankruptcy Court or applicable law or otherwise, except only for actions taken or not taken, from and after the Effective Date only to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, fraud, or, solely in the case of the Liquidating Trustee, breach of fiduciary duty.

## ARTICLE 7
## LIQUIDATING TRUST BENEFICIARIES

7.1     Identification of Liquidating Trust Beneficiaries

In order to determine the actual names and addresses of the Liquidating Trust Beneficiaries, the Liquidating Trustee shall be entitled to conclusively rely on the names and addresses set forth

17

in the Debtors' Schedules or filed Proofs of Claim, unless the Liquidating Trustee receives timely notice of a Liquidating Trust Beneficiary's change of address.   Each Liquidating Trust Beneficiary's right to distribution from the Liquidating Trust, which is dependent upon such Liquidating Trust Beneficiary's classification under the Plan as either a Holder of an Allowed Class 2 Claim (General Unsecured Claim) or a Holder of an Allowed Class 3 Claim (Insider Claim), shall be that accorded to such Liquidating Trust Beneficiary under the Plan.

7.2     Beneficial Interest Only

The ownership of a Liquidating Trust Interest shall not entitle any Liquidating Trust Beneficiary to any title in or to, possession of, management of or control of any of the Liquidating Trust Assets, or to require an accounting, except as specifically provided herein.

7.3     Transferability of Liquidating Trust Beneficiaries' Interests

The beneficial interests that are owned by the Liquidating Trust Beneficiaries, which shall be reflected only on the records of the Liquidating Trust maintained by the Liquidating Trustee, shall be uncertificated, are not negotiable, and shall not be assignable or transferable voluntarily. Each Holder of a Liquidating Trust Interest shall take and hold its uncertificated Beneficial Interest subject to all the terms and provisions of the Combined Plan and Disclosure Statement, the Confirmation Order and this Agreement.

Each Liquidating Trust Interest shall be freely transferable; *provided, however*, that the transfer of the Liquidating Trust Interest will be prohibited to the extent such transfer would subject the Debtors or the Liquidating Trust to the registration and reporting requirements of the Securities Act and the Securities Exchange Act.   In the case of a deceased individual Liquidating Trust Beneficiary, its executor or administrator shall succeed to such decedent's beneficial interest upon notice to the Liquidating Trustee.

The Liquidating Trust Interests shall not be registered pursuant to the Securities Act of 1933, as amended, or any state securities law and shall be exempt from registrations thereunder pursuant to section 1145 of the Bankruptcy Code.

**ARTICLE 8**
**ADMINISTRATION**

8.1     Purpose of the Liquidating Trust

The Liquidating Trust shall be established for the primary purpose of liquidating its assets, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidation purpose of the Liquidating Trust.   Accordingly, the Liquidating Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidating Trust Assets, make timely distributions to the Liquidating Trust Beneficiaries and not unduly prolong its duration, and shall take or refrain from taking such other actions as may be necessary, in the Liquidating Trustee's reasonable judgment, to preserve and maintain the status of the Liquidating Trust as a "liquidating trust" and as a "grantor trust" within the meaning of Treasury Regulation sections 301.7701-4(d) and 1.671-4(a).   The Liquidating Trust shall not be deemed a

18

successor-in-interest of the Debtors for any purpose other than as specifically set forth in the Plan or this Agreement.

### 8.2    Books and Records

The Liquidating Trustee shall maintain books and records relating to the administration of the Liquidating Trust Assets and the distribution by the Liquidating Trustee of the proceeds therefrom in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.  The Liquidating Trustee shall also maintain books and records relating to the administration of the Liquidating Trust Assets (including the Retained Causes of Action), the income and expenses of the Liquidating Trust, and the payment of expenses of and liabilities of, claims against or assumed by, the Liquidating Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.  Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or distribution out of the Liquidating Trust Assets.

After all Distributions have been completed in accordance with the Combined Plan and Disclosure Statement and the Chapter 11 Cases are closed, the Liquidating Trustee shall be authorized to destroy or abandon any books and records in its possession in accordance with Section 6.03 of the Plan.

### 8.3    Compliance with Laws

Any and all distributions of Liquidating Trust Assets shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

**ARTICLE 9**
**SUCCESSOR LIQUIDATING TRUSTEE**

### 9.1    Successor Liquidating Trustee

In the event the Liquidating Trustee is removed by the Bankruptcy Court, resigns pursuant to this Agreement, or otherwise vacates its position, a successor Liquidating Trustee shall be appointed that is acceptable to counsel to the Liquidating Trust.  Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment.  Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Liquidating Trust with like effect as if originally named herein; *provided, however*, that a removed or resigning Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Liquidating Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Liquidating Trustee.

Any successor Liquidating Trustee appointed shall be bound by, and comply with, the terms of the Combined Plan and Disclosure Statement, the Confirmation Order and this Agreement.

## ARTICLE 10
## REPORTING

10.1    Quarterly and Final Reports

As soon as practicable but in no event later than thirty (30) calendar days after the end of the first full quarter following the Effective Date and on a quarterly basis thereafter until all Cash in the Liquidating Trust has been distributed or otherwise paid out in accordance with the Plan and this Agreement, the Liquidating Trustee shall File a report with the Bankruptcy Court setting forth the amounts, recipients, and dates of all Distributions made by the Liquidating Trustee through each applicable reporting period.

10.2    Federal Income Tax

(a)    Grantor Trust Status.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee shall file tax returns for the Liquidating Trustee as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

(b)    Allocations of Liquidating Trust Taxable Income.  Subject to the provisions of Article 10.2(a) hereof, allocations of Liquidating Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all of its assets (valued for this purpose at their tax book value) to the Liquidating Trust Beneficiaries (treating any Holder of a Disputed Claim, for this purpose, as a current Liquidating Trust Beneficiary entitled to distributions), taking into account all prior and concurrent distributions from the Liquidating Trust (including any distributions held in reserve pending the resolution of Disputed Claims).  Similarly, taxable losses of the Liquidating Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the Liquidating Trust Assets.  The tax book value of the Liquidating Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Liquidating Trust, adjusted in either case in accordance with tax accounting principles prescribed by the United States Internal Revenue Code, the Treasury Regulations and any other applicable administrative and judicial authorities and pronouncements.  All items of income, deductions and credit loss of the Liquidating Trust shall be allocated for federal income tax purposes to the Holders of Allowed Class 2 Claims and Allowed Class 3 Claims based on their respective interests in the Liquidating Trust, including the Holders of an interest in the Liquidating Trust holding Disputed Claims, in such manner as the Liquidating Trustee deems reasonable and appropriate.

(c)    Tax Reporting Duties of Liquidating Trustee.  Within sixty (60) calendar days following the end of each taxable year, the Liquidating Trustee shall prepare and distribute a statement setting forth the information necessary for each Liquidating Trust Beneficiary to determine its share of items of income, gain, loss, deduction or credit for United States federal income tax purposes.  The Liquidating Trustee shall annually send to each Holder of an interest in the Liquidating Trust a separate statement regarding the receipts and expenditures of the Liquidating Trust as relevant for U.S. federal income tax purposes.

(d)    DOF Election.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Liquidating Trustee may timely elect to (I) treat any portion of the Liquidating Trust allocable to Disputed Claims as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9 (a "**DOF Election**") and make any appropriate elections and (II) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  If a DOF Election is made for all or any portion of the Liquidating Trust, all impacted parties (including the Debtors and the Estates, and, to the extent applicable, Holders of Allowed Class 2 Claims and Allowed Class 3 Claims, and the Liquidating Trustee), and solely with respect to the impacted assets, shall report for United States federal, state, and local income tax purposes consistently with such election.

10.3    Other

The Liquidating Trustee shall file (or cause to be filed) any other statement, returns or disclosures relating to the Liquidating Trust or the Liquidating Trust Assets, that are required by the IRS or any other Governmental Unit.

**ARTICLE 11**
**LIQUIDATING TRUSTEE PROFESSIONALS**
**AND NON-PROFESSIONALS**

11.1    Retention of Liquidating Trustee Professionals and Non-Professionals

(a)    The Liquidating Trustee shall have the right to retain its own professionals including, without limitation, claims, disbursing and transfer agents, legal counsel, accountants, experts and other agents or advisors, as the Liquidating Trustee deems appropriate (the "**Liquidating Trustee Professionals**") and on such terms as the Liquidating Trustee deems appropriate.  The Liquidating Trustee Professionals shall be compensated in accordance with Article 11.2 hereof.  The Liquidating Trustee Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, counsel and financial advisors of the Committee.

(b)    The Liquidating Trustee shall have the right to retain non-professionals including, without limitation, employees, independent contractors or other agents as the Liquidating Trustee deems appropriate (the "**Liquidating Trustee Non-Professionals**") and on such terms as the Liquidating Trustee deems appropriate.  Such Liquidating Trustee Non-Professionals shall be compensated in accordance with Article 11.2 hereof.  The Liquidating Trustee Non-Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code.

21

11.2     Payment to Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals

(a)     After the Effective Date, Liquidating Trustee Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Liquidating Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of each such person, plus an itemized statement of expenses.  The Liquidating Trustee shall pay those invoices fourteen (14) calendar days after a copy of such invoices is provided to the Liquidating Trustee, without Bankruptcy Court approval, unless the Liquidating Trustee objects.  If there is a dispute as to a part of an invoice, the Liquidating Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.  The Liquidating Trustee Professionals shall not be required to file fee applications to receive compensation.

(b)     After the Effective Date, Liquidating Trustee Non-Professionals shall be required to submit to the Liquidating Trustee periodic invoices containing information with sufficient detail to assess the reasonableness of the fees and charges.  The Liquidating Trustee shall pay those invoices fourteen (14) calendar days after a copy of such invoices is provided to the Liquidating Trustee, without Bankruptcy Court approval, unless the Liquidating Trustee objects. If there is a dispute as to a part of an invoice, the Liquidating Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.  The Liquidating Trustee Non-Professionals shall not be required to File a fee application to receive compensation.

(c)     All payments to Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals shall be paid out of the Liquidating Trust Expense Reserve.

## ARTICLE 12
## TERMINATION OF LIQUIDATING TRUST

12.1     Duration and Extension

Notwithstanding any provision of the Plan to the contrary, the Liquidating Trustee shall be discharged and the Liquidating Trust shall be deemed to have dissolved upon the earlier of the distribution of all Liquidating Trust Assets to Liquidating Trust Beneficiaries required to be made by the Liquidating Trust under the Plan or the fifth anniversary of the creation of the Liquidating Trust, *provided*, *however*, that, notwithstanding the foregoing, the Liquidating Trust shall be dissolved no later than five (5) years from the Effective Date unless the Bankruptcy Court, upon a motion by the Liquidating Trustee within the sixth-month period prior to the fifth anniversary of the Effective Date or the end of any extension period approved by the Bankruptcy Court (the Filing of which shall automatically extend the term of the Liquidating Trust pending the entry of an order by the Bankruptcy Court granting or denying the motion), and not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for federal income tax purposes determines that a fixed period extension is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets. After the final Distribution of the balance of the assets or proceeds of the Liquidating Trust pursuant to the Plan, and any other

22

actions deemed appropriate by the Liquidating Trustee, the Liquidating Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

12.2    Diligent Administration

The Liquidating Trustee shall, as applicable, (i) not unduly prolong the duration of the Liquidating Trust; (ii) at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Liquidating Trust Assets; (iii) effect the liquidation and distribution of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries in accordance with the terms hereof; and (iv) endeavor to terminate the Liquidating Trust as soon as reasonably practicable.

**ARTICLE 13**
**AMENDMENT AND WAIVER**

13.1    Amendment and Waiver

Any substantive provision of this Agreement may be materially amended or waived only with the written consent of the Liquidating Trustee or, in the absence of such consent, by order of the Bankruptcy Court; *provided*, *however*, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Liquidating Trust as a "grantor trust" or as a liquidating trust pursuant to Treasury Regulation section 301.7701-4(d) and consistent with Revenue Procedure 82-58, 1982-2 C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684. Subject to the foregoing proviso, technical or non-material amendments to or waivers of portions of this Agreement may be made as necessary, to clarify this Agreement or to enable the Liquidating Trust to effectuate the terms of this Agreement, with the consent of the Liquidating Trustee.

**ARTICLE 14**
**MISCELLANEOUS PROVISIONS**

14.1    Intention of Parties to Establish Grantor Trust

This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust. Consistent with Revenue Procedure 82-58, 1982-2 C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684, the Liquidating Trust shall be treated as a liquidating trust pursuant to Treasury Regulation section 301.7701-4(d) and as a grantor trust pursuant to sections 671 through 679 of the Tax Code. As such, for U.S. federal income tax purposes, the Liquidating Trust Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidating Trust.

14.2    Preservation of Privilege

In connection with the vesting and transfer of the Liquidating Trust Assets pursuant to the Plan, including rights and Retained Causes of Action, any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors shall be transferred to the Liquidating Trust and shall vest in the Liquidating Trust. Subject to the

23

Sale Order and the APA, the Liquidating Trust shall hold, and be the beneficiary of, all Privileges and entitled to assert all Privileges.  No Privilege shall be waived by disclosures to the Liquidating Trustee of the Debtors' documents, information or communications subject to any privilege, protection or immunity or protections from disclosure jointly held by the Debtors and the Liquidating Trust.  Accordingly, in connection with the prosecution and/or investigation of the Retained Causes of Action by the Liquidating Trustee, any and all directors, officers, employees, counsel, agents, or attorneys-in-fact, of the Debtors, cannot assert any attorney-client privilege, work product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors or otherwise prevent, hinder, delay, or impede production or discussion of documents or communications requested by the Liquidating Trustee in discovery (whether formal or informal, and including without limitation, depositions, written discovery, and interviews).

The Debtors' Privileges relating to the Liquidating Trust Assets will remain subject to the rights of third parties under applicable law, including any rights arising from the common interest doctrine, the joint defense doctrine, joint attorney-client representation, or any agreement.  The Debtors and the Liquidating Trustee shall take all necessary actions to protect the transfer of such privileges, protections and immunities.  Nothing contained herein or in the Confirmation Order, nor any Professional's compliance herewith and therewith, shall constitute a breach of any Privileges of the Debtors.

14.3    Prevailing Party

Subject to Article 6.3(b) hereof, if the Liquidating Trustee or the Liquidating Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Agreement or the enforcement thereof, then such prevailing party shall be entitled to collect any and all costs, expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.

14.4    Confidentiality

The Liquidating Trustee, and each of its employees, members, agents, professionals and advisors, including the Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals (each a "**Confidential Party**" and collectively the "**Confidential Parties**") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Entity to which any of the Liquidating Trust Assets relates; *provided*, *however*, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations.  In the event that any Confidential Party is requested to divulge confidential information pursuant to this subparagraph (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Liquidating Trustee to allow him sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Liquidating Trustee in making any such objection, including but not limited to appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

24

14.5   Laws as to Construction

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of law.

14.6   Severability

Except with respect to provisions herein that are contained in the Plan, if any provision of this Agreement or the application thereof to any Person, Entity or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to Persons, Entities or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

14.7   Notices

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered by facsimile (at the numbers set forth below) and deposited, postage prepaid, in a post office or letter box addressed to the person (or their successors or replacements) for whom such notice is intended at such address as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

Liquidating Trustee:

Sean C. Southard
c/o Klestadt Winters Jureller Southard & Stevens, LLP
One Old Country Road, Suite 237
Carle Place, NY 11514
ssouthard@klestadt.com

With a copy to:

Lowenstein Sandler LLP
Brent Weisenberg. Esq.
Lindsay H. Sklar, Esq.
Brittany Clark, Esq.
1251 Avenue of the Americas
New York, NY 10020
bweisenberg@lowenstein.com
lsklar@lowenstein.com
bclark@lowenstein.com

14.8   Notices if to a Liquidating Trust Beneficiary

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended to the name and address set

25

forth on such Liquidating Trust Beneficiary's proof of claim or such other notice filed with the Bankruptcy Court, or if none of the above has been filed, to the address set forth in the Debtors' Schedules or provided to the Liquidating Trustee pursuant to Article 7.1.

14.9    Survivability

Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Liquidating Trustee.

14.10   Headings

The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

14.11   Conflicts with Plan Provisions

Except as otherwise expressly stated herein, if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, this Agreement shall control.  If any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Confirmation Order, then the Confirmation Order, shall govern.

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Sean C. Southard, as Liquidating Trustee

By: _____
Name:  Sean C. Southard

Mountain Sports LLC and related Debtors

By: _____
Name:
Title:

*Signature Page to Liquidating Trust Agreement*

## **EXHIBIT A**

### Liquidating Trustee Compensation Terms

Sean C. Southard, shall be entitled to the following compensation and expense reimbursement as consideration for, and in connection with, the services he will provide as Liquidating Trustee under the Liquidating Trust Agreement:[3]

- Fees. As consideration for the services to be provided by Sean C. Southard following the Effective Date, the Liquidating Trust shall pay Sean C. Southard a fixed monthly fee (the "Monthly Fees") in accordance with the chart below. The Monthly Fees shall be payable in advance each month on the first day of each month until the termination of Sean C. Southard's appointment pursuant to the Liquidating Trust Agreement, the Combined Plan and Disclosure Statement, and the Confirmation Order; *provided*, that the Monthly Fee payable for the first and last month of Sean C. Southard's engagement shall be prorated for the actual number of days he is engaged during each such month. The Monthly Fees shall be fully earned as of the first day of each month.

| YEAR (post Effective Date) | MONTHLY FEES |
|---|---|
| 1st and thereafter | $7,500 |

- Expense Reimbursement. In addition to the Monthly Fees payable to Sean C. Southard, the Liquidating Trust shall promptly reimburse Sean C. Southard, following delivery to the Liquidating Trust of a reasonably detailed written invoice, for all reasonable, documented out-of-pocket expenses (including reasonable expenses of counsel and other professionals), travel and lodging, data processing and communications charges, courier services and other expenditures incurred in connection with, or arising out of Sean C. Southard's services provided as Liquidating Trustee under the Liquidating Trust Agreement ("Expense Reimbursement").

- General Terms.
  - It is expected that Sean C. Southard will have primary responsibility on this matter.
  - No amounts payable hereunder shall be subject to reduction, setoff, disgorgement or reimbursement, other than pursuant to a Final Order or with the prior written consent of Sean C. Southard.
  - No fee or amount paid or payable to any other Person or Entity by the Liquidating Trust or by any other Person or Entity shall reduce or otherwise affect the Monthly Fees or Expense Reimbursement paid or payable to Sean C. Southard.
  - All amounts paid to Sean C. Southard shall be in cash, in United States currency, and on or by the dates set forth herein.

---

[3] Capitalized terms that are not otherwise defined herein have the meanings given to such terms in the Liquidating Trust Agreement, to which this Exhibit is attached, or the Combined Plan and Disclosure Statement, as applicable.