**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
|  | ) | Case No. 24-11385 (MFW) |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) ) | (Jointly Administered) |
| Debtors. | ) ) | |
|  | ) | Related to Docket No. 909 |

**MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF MODIFIED
COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF
LIQUIDATION JOINTLY PROPOSED BY MOUNTAIN SPORTS LLC AND ITS
AFFILIATED DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, DATED OCTOBER 27, 2025**

**Dated: March 5, 2026**

| | |
|---|---|
| **GOLDSTEIN & MCCLINTOCK, LLLP** | **LOWENSTEIN SANDLER LLP** |
| Maria Aprile Sawczuk (No. 3320) | Jeffrey L. Cohen (admitted *pro hac vice*) |
| Aaron R. Harburg (No. 7207) | Brent I. Weisenberg (admitted *pro hac vice*) |
| 501 Silverside Road, Suite 65 | Erica G. Mannix (admitted *pro hac vice*) |
| Wilmington, DE 19809 | 1251 Avenue of the Americas |
| Telephone: (302) 444-6710 | New York, NY 10020 |
| marias@goldmclaw.com | Telephone: (212) 262-6700 |
| aaronh@goldmclaw.com | jcohen@lowenstein.com |
| | bweisenberg@lowenstein.com |
| | emannix@lowenstein.com |
| -and- | |
| | -and- |
| Matthew E. McClintock (admitted *pro hac vice*) | |
| 111 W. Washington Street, Suite 1221 | **MORRIS JAMES LLP** |
| Chicago, IL 60602 | Eric J. Monzo (DE Bar No. 5214) |
| Telephone: (312) 337-7700 | Brya M. Keilson (DE Bar No. 4643) |
| mattm@goldmclaw.com | 500 Delaware Avenue, Suite 1500 |
| | Wilmington, DE 19801 |
| *Counsel for the Debtors and* | Telephone: (302) 888-6800 |
| *Debtors-in-Possession* | emonzo@morrisjames.com |
| | bkeilson@morrisjames.com |
| | *Counsel to the Official Committee of* |
| | *Unsecured Creditors* |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Place, #809, Branford, CT 06405.

**Table of Contents**

BACKGROUND ............................................................................................................ 1

ARGUMENT ............................................................................................................... 2

I.  The Plan Complies with Applicable Provisions of the Bankruptcy Code (§ 1129(a)(1))........ 2
    A.      Compliance with Section 1122 of the Bankruptcy Code ........................................ 3
    B.      Compliance with Section 1123(a) of the Bankruptcy Code...................................... 4
    (i)     Designation of Classes of Claims and Equity Interests (§ 1123(a)(1)).................... 4

(ii) Specification of Unimpaired Classes (§ 1123(a)(2)).................................................. 5
    (iii)    Treatment of Impaired Classes (§ 1123(a)(3))...................................................... 5
    (iv)    Equal Treatment within Classes (§ 1123(a)(4)) .................................................... 5

(v) Means for Implementation (§ 1123(a)(5))................................................................. 5
    (vi)    Issuance of Non-Voting Securities (§ 1123(a)(6)) ............................................... 6

(vii)      Officers, Directors, and Trustees (§ 1123(a)(7)) ................................................. 6
    C.      Compliance with Section 1123(b) of the Bankruptcy Code.................................... 6
    (i)     Modification and Impairment/Unimpairment of Claims and Equity Interests (§§ 1123(b)(1) & (5)) .................................................................................................... 6
    (ii)    Assumption/Rejection of Executory Contracts and Leases (§ 1123(b)(2)).................. 6
    (iii)    Retention of Estate Claims (§ 1123(b)(3)(B)) ..................................................... 7
    (iv)    Other Appropriate Provisions Not Inconsistent with the Applicable Provisions of the Bankruptcy Code (§ 1123(b)(6))................................................................... 7
      (a)    Exculpation ..................................................................................................... 7
      (b)    Retention of Jurisdiction .................................................................................. 8

II.  The Plan Proponents Have Complied with the Applicable Provisions of the Bankruptcy Code (§ 1129(a)(2)) ........................................................................................................... 9
      A.   The Plan is Compliant with Section 1125 of the Bankruptcy Code ......................... 9
      (i)   The Solicitation Process and Voting Results ......................................................... 9

III.   B. Compliance with Section 1126 of the Bankruptcy Code ............................................ 10

IV.   The Plan Was Proposed in Good Faith (§ 1129(a)(3)) ...................................................... 12

V. The Plan Provides that Payments for Professional Fees and Expenses are Subject to Court Approval (§ 1129(a)(4)) ........................................................................................ 12

VI.   The Plan Proponents Have Disclosed All Necessary Information Regarding Directors, Officer, and Insiders (§ 1129(a)(5)) ........................................................................ 13

VII.      The Plan Does Not Require Governmental Regulatory Approval (§ 1129(a)(6)) ... 13

VIII.    The Plan is in the Best Interests of Creditors and Equity Interest Holders
(§ 1129(a)(7)) ................................................................................................ 13

IX.    The Plan Is Confirmable Despite Not Meeting the Requirements of Section 1129(a)(8) of
the Bankruptcy Code. ...................................................................................... 15

X. The Plan Provides for Payment in Full of All Allowed Administrative Claims, Priority Tax
Claims, and Priority Claims (§ 1129(a)(9)) ................................................... 15

XI.    At Least One Class of Impaired, Non-Insider Claims Accepted the Plan (§ 1129(a)(10)) 15

XII.    The Plan is Feasible (§ 1129(a)(11)) ............................................................. 16

XIII.    All Statutory Fees Have Been or Will Be Paid (§ 1129(a)(12)) ..................... 17

XIV.    Sections 1129(a)(13) through 1129(a)(16) Do Not Apply ............................. 17

XV.    The Plan Satisfies the "Cram Down" Requirements of Section 1129(b) of the
Bankruptcy Code ............................................................................................. 17

A. The Plan Does Not Unfairly Discriminate with Respect to the Impaired Classes that Have
Not Voted to Accept the Plan (§ 1129(b)(1)). ............................................... 17

XVI.    B.    Sections 1129(c)–(e) of the Bankruptcy Code are inapplicable. ..................... 18

XVII.    Waiver of Bankruptcy Rules Regarding Stay of Confirmation Order ..................... 19

CONCLUSION ................................................................................................ 19

## Table of Authorities

## Cases

*In re Armstrong World Indus., Inc.*, 348 B.R. 111, 120 (D. Del. 2006) ...................................... 2

*Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 441 n.13 (1999) ............. 15

*In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 757 (Bankr. S.D.N.Y. 1992) ........................... 3

*In re Exide Techs.*, 303 B.R. 48, 78 (Bankr. D. Del. 2003) ......................................................... 19

*In re Freymiller Trucking, Inc.*, 190 B.R. 913, 916 (Bankr. W.D. Okla. 1996) ......................................... 19

*Gruen Mktg. Corp. v. Asia Commercial Co. (In re Jewelcor Inc.)*, 150 B.R. 580, 582 (Bankr. M.D. Pa. 1992) ............................................................................................................................................. 9

*In re Jersey City Med. Ctr.*, 817 F.2d 1055, 1060-61 (3d Cir. 1987) .................................................. 3

*John Hancock Mut. Life Ins. Co. v. Route 37 Bus. Park Assocs.*, 987 F.2d 154, 157 n.5 (3d Cir. 1993) ... 19

*In re Journal Register Co.*, 407 B.R. 520, 539 (Bankr. S.D.N.Y. 2009) .................................................. 17

*Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 230 (2d Cir. 2002) ............................................................................................................................................. 9

*In re PPI Enters. (U.S.), Inc.*, 228 B.R. 339, 347 (Bankr. D. Del. 1998) .................................................. 13

*In re PWS Holding Corp.*, 228 F.3d 224, 246-47 (3d Cir. 2000)..................................................... 8, 10, 13

*In re S&W Enter.*, 37 B.R. 153, 158 (Bankr. N.D. Ill. 1984)........................................................... 2

*In re W.R. Grace & Co.*, 475 B.R. 34, 114 (Bankr. D. Del. 2012) ......................................................... 17

## Federal Statutes

11 U.S.C. § 1123(a)(2) ............................................................................................................... 5

11 U.S.C. § 1123(a)(3) ............................................................................................................... 5

11 U.S.C. § 1123(a)(4) ............................................................................................................... 5

11 U.S.C. § 1123(a)(5) ............................................................................................................... 6

11 U.S.C. § 1123(a)(7) ............................................................................................................... 6

11 U.S.C. § 1123(b)(3)(B) ............................................................................................................ 7

11 U.S.C. § 1125(e) .................................................................................................................. 8

11 U.S.C. § 1129(a)(1) ................................................................................................................ 2

11 U.S.C. § 1129(a)(11) ............................................................................................................. 17

11 U.S.C. § 1129(a)(2) ................................................................................................................ 9

11 U.S.C. § 1129(a)(3) .............................................................................................................. 13

11 U.S.C. § 1129(a)(4) .............................................................................................................. 14

11 U.S.C. § 1129(a)(5)(A) ........................................................................................................ 14

11 U.S.C. § 1129(a)(7) .............................................................................................................. 15

11 U.S.C. §1122(a) ...................................................................................................................... 3

Mountain Sports LLC; SDI Stores LLC; SDI Gift Card LLC; Bob's Stores USA LLC; and Mountain Sports USA LLC, the above-captioned debtors and debtors-in-possession (collectively, the "*Debtors*") in the above-referenced chapter 11 cases (the "*Chapter 11 Cases*") and the official committee of unsecured creditors (the "*Committee*," and together with the Debtors, the "*Plan Proponents*"), hereby jointly submit this memorandum of law (the "*Memorandum*") in support of confirmation of the *Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and Its Affiliated Debtors and The Official Committee Of Unsecured Creditors, Dated October 27, 2025 (Solicitation Version)* [Docket No. 909] (together with all exhibits thereto, including the *First Plan Supplement to Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and Its Affiliated Debtors and The Official Committee Of Unsecured Creditors, Dated October 27, 2025* [Docket No. 932] (the "*Plan Supplement*") and as may be amended, modified or supplemented, the "*Plan*").[2] In support thereof, the Plan Proponents respectfully represent as follows:

## **BACKGROUND**

1.      On June 18, 2024 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Court*"), thereby commencing these Chapter 11 Cases. The Debtors are functioning as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms used but not defined herein shall have the meaning given to such terms in the Plan.

2.      Additional factual background relating to the Debtors' business, corporate structure, and the commencement of the Chapter 11 Cases is set forth in detail in the Plan.

3.      On July 3, 2024, the Office of the U.S. Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 83]. The Committee is comprised of five (5) members: (i) Amer Sports Winter and Outdoor Co.; (ii) Ariat International, Inc.; (iii) Marmot Mountain LLC; (iv) Oboz Footwear LLC; and (v) VF Corp.

## ARGUMENT

4.      To confirm the Plan, the Court must find that the Plan Proponents have satisfied the applicable provisions of section 1129 of the Bankruptcy Code by a "preponderance of the evidence." *In re Armstrong World Indus., Inc.*, 348 B.R. 111, 120 (D. Del. 2006). As described in detail below, the Plan complies with all relevant provisions of the Bankruptcy Code and all other applicable law. The Plan far exceeds the preponderance of evidence standard set forth in the Bankruptcy Code, and will be further supported by evidence that will be submitted at the Confirmation Hearing. The Plan Proponents thus respectfully request that the Bankruptcy Court confirm the Plan.

## I.      The Plan Complies with Applicable Provisions of the Bankruptcy Code (§ 1129(a)(1))

5.      Pursuant to section 1129(a)(1) of the Bankruptcy Code, a plan must "compl[y] with the applicable provisions of [the Bankruptcy Code]." 11 U.S.C. § 1129(a)(1). The legislative history of section 1129(a)(1) of the Bankruptcy Code explains that this provision encompasses the requirements of section 1122 and 1123 of the Bankruptcy Code, which govern the classification of claims and the contents of a plan, respectively. *In re S&W Enter.*, 37 B.R. 153, 158 (Bankr. N.D. Ill. 1984) ("An examination of the legislative history of [section 1129(a)(1)] reveals that although its scope is certainly broad, the provisions it was more directly aimed at were sections 1122 and 1123."). As demonstrated below, the Plan complies with the applicable

2

requirements of section 1122, 1123 and 1129 of the Bankruptcy Code, as well as other applicable

provisions of the Bankruptcy Code.

## A.    Compliance with Section 1122 of the Bankruptcy Code

6.      The classification requirement of section 1122(a) of the Bankruptcy Code provides,

in pertinent part, as follows:

> Except as provided in subsection (b) of this section, a plan may place a claim or an
> interest in a particular class only if such claim or interest is substantially similar to
> the other claims or interests of such class

11 U.S.C. §1122(a).

7.      The Plan satisfies the classification requirements of section 1122 of the Bankruptcy

Code.  "A plan proponent is afforded significant flexibility in classifying claims under § 1122(a)

if there is a reasonable basis for the classification scheme and if all claims within a particular class

are substantially similar."  *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 757 (Bankr.

S.D.N.Y. 1992).  Courts also are afforded broad discretion in approving a plan proponent's

classification structure and should consider the specific facts of each case when making such a

determination.  *See, e.g.*, *In re Jersey City Med. Ctr.*, 817 F.2d 1055, 1060-61 (3d Cir. 1987)

(observing that "Congress intended to afford bankruptcy judges broad discretion [under section

1122] to decide the propriety of plans in light of the facts of each case").

8.      The Plan's classification of Claims and Equity Interests satisfies the requirements

of section 1122. The Claims and Equity Interests in each Class differ from the Claims and Equity

Interests in each other Class in a legal or factual nature.  Moreover, each of the Claims or Equity

Interests in a particular Class is substantially similar to the other Claims or Equity Interests in such

Class.

9.      Specifically, the Plan provides for the separate classification of Claims and Equity Interests of each Debtor into the following Classes based upon differences in the legal nature and/or priority of such Claims and Equity Interests:

| Class | Impairment |
| --- | --- |
| Class 1 – Priority Non-Tax Claims | Unimpaired |
| Class 2 – General Unsecured Claims | Impaired – Entitled to Vote |
| Class 3 – Insider Claims | Impaired – Entitled to Vote |
| Class 4 – Intercompany Claims | Impaired – Deemed to Reject and Not Entitled to Vote |
| Class 5 – Equity Interests | Impaired – Deemed to Reject and Not Entitled to Vote |

10.     Certain types of Claims are automatically entitled to specific treatment under the Bankruptcy Code and are not classified, such as Administrative Expenses and Priority Tax Claims.

11.     Claims or Equity Interests assigned to each particular Class described above are substantially similar to the other Claims or Equity Interests in such Class.  Accordingly, the Plan satisfies section 1122(a) of the Bankruptcy Code.

   **B.      Compliance with Section 1123(a) of the Bankruptcy Code**

12.     Section 1123(a) of the Bankruptcy Code sets forth seven items that every non-individual chapter 11 plan must contain. 11 U.S.C. § 1123(a).  The Plan contains each of these items in accordance with section 1123(a).

   **(i)      Designation of Classes of Claims and Equity Interests (§ 1123(a)(1))**

13.     As discussed above, Article IV of the Plan properly designates Classes of Claims and Equity Interests, and thus, satisfies this requirement.

(ii)    Specification of Unimpaired Classes (§ 1123(a)(2))

14.    Section 1123(a)(2) of the Bankruptcy Code requires that the Plan "specify any class of claims or interests that is not impaired under the plan." 11 U.S.C. § 1123(a)(2).  The Plan meets this requirement by identifying each Class that is not impaired in Article IV.

(iii)    Treatment of Impaired Classes (§ 1123(a)(3))

15.    Section 1123(a)(3) of the Bankruptcy Code requires that the Plan "specify the treatment of any class or claims or interests that is impaired under the plan." 11 U.S.C. § 1123(a)(3).  The Plan meets this requirement by setting forth the treatment of each impaired Class in Article IV.

(iv)    Equal Treatment within Classes (§ 1123(a)(4))

16.    Section 1123(a)(4) of the Bankruptcy Code requires that the Plan "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." 11 U.S.C. § 1123(a)(4).  The Plan meets this requirement because all Holders of Allowed Claims will receive the same rights and treatment within their respective Class, except to the extent they agree to less favorable treatment.

(v)    Means for Implementation (§ 1123(a)(5))

17.    Section 1123(a)(5) of the Bankruptcy Code requires that the Plan provide "adequate means" for its implementation. 11 U.S.C. § 1123(a)(5).  The Plan satisfies this requirement through Article IV of the Plan and various other Plan provisions, which together provide for how the Plan will be implemented.  The Plan contemplates the creation of the Liquidating Trust, which will be funded with all of the Liquidating Trust Assets as of the Effective Date. The Plan provides for the liquidation of any remaining Liquidating Trust Assets by the Liquidating Trustee, and for payment in full of Administrative Expenses, Tax Claims, and Priority Non-Tax Claims to the extent such

Claims are Allowed. Holders of the Allowed General Unsecured Claims will be treated as outlined in detail in the Plan.  Thus, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

### (vi)   Issuance of Non-Voting Securities (§ 1123(a)(6))

18.     The Plan does not contemplate the issuance of any securities, including non-voting equity securities.  Thus, this requirement is not applicable.

### (vii)   Officers, Directors, and Trustees (§ 1123(a)(7))

19.     Section 1123(a)(7) of the Bankruptcy Code requires that the Plan's provisions with respect to the manner of selection of any director, officer or trustee, or any other successor thereto, be "consistent with the interests of creditors and equity security holders and with public policy . . . ."  11 U.S.C. § 1123(a)(7).  The Plan is a liquidating plan, and contemplates the appointment of a Liquidating Trustee for the purpose of executing the Plan's provisions.  The appointment of a Liquidating Trustee is consistent with the interests of the Debtors' creditors and public policy.  Accordingly, the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

### C.      Compliance with Section 1123(b) of the Bankruptcy Code

#### (i)   Modification and Impairment/Unimpairment of Claims and Equity Interests (§§ 1123(b)(1) & (5))

20.     The Plan is consistent with section 1123(b) of the Bankruptcy Code, as Article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims or Equity Interests under the Plan.

#### (ii)   Assumption/Rejection of Executory Contracts and Leases (§ 1123(b)(2))

21.     Consistent with section 1123(b)(2) of the Bankruptcy Code, Section 7.1 of the Plan provides for the rejection of all Executory Contracts of the Debtors that have not been assumed, assumed and assigned, or rejected prior to the Confirmation Date.  Such treatment of Executory Contracts is typical in chapter 11 cases and is appropriate.

### (iii) Retention of Estate Claims (§ 1123(b)(3)(B))

22. Section 1123(b)(3)(B) of the Bankruptcy Code provides that a chapter 11 plan may provide for "the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest." 11 U.S.C. § 1123(b)(3)(B). The Plan provides for the appointment of the Liquidating Trustee to serve as the representative of the estate for this purpose, to the extent that certain assets are not directly transferrable to the Liquidating Trust. Specifically, the Plan provides that the Liquidating Trustee "may investigate, pursue, litigate, and compromise and settle any such rights, claims, and Retained Causes of Action in accordance with the best interests of, and for the benefit of, the Liquidating Trust Beneficiaries." Plan at ¶ 6.08(b)(1). Such delegation is customary and proper in these Chapter 11 Cases and should be approved.

### (iv) Other Appropriate Provisions Not Inconsistent with the Applicable Provisions of the Bankruptcy Code (§ 1123(b)(6))

23. Section 1123(b)(6) of the Bankruptcy Code is a "catchall" provision which permits a chapter 11 plan to include any appropriate provision as long as such provision is not inconsistent with applicable sections of the Bankruptcy Code.

### (a) Exculpation

24. Article IX of the Plan provides for the exculpation of, and limitation of liability for: (i) the Debtors, (ii) the Committee, and (iii) each of their respective Professionals, and in the case of the Committee, each of its members (each solely in such capacity) (collectively, the "*Exculpated Parties*"). The term Exculpated Parties specifically includes any authorized representative retained by the Debtors in connection with the Chapter 11 Cases, but excludes any of the Debtors' other current or former directors, officers, partners, shareholders, employees, members, managers, or

similar persons.  The exculpation and limitation of liability is subject to a standard carveout for actual fraud, willful misconduct, and gross negligence.

25.     It is well established that exculpation is appropriate for fiduciaries of a bankruptcy estate, including the debtor, committee, and their professionals. *See In re PWS Holding Corp.*, 228 F.3d. 224, 246-47 (3d Cir. 2000) (approving exculpation provision that protected debtors, creditor representatives, and committee as well as their professionals and agents).  In the instant case, the Exculpated Parties have participated in good faith in formulating and negotiating the Plan, and they are entitled to protection from exposure to claims against them relating to their participation in the Chapter 11 Cases, consistent with section 1125(e) of the Bankruptcy Code. *See* 11 U.S.C. § 1125(e).  Furthermore, interested parties received sufficient notice of the exculpation provision and had ample time to raise any objections thereto, and no such objections were filed.  As a result, the exculpation provisions set forth in Article IX of the Plan is appropriate and should be approved.

### (b)     Retention of Jurisdiction

26.     Article XII of the Plan provides that, among other things, this Court will retain exclusive jurisdiction over certain matters arising out of, or related to, the Chapter 11 Cases and the Plan.  The post-confirmation retention of jurisdiction by the Court is permitted by the Bankruptcy Code. *See, e.g.*, *Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie  Retail, Inc.)*, 304 F.3d 223, 230 (2d Cir. 2002) ("A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization."); *Gruen Mktg. Corp. v. Asia Commercial Co. (In re Jewelcor Inc.)*, 150 B.R. 580, 582 (Bankr. M.D. Pa. 1992) ("There is no doubt that the bankruptcy court's jurisdiction continues post confirmation to protect its confirmation decree, to prevent interference with the execution of the plan and to aid otherwise in its operation.") (internal citations  omitted). The continuing jurisdiction of this Court is appropriate and wholly consistent with applicable law.

**II.     The Plan Proponents Have Complied with the Applicable Provisions of the Bankruptcy Code (§ 1129(a)(2))**

27.     Section 1129(a)(2) of the Bankruptcy Code requires that the plan "compl[y] with the applicable provisions" of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2). This provision is intended to encompass the disclosure and solicitation requirements set forth in section 1125 and 1126 of the Bankruptcy Code. *See In re PWS Holding*, 228 F.3d. at 248 ("§ 1129(a)(2) requires that the plan proponent comply with the adequate disclosure requirements of § 1125").

**The Plan is Compliant with Section 1125 of the Bankruptcy Code**

**(i)     The Solicitation Process and Voting Results**

28.     The Plan Proponents complied with the notice and solicitation requirements of section 1125 of the Bankruptcy Code. In accordance with the *Order: (I) Approving the Modified Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Combined Disclosure Statement and Plan; (III) Approving the Form of Ballots and Solicitation Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Disclosures in, and Confirmation of, the Combined Plan and Disclosure Statement; and (VI) Granting Related Relief [Docket No. 907]* (the *"Interim Approval and Procedures Order")*, on January 20, 2026, the Debtor's solicitation agent, Epiq Corporate Restructuring, LLC, (*"Epiq"*), caused to be served (i) the Combined Hearing Notice on all parties entitled to be sent such notice per the Interim Approval and Procedures Order; (ii) the Solicitation Packages on Holders of Claims in the Voting Classes; and (iii) the Notice of Non-Voting Status and Plan Summary on Holders of Claims or Interests in Class 1 (Priority Non-Tax Claims), and Class 5 (Equity Interests). There were no Holders of Claims in Class 4 (Intercompany Claims) at the time of the solicitation mailing. Holders of Claims and Interests were directed in the Plan and

9

Ballots to follow the instructions contained in the Ballots (and described in the Plan) to complete and submit their respective Ballots to cast a vote to accept or reject the Plan.

29.     Each Holder was explicitly informed in the Plan and Ballot to submit its Ballot so that it was actually received by Epiq by 4:00 p.m. (prevailing Eastern Time) on March 1, 2026 (the "*Voting Deadline*") to be counted. Since the Voting Deadline fell on a Sunday, Epiq was instructed by the Plan Proponents to accept Ballots submitted no later than 4:00 p.m. (prevailing Eastern Time) on March 2, 2026.

30.     Holders of Claims and Interests were not provided a Solicitation Package if such Holders were either (a) Unimpaired under and conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code or (b) Impaired, entitled to receive no distribution on account of such Claims or Interests under the Plan and, therefore, deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code.

31.     The Plan Proponents completed their final tabulation of the ballots after the Voting Deadline (as extended), following a complete review and audit of all Ballots received. As set forth in the *Declaration of Emily Young, on Behalf of Epiq Corporate Restructuring, LLC, Regarding Solicitation and Tabulation of Ballots Cast on the Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and Its Affiliated Debtors and The Official Committee of Unsecured Creditors, Dated October 27, 2025 (Solicitation Version)* [Docket No. 935] (the "*Voting Declaration*"), the Holders in Classes entitled to vote overwhelmingly voted in favor of the Plan.  Exhibit A to the Voting Declaration shows that 99.57% in number and 94.87% in amount voted in favor of the Plan.

## III.    B.    Compliance with Section 1126 of the Bankruptcy Code

32.     Section 1126 of the Bankruptcy Code specifies the requirements for acceptance of a plan of reorganization. Specifically, under section 1126 of the Bankruptcy Code, only holders of

allowed claims and allowed interests in impaired classes of claims or interests that will receive or retain property under a plan on account of such claims or interests may vote to accept or reject such plan. Section 1126 of the Bankruptcy Code provides, in pertinent part, that:

> (a) The holder of a claim or interest allowed under section 502 of [the Bankruptcy Code] may accept or reject a plan. . . .
>
> (f) Notwithstanding any other provision of this section, a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required.

11 U.S.C. § 1126(a), (f).

33.     As set forth above, in accordance with section 1125 of the Bankruptcy Code, the Plan Proponents solicited acceptances or rejections of the Plan from the Holders of Allowed Claims in Classes 2 and 3. The Plan Proponents did not solicit votes from Holders of Claims in Class 1 because Holders of Claims in this class are Unimpaired and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan. Similarly, the Plan Proponents did not solicit votes from Holders of Claims in Class 4 (Intercompany Claims) and Interests in Class 5 (Equity Interests) because such Holders are deemed to reject the Plan. Thus, pursuant to section 1126(a) of the Bankruptcy Code, only Holders of Claims and Interests in Classes 2 and 3 were entitled to vote to accept or reject the Plan.

34.     With respect to the Voting Classes: (a) section 1126(c) of the Bankruptcy Code provides that a class accepts a plan where holders of claims holding at least two-thirds in amount and more than one-half in number of allowed claims in such class vote to accept such plan; and (b) section 1126(d) of the Bankruptcy Code provides that a class accepts a plan where holders of at least two-thirds in amount of allowed interests vote to accept such plan.

35.     Classes 2 and 3 voted in sufficient number and in sufficient amounts as required by the Bankruptcy Code to confirm the Plan. *See* Voting Declaration at Exhibit A. Based upon the

foregoing, the Plan Proponents submit that they satisfy the requirements of section 1129(a)(2) of the Bankruptcy Code.

## IV.    The Plan Was Proposed in Good Faith (§ 1129(a)(3))

36.    Section 1129(a)(3) of the Bankruptcy Code requires that "[t]he plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3).  Good faith is generally interpreted to mean that there exists a reasonable likelihood that the "plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code." *In re PWS Holding*, 228 F.3d. 224, 248 (citation omitted); *see also In re PPI Enters. (U.S.), Inc.*, 228 B.R. 339, 347 (Bankr. D. Del. 1998) ("a plan is to be considered in good faith if there is a reasonable likelihood that the plan will achieve a result consistent with the standards prescribed under the Code") (citations omitted).

37.    The Plan Proponents have proposed the Plan in good faith.  The Plan Proponents worked together at arms' length to formulate the Plan with the best interests of the Debtors' creditors in mind.  Furthermore, the Plan Proponents have resolved all objections to the Plan.  Thus, there is considerable support for the Court finding that the Plan has been proposed in good faith and not by any means forbidden by law.  Accordingly, section 1129(a)(3) of the Bankruptcy Code has been satisfied.

## V.    The Plan Provides that Payments for Professional Fees and Expenses are Subject to Court Approval (§ 1129(a)(4))

38.    Under section 1129(a)(4) of the Bankruptcy Code, the Code must find that "[a]ny payment made or to be made by the proponent . . . for services or costs and expenses in or in connection with the case, or in connection with the plan and incident to the case" be approved by the Court or subject to the Court's approval, as reasonable.  11 U.S.C. § 1129(a)(4).

39.     Section 4.02(a)(ii) of the Plan provides that all requests for Professional Fee Claims incurred during the period from the Petition Date through the Effective Date shall be filed no later than 30 days after the Effective Date and that all such requests will be subject to approval by the Court.  Accordingly, the Plan Proponents submit that the Plan satisfies the requirements of section 1129(a)(4).

## VI.  The Plan Proponents Have Disclosed All Necessary Information Regarding Directors, Officer, and Insiders (§ 1129(a)(5))

40.     Section 1129(a)(5)(A) of the Bankruptcy Code provides that a court may confirm a plan only if the plan proponent discloses "the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan."  The appointment of such individual(s) must be consistent with the interests of creditors, shareholders, and public policy.  11 U.S.C. § 1129(a)(5)(A).

41.     Pursuant to Section 6.08 of the Plan, the Liquidating Trust is being established, and Sean C. Southard is being appointed as the initial Liquidating Trustee. The appointment of Mr. Southard is consistent with the interests of the Debtors' creditors and public policy.  Accordingly, section 1129(a)(5) of the Bankruptcy Code has been satisfied.

## VII.  The Plan Does Not Require Governmental Regulatory Approval (§ 1129(a)(6))

42.     Section 1129(a)(6) is inapplicable to the Plan because the Debtors do not have rates subject to the jurisdiction of any governmental regulatory commission.

## VIII.  The Plan is in the Best Interests of Creditors and Equity Interest Holders (§ 1129(a)(7))

43.     Section 1129(a)(7) of the Bankruptcy Code requires that a plan be in the best interests of creditors and equity security holders of the debtor.  11 U.S.C. § 1129(a)(7).  This "best interests" test, which focuses on potential individual dissenting creditors, requires that each holder

of a claim or equity interest either accept the plan or receive or retain property under the plan that is not less than the amount such holder would receive or retain in a chapter 7 liquidation. *See Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 441 n.13 (1999) (noting that "the 'best interests' test applies to individual creditors holding impaired claims, even if the class as a whole votes to accept the plan").

44.     As demonstrated in the liquidation analysis attached to the Plan Supplement as Exhibit A (the "*Liquidation Analysis*"), the best interests test is satisfied as to each Holder of an impaired Claim or Equity Interest, and no party in interest has argued otherwise. As an initial matter, the Plan is a plan of liquidation. As such, it is difficult to conceive how creditors here could fare better in a chapter 7, where they would experience a negative impact on the net proceeds available for distribution to creditors in the Chapter 11 Cases. Negative impacts resulting from the increased costs of liquidation under chapter 7, include, among other things, (a) the fees payable to a chapter 7 trustee, (b) the fees that would be payable to additional attorneys and other professionals that such a trustee may engage, and (c) the substantial delay in distributions under chapter 7.

45.     Furthermore, the Liquidation Analysis demonstrates that each Holder of a Claim or Equity Interest in an impaired Class will receive or retain a value that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. The estimated liquidation values set forth in the Liquidation Analysis are fair and reasonable estimates of the value of the Debtors' Assets upon a hypothetical liquidation under chapter 7 of the Bankruptcy Code.

46.     In sum, conversion of the Chapter 11 Cases to chapter 7 would likely prolong these proceedings, delay distributions to creditors, and result in greater costs and expenses, thereby

reducing the assets available to distribute to creditors. Accordingly, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

## IX.    The Plan Is Confirmable Despite Not Meeting the Requirements of Section 1129(a)(8) of the Bankruptcy Code.

47.    Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either accept a plan or be unimpaired under a plan. However, the Holders of Claims and Interests in Classes 4 and 5 were deemed to have rejected the Plan, and thus were not entitled to vote. While the Plan may not satisfy section 1129(a)(8) of the Bankruptcy Code with respect to Classes 4 and 5, the Plan is nonetheless confirmable because it satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code, as discussed below.

## X.    The Plan Provides for Payment in Full of All Allowed Administrative Claims, Priority Tax Claims, and Priority Claims (§ 1129(a)(9))

48.    The Plan provides for the payment in full in cash of Allowed Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims. Accordingly, the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

## XI.    At Least One Class of Impaired, Non-Insider Claims Accepted the Plan (§ 1129(a)(10))

49.    Section 1129(a)(10) of the Bankruptcy Code provides that, to the extent there is an impaired class of claims, at least one impaired class of claims must accept the plan, "without including any acceptance of the plan by any insider," as an alternative to the requirement under section 1129(a)(8) of the Bankruptcy Code that each class of claims or interests must either accept the plan or be unimpaired under the plan.

50.    Here, Classes 2 and 3, which are Impaired, voted to accept the Plan independent of any insiders' votes. *See* Voting Declaration. Thus, the Plan has been accepted by two voting classes

holding impaired, non-insider claims. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

## XII.    The Plan is Feasible (§ 1129(a)(11))

51.    Section 1129(a)(11) of the Bankruptcy Code requires that the Court determine the Plan is feasible prior to Confirmation.  Specifically, the Court must determine that confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtors or any successor to the debtors under the plan, unless such liquidation or reorganization is proposed in the plan."  11 U.S.C. § 1129(a)(11).  A plan proponent must establish a chapter 11 plan's feasibility by a preponderance of the evidence.  *See In re W.R. Grace & Co.*, 475 B.R. 34, 114 (Bankr. D. Del. 2012) ("The [plan proponent] bears the burden of proof on this inquiry, and must show by a preponderance of the evidence that a reorganization plan is feasible.").

52.    In the context of a liquidating plan, feasibility is established by demonstrating that the debtor is able to satisfy the conditions precedent to the effective date and otherwise has sufficient funds to meet its post-confirmation date obligations to pay for the costs of administering and fully consummating the plan and closing the chapter 11 case.  *See, e.g.*, *In re Journal Register Co.*, 407 B.R. 520, 539 (Bankr. S.D.N.Y. 2009) (explaining that the feasibility test is "whether the things which are to be done after confirmation can be done as a practical matter under the facts") (citation omitted).

53.    An analysis of these factors in the Chapter 11 Cases demonstrates that the Plan is feasible.  Under the Plan, the Liquidating Trust will receive the Debtors' Assets and will be in a position to distribute them in accordance with Article IV of the Plan, including as projected in the Liquidation Analysis.  Accordingly, the feasibility standard under section 1129(a)(11) has been satisfied.

**XIII.    All Statutory Fees Have Been or Will Be Paid (§ 1129(a)(12))**

54.    Section 1129(a)(12) of the Bankruptcy Code requires the payment of "[a]ll fees payable under section 1930 of title 28 [of the United States Code], as determined by the court at the hearing on confirmation of the plan." Section 507(a)(2) of the Bankruptcy Code provides that "any fees and charges assessed against the estate under [section 1930 of] chapter 123 of title 28" are afforded priority as administrative expenses. The Plan satisfies section 1129(a)(12) of the Bankruptcy Code because Section 13.11 of the Plan provides that all such fees and charges, to the extent not previously paid, will be paid prior to the Effective Date; and any fees incurred after the Effective Date will be paid when due.

**XIV.    Sections 1129(a)(13) through 1129(a)(16) Do Not Apply**

55.    Section 1129(a)(13) through 1129(a)(16) of the Bankruptcy Code do not apply to the Debtors or the Plan.

**XV.    The Plan Satisfies the "Cram Down" Requirements of Section 1129(b) of the Bankruptcy Code**

56.    Section 1129(b)(1) of the Bankruptcy Code provides that, if all applicable requirements of section 1129(a) of the Bankruptcy Code are met other than section 1129(a)(8) of the Bankruptcy Code, a plan may be confirmed so long as the requirements set forth in section 1129(b) of the Bankruptcy Code are satisfied. To confirm a plan that has not been accepted by all impaired classes (thereby failing to satisfy section 1129(a)(8) of the Bankruptcy Code), the plan proponent must show that the plan does not "discriminate unfairly" and is "fair and equitable" with respect to the non-accepting impaired classes. *See John Hancock Mut. Life Ins. Co. v. Route 37 Bus. Park Assocs.*, 987 F.2d 154, 157 n.5 (3d Cir. 1993). As described below, the Plan does not discriminate unfairly and is fair and equitable with respect to such Classes.

   **A.    The Plan Does Not Unfairly Discriminate with Respect to the Impaired**

**Classes that Have Not Voted to Accept the Plan (§ 1129(b)(1)).**

57.     Section 1129(b) of the Bankruptcy Code does not set forth a standard for determining "unfair discrimination," but courts typically examine the facts and circumstances of the particular case to determine whether "unfair discrimination" exists. *See*, *e.g.*, *In re Exide Techs.*, 303 B.R. 48, 78 (Bankr. D. Del. 2003) ("The hallmarks of the various tests have been whether there is a reasonable basis for the discrimination, and whether the debtor can confirm and consummate a plan without the proposed discrimination."); *In re Freymiller Trucking, Inc.*, 190 B.R. 913, 916 (Bankr. W.D. Okla. 1996) (holding that a determination of unfair discrimination requires a court to "consider all aspects of the case and the totality of all the circumstances."). "Generally speaking, this standard ensures that a dissenting class will receive relative value equal to the value given to all other similarly situated classes." *In re Tribune Co.*, 972 F.3d 228, 240 (3d Cir. 2020) (citation omitted). "'Discriminate unfairly' is simple and direct: you can treat differently (discriminate) but not so much as to be unfair." *Id.* at 242.

58.     The Plan Proponents believe that, under the Plan, all Impaired Classes of Claims or Interests are treated in a manner that is consistent with the treatment of other Classes of Claims or Interests that are similarly situated, if any, and no Class of Claims or Interests will receive payments or property with an aggregate value greater than the aggregate value of the Allowed Claims or Allowed Interests in such Class. Accordingly, the Plan Proponents believe that the Plan does not discriminate unfairly as to any Impaired Class of Claims or Interests. Thus, the Plan may be confirmed notwithstanding the deemed rejection by Class 4 and Class 5.

**XVI. B.     Sections 1129(c)–(e) of the Bankruptcy Code are inapplicable.**

59.     Section 1129(c), prohibiting confirmation of multiple plans, is not implicated because there is only one proposed plan of reorganization.

18

60.     The purpose of the Plan is not to avoid taxes or the applicable of section 5 of the Securities Act of 1933, and no party in interest has alleged otherwise. Accordingly,  section 1129(d) of the Bankruptcy Code is inapplicable.

61.     Lastly, section 1129(e) of the Bankruptcy Code is inapplicable because none of the Debtors' Chapter 11 Cases is a "small business case." Thus, the Plan satisfies the Bankruptcy Code's mandatory confirmation requirements.

## XVII.  Waiver of Bankruptcy Rules Regarding Stay of Confirmation Order

62.     Bankruptcy Rule 3020(e) provides that "[a]n order confirming a plan is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 3020(e).

63.     The Plan Proponents seek to implement the Plan as expeditiously as possible. Given that there have been no continuing objections to the Plan and that the Plan complies with the applicable provisions of the Bankruptcy Code, the Plan Proponents respectfully request that the 14-day stay imposed by operation of Bankruptcy Rule 3020(e) be waived and that the Confirmation Order be effective immediately upon its entry.  For the same reason, the Plan Proponents additionally request that the Confirmation Order be effective immediately upon its entry notwithstanding any other provision of the Bankruptcy Rules, including Bankruptcy Rule 6004(h), Bankruptcy Rule 6006(d), or otherwise.

## CONCLUSION

64.     The Plan complies with and satisfies all applicable requirements of section 1129 of the Bankruptcy Code. Therefore, the Plan Proponents request that the Bankruptcy Court (a) confirm the Plan pursuant to section 1191(b) of the Bankruptcy Code and (b) grant the Plan Proponents such other and further relief as is just and proper.

19

Dated: March 5, 2026                                    Respectfully submitted,


**GOLDSTEIN & MCCLINTOCK, LLLP**              **MORRIS JAMES LLP**

*/s/ Maria Aprile Sawczuk*                              */s/ Eric J. Monzo*
Maria Aprile Sawczuk (DE Bar No. 3320)        Eric J. Monzo (DE Bar No. 5214)
Aaron R. Harburg, Esq. (DE Bar No. 7207)      Brya M. Keilson (DE Bar No. 4643)
501 Silverside Road, Suite 65                        500 Delaware Avenue, Suite 1500
Wilmington, DE 19809                                  Wilmington, DE 19801
Telephone: (302) 444-6710                            Telephone: (302) 888-6800
marias@goldmclaw.com                               emonzo@morrisjames.com
aaronh@goldmclaw.com                              bkeilson@morrisjames.com

-and-                                                        -and-

Matthew E. McClintock (admitted *pro hac vice*)   **LOWENSTEIN SANDLER LLP**
111 W. Washington Street, Suite 1221             Jeffrey L. Cohen (admitted *pro hac vice*)
Chicago, IL 60602                                      Brent I. Weisenberg (admitted *pro hac vice*)
Telephone: (312)337-7700                            Erica G. Mannix (admitted *pro hac vice*)
mattm@goldmclaw.com                               1251 Avenue of the Americas
                                                             New York, NY 10020
*Counsel for the Debtors and*                        Telephone: (212) 262-6700
*Debtors-in-Possession*                               jcohen@lowenstein.com
                                                             bweisenberg@lowenstein.com
                                                             emannix@lowenstein.com

                                                             *Counsel to the Official Committee of Unsecured*
                                                             *Creditors*