# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 24-11385 (MFW) |
| MOUNTAIN SPORTS LLC; *et al.*,[1] | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Related to Docket No. 909 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE ADEQUACY OF DISCLOSURES ON A FINAL BASIS AND (II) CONFIRMING THE MODIFIED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION JOINTLY PROPOSED BY MOUNTAIN SPORTS LLC AND ITS AFFILIATED DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, DATED OCTOBER 27, 2025 (SOLICITATION VERSION)**

Mountain Sports LLC; SDI Stores LLC; SDI Gift Card LLC; Bob's Stores USA LLC; and Mountain Sports USA LLC, the above-captioned debtors and debtors-in-possession (collectively, the "*Debtors*") in the above-referenced chapter 11 cases (the "*Chapter 11 Cases*") and the Official Committee of Unsecured Creditors (the "*Committee*," and together with the Debtors, the "*Plan Proponents*") having proposed and filed with the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") the *Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and Its Affiliated Debtors and The Official Committee Of Unsecured Creditors, Dated October 27, 2025 (Solicitation Version)* [D.I. 909] (together with all exhibits thereto, including the *First Plan Supplement to Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and Its Affiliated Debtors and The Official Committee Of Unsecured Creditors, Dated October 27, 2025* [D.I. 932] (the "*Plan Supplement*") and as may be amended,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Mountain Sports LLC (9597); SDI Stores LLC (4751); SDI Gift Card LLC (9775); Bob's Stores USA LLC (6115); and Mountain Sports USA LLC (4036). The Debtors' mailing address is 35 Park Place, #809, Branford, CT 06405.

modified or supplemented, the "*Combined Plan and Disclosure Statement*");[2] and the Bankruptcy Court having entered the *Order: (I) Approving the Modified Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Combined Disclosure Statement and Plan; (III) Approving the Form of Ballots and Solicitation Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Disclosures in, and Confirmation of, the Combined Plan and Disclosure Statement; and (VI) Granting Related Relief* [D.I. 907] (the "*Interim Approval and Procedures Order*") approving, among other things, the disclosures contained in the Combined Plan and Disclosure Statement on an interim basis, the contents of the Solicitation Package and the procedures for soliciting and tabulating votes to accept or reject the Combined Plan and Disclosure Statement; and the Plan Proponents having filed the Plan Supplement; and upon the filed affidavits of service documenting compliance with the notice and solicitation requirements of the Interim Approval Order and Combined Hearing Notice being delivered in accordance with the Interim Approval Order, as collectively evidenced by the *Certificate of Service of Solicitation Documents* filed on January 26, 2026 [Docket No. 915] and the *Supplemental Certificate of Service of Solicitation Documents* filed on February 16, 2026 [Docket No 925] (together, the "*Service Affidavits*"); and upon the *Declaration of Emily Young, on Behalf of Epiq Corporate Restructuring, LLC, Regarding Solicitation and Tabulation of Ballots Cast on the Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and Its Affiliated Debtors and The Official Committee of Unsecured Creditors, Dated October 27, 2025 (Solicitation Version)* [D.I. 935] (the "*Voting Declaration*"); and upon the Plan Proponent's *Memorandum of Law in Support of Confirmation of Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation Jointly Proposed by Mountain Sports LLC and Its Affiliated Debtors and The Official Committee Of Unsecured Creditors, Dated October 27, 2025* [D.I. 937] (the

---

[2] Capitalized terms used but not defined herein shall have the meaning given to such terms in the Plan.

"*Confirmation Brief*") in support of final approval of the disclosures contained in the Combined Plan and Disclosure Statement and confirmation of the Combined Plan and Disclosure Statement; and the Bankruptcy Court having held the hearing to consider (a) final approval of the Disclosure Statement and (b) confirmation of the Plan on March 31, 2026 (the "*Combined Hearing*"); and any responses or objections to confirmation of the Combined Plan and Disclosure Statement raised at or prior to the Combined Hearing (collectively, the "*Objections*") having been resolved (including to the extent such resolution is set forth in any modification to the Combined Plan and Disclosure Statement or as set forth herein), overruled, or withdrawn prior to or during the Combined Hearing; and after due deliberation and sufficient cause appearing therefor; and the Bankruptcy Court having conducted the Combined Hearing, considered all the evidence proffered or adduced and the arguments of counsel made at the Combined Hearing, reviewed all documents in connection therewith and having heard all parties desiring to be heard; and upon the full record of these Chapter 11 Cases; and after due deliberation and consideration of all of the foregoing; the Bankruptcy Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    Findings and Conclusions. The findings and conclusions set forth herein and on the record of the Combined Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    Exclusive Jurisdiction: Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. Approval of the Combined Plan and Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Bankruptcy Court has jurisdiction to enter a Final Order with respect thereto. Venue is proper before the

-3-

Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are eligible debtors under Bankruptcy Code section 109 and are proper plan proponents under Bankruptcy Code section 1121(a).

C.    Findings Regarding the Debtors. As debtors-in-possession, the management of the Debtors, including but not limited to the Authorized Representative, were duly authorized and empowered to take any and all actions contemplated by and giving rise to the Combined Plan and Disclosure Statement, including pursuit of approval of and confirmation of the Combined Plan and Disclosure Statement. Each action, agreement, and transaction contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order, and all related actions, agreements, and transactions necessary to implement, effectuate, and confirm the Combined Plan and Disclosure Statement are authorized by this Confirmation Order. The Debtors, acting by and through the Authorized Representative, are duly authorized and empowered to take any and all such actions as any of the Debtors may determine are necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Combined Plan and Disclosure Statement or this Confirmation Order.   The Debtors have been duly authorized, or are empowered to duly authorize, each of the acts, documents, agreements, and transactions contemplated in the Combined Plan and Disclosure Statement and this Confirmation Order to implement, effectuate, and consummate the Combined Plan and Disclosure Statement.

D.    Judicial Notice.  The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court, including pleadings and other documents filed, orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of these Chapter 11 Cases to the fullest extent permitted under Fed. R. Evid. 201 and applicable law.

E.    Burden of Proof.  The Plan Proponents have the burden of proving the elements of Bankruptcy Code sections 1125 and 1129(a) and (b) by a preponderance of the evidence. The Plan Proponents have met their burden with respect to each Debtor and each element of Bankruptcy Code sections 1125 and 1129.

F.      Chapter 11 Petitions.  On the Petition Date, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court. The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. In accordance with the Bankruptcy Court's *Order Directing Joint Administration of Chapter 11 Cases,* dated June 21, 2024 [D.I. 34], the Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee or examiner has been appointed in these Chapter 11 Cases. On July 3, 2024, the U.S. Trustee appointed the Committee pursuant to Bankruptcy Code section 1102(a)(l) in connection with the Chapter 11 Cases [D.I. 83].

G.      Adequacy of the Disclosures in the Combined Plan and Disclosure Statement.  The disclosures contained in the Combined Plan and Disclosure Statement include extensive material information regarding the Debtors so that parties entitled to vote on the Combined Plan and Disclosure Statement could make informed decisions regarding their vote.  Additionally, the Combined Plan and Disclosure Statement, including the various notices and the Ballot, contain adequate information as that term is defined in Bankruptcy Code section 1125(a) and complies with any additional requirements of the Bankruptcy Code, the Bankruptcy Rules, and applicable nonbankruptcy law.

H.      Notice and Service of Solicitation Materials.  The Voting Declaration and the Service Affidavits establish the transmittal and service of the Combined Plan and Disclosure Statement and related solicitation materials and notices (including, without limitation, notice of all deadlines for objecting to, or voting to accept or reject, the Combined Plan and Disclosure Statement and of the proposed release, exculpation and injunction provisions of the Combined Plan and Disclosure Statement) in accordance with the Interim Approval Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  Under the circumstances, such transmittal and service, together with the Publication Notice, constitutes due, adequate and sufficient notice of the Combined Plan and Disclosure Statement and the Combined Hearing to all parties entitled to such notice under the Bankruptcy Code and the Bankruptcy Rules, and no other or further notice is necessary or required.  All parties in interest in these Chapter 11 Cases had a full and fair

opportunity to appear and be heard at the Combined Hearing and no other or further notice is or shall be required.

I.      Solicitation.   Based on the record before the Bankruptcy Court, the Plan Proponents and their counsel, advisors and agents have acted and solicited votes for acceptance and rejection of the Combined Plan and Disclosure Statement in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Interim Approval Order, all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other applicable rules, laws and regulations. The Plan Proponents and their counsel, advisors and agents are entitled to the protections of Bankruptcy Code section 1125(e).

J.      Voting Certification. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Interim Approval Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other applicable rules, laws and regulations. As evidenced by the Voting Declaration, Class 2 and Class 3 voted to accept the Plan.

K.      Plan Supplement. In accordance with the Interim Approval Order, on February 27, 2026, the Plan Proponents filed the Plan Supplement [D.I. 932]. The information and documents comprising the Plan Supplement are integral to, part of, and incorporated by reference into the Combined Plan and Disclosure Statement. Consistent with the terms of the Combined Plan and Disclosure Statement, the Plan Proponents reserve the right to further alter, amend, update or modify the Plan Supplement before the Effective Date.

L.      Transmittal of Solicitation Materials. In satisfaction of Bankruptcy Code sections 1125 and 1126 and Bankruptcy Rule 2002(b), on or about January 20, 2026, the Debtors, through Epiq, mailed the Combined Hearing Notice and other solicitation materials to, among others, known Holders of Claims against or Interests in the Debtors. The Combined Hearing Notice notified Holders of Claims and Interests and other parties of the deadline and procedures for filing objections to the Combined Plan and Disclosure Statement, and that March 31, 2026, at 2:00 p.m. (Prevailing Eastern Time) was the date and time of the Combined Hearing. The Combined Hearing Notice also put parties in interest on notice of how to obtain copies of the Combined Plan

and Disclosure Statement.

M.      Adequacy of Notice. Notice of the Combined Hearing was given in compliance with the Bankruptcy Rules, and the materials served in conjunction therewith were good and sufficient notice in accordance with Bankruptcy Rule 2002(b).  *See* Service Affidavits and Publication Verification. All parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to confirmation of the Combined Plan and Disclosure Statement) have been given due, proper, timely, and adequate notice in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.  No other or further notice or solicitation is required.  All parties in interest had the opportunity to appear and be heard at the Combined Hearing and no other or further notice is required.

N.      Impaired Classes Deemed to Reject the Combined Plan and Disclosure Statement. Class 4 (Intercompany Claims) and Class 5 (Interests) are Impaired under the Combined Plan and Disclosure Statement and are deemed to have rejected the Combined Plan and Disclosure Statement.

O.      Classes Deemed To Accept the Combined Plan and Disclosure Statement. Class 1 (Priority Non-Tax Claims) is Unimpaired and is deemed to accept the Combined Plan and Disclosure Statement, pursuant to Bankruptcy Code section 1126(f).

P.      Preservation of Causes of Action.  Pursuant to the Combined Plan and Disclosure Statement, the Plan Proponents have provided due and sufficient notice that the Combined Plan and Disclosure Statement preserves the Retained Causes of Action, as set forth in the Plan Supplement.

Q.      Exculpation and Injunctions.  This Court has jurisdiction under 28 U.S.C. §§ 1334(a)–(b) to approve the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in the Combined Plan and Disclosure Statement, including Article IX of the Combined Plan and Disclosure Statement.  Sections 105(a) and 1123(b) of the Bankruptcy Code permit the issuance of the injunctions and approval of the releases, exculpations, and injunctions

set forth the Plan and this Confirmation Order.  Based upon the record of the Chapter 11 Cases and the evidence proffered or adduced at the Confirmation Hearing, this Court finds that the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in the Plan and this Confirmation Order are consistent with the Bankruptcy Code and applicable law. Further, the discharge, compromises, settlements, releases, exculpations, and injunctions contained in the Plan and this Confirmation Order are fair, equitable, reasonable, and are permissible under applicable law.

R.      Plan's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(l)). The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 1122 and 1123, thereby satisfying Bankruptcy Code section 1129(a)(l).

i.      *Proper Classification (11 U.S.C. §§ 1122 & 1123(a)(1))*.  In addition to Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, and Statutory Fees, which are not and do not need to be classified, the Combined Plan and Disclosure Statement designates separate Classes of Claims and Interests for and against the Debtors. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Combined Plan and Disclosure Statement, and such Classes do not unfairly discriminate between Holders of Claims and Interests or the Holders of such Claims and Interests have consented to such classification.  Thus, the Combined Plan and Disclosure Statement satisfies Bankruptcy Code sections 1122 and 1123(a)(l).

ii.     *Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)*. The Combined Plan and Disclosure Statement specifies that Class 1 (Priority Non-Tax Claims) are Unimpaired in that the legal, equitable, or contractual rights of Holders of Claims in these Classes are not altered under the Combined Plan and Disclosure Statement unless otherwise agreed to by such claimant, which satisfies Bankruptcy Code section 1123(a)(2).

iii.    *Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))*. The Combined Plan and Disclosure Statement provides that Holders of Claims in Class 2 (General Unsecured Claims); Class 3 (Insider Claims); Class 4 (Intercompany Claims) and Class 5 (Interests) are Impaired under the Combined Plan and Disclosure Statement and clearly specify the treatment of the Holders of Claims or Interests in Classes 2, 3 4, and 5 thereby

satisfying Bankruptcy Code section 1123(a)(3).

iv.   *No Discrimination (11 U.S.C. § 1123(a)(4))*. The Combined Plan and Disclosure Statement provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, which satisfies Bankruptcy Code section 1123(a)(4).

v.    *Implementation of the Plan (11 U.S.C. § 1123(a)(5))*. The Combined Plan and Disclosure Statement provides adequate means for the Combined Plan and Disclosure Statement's implementation, including, without limitation, provisions concerning (1) the substantive consolidation of the Debtors' Estates; (2) the transfer of all of the Debtors' remaining assets to the Liquidating Trust; (3) appointment of the Liquidating Trustee; (4) sources of cash for Distribution; (5) authority to take corporate action; (6) authority to effectuate documents and further transactions; (7) preservation of Retained Causes of Actions; (8) cancellation of Interests; (9) distributions under the Combined Plan and Disclosure Statement; and (10) dismissal of the Chapter 11 Cases. Thus, the Combined Plan and Disclosure Statement provides adequate and proper means for its implementation, which satisfies Bankruptcy Code section 1123(a)(5).

vi.   *Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))*. Bankruptcy Code section 1123(a)(6) does not apply to the Combined Plan and Disclosure Statement because the Plan Proponents do not propose to issue any equity securities under the Combined Plan and Disclosure Statement.

vii.  *Selection of Officers and the Liquidating Trustee (11 U.S.C. § 1123(a)(7))*. Pursuant to Section 6.08 of the Combined Plan and Disclosure Statement, effective as of the Effective Date, the Liquidating Trustee shall act as the sole officer, director, member or manager, as applicable, of each Debtor. The Plan Proponents have adequately disclosed the identity of the Liquidating Trustee in the Plan Supplement. As required by Bankruptcy Code section 1123(a)(7), the Liquidating Trustee has been selected in a manner consistent with the interests of Creditors and Holders of Interests and with public policy.

viii. *Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1))*. As permitted by Bankruptcy Code section 1123(b)(l), Claims in Class 1 (Priority Non-Tax Claims) are Unimpaired while Claims in Class 2 (General Unsecured Claims), Class 3 (Insider Claims), Class 4 (Intercompany Claims) and Class 5 (Interests) are Impaired.

ix.   *Assumption and Rejection (11 U.S.C. § 1123(b)(2))*. As permitted by Bankruptcy Code section 1123(b)(2), The Combined Plan and Disclosure Statement provides that on the Effective Date, all Executory Contracts not assumed or previously rejected before the Effective Date, or subject to a

pending motion to assume as of the Effective Date, or otherwise integral to the implementation of the Combined Plan and Disclosure Statement will be deemed rejected as of the Effective Date.

x.    *Settlement/Retention of Claims or Interests (11 U.S.C. § 1123(b)(3))*.  As permitted by Bankruptcy Code section 1123(b)(3), The Combined Plan and Disclosure Statement provides that, except as otherwise provided therein, any assets that are property of the Debtors' Estates on the Effective Date including, without limitation, any Retained Causes of Action, shall transfer to the Liquidating Trust on the Effective Date. Thereafter, the Liquidating Trust (at the direction of the Liquidating Trustee) may use, acquire and dispose of such property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, or Bankruptcy Court approval. Except as specifically provided in the Combined Plan and Disclosure Statement or this Confirmation Order, as of the Effective Date, all property of the Debtors that has been transferred to the Liquidating Trust shall be free and clear of any liens, Claims, encumbrances and interests of any kind.

xi.    *Additional Plan Provisions (11 U.S.C. § 1123(b)(6))*. The exculpations and injunctions issued pursuant to The Combined Plan and Disclosure Statement are consistent with Bankruptcy Code section 1123(b)(6), and not inconsistent with the applicable provisions of the Bankruptcy Code.

S.    Compliance with Bankruptcy Rule 3016(a).  The Combined Plan and Disclosure Statement is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement contained in the Combined Plan and Disclosure Statement with the Bankruptcy Court satisfies Bankruptcy Rule 3016(b). Further the Combined Plan and Disclosure Statement and the Confirmation Notice described in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

T.    Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, including without limitation Bankruptcy Code sections 1122, 1123, 1124, 1125, and 1126, the Bankruptcy Rules, the Interim Approval Order, and other orders of the Bankruptcy Court, and have otherwise complied with the provisions of Title 11, thereby satisfying Bankruptcy Code section 1129(a)(2).

U.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Plan Proponents have proposed the Combined Plan and Disclosure Statement in good faith and not by any means

forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). The Combined Plan and Disclosure Statement is designed to allow the Liquidating Trustee to liquidate the Debtors' limited remaining assets and make Distributions in a manner that will maximize recoveries to Creditors. The Plan Proponents, their officers, directors, employees, managers, financial advisors, attorneys, accountants, investment bankers, consultants, agents, professionals, and other representatives, as applicable, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e), thus satisfying the "good faith" requirement of Bankruptcy Code section 1129(a)(3). In determining that the Combined Plan and Disclosure Statement has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the formulation of the Combined Plan and Disclosure Statement and the Plan Supplement, the record of the Combined Hearing and all pleadings, exhibits, statements and comments regarding the confirmation of the Combined Plan and Disclosure Statement and approval of the Combined Plan and Disclosure Statement by Holders of General Unsecured Claims that voted to accept or reject the Combined Plan and Disclosure Statement.

V.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors or by any person acquiring property under the Combined Plan and Disclosure Statement, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Combined Plan and Disclosure Statement and incident to the Chapter 11 Cases, has been approved by the Bankruptcy Court or was otherwise permitted by an Order of the Bankruptcy Court. Any such payment made on a final basis before confirmation of the Combined Plan and Disclosure Statement is reasonable and any such payment to be fixed or approved on a final basis after confirmation of the Combined Plan and Disclosure Statement is subject to Bankruptcy Court approval, as reasonable, unless otherwise permitted by an Order of the Bankruptcy Court. The Combined Plan and Disclosure Statement therefore satisfies Bankruptcy Code section 1129(a)(4).

-11-

W.      Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). Pursuant to Bankruptcy Code section 1129(a)(5)(A)(i), the Plan Proponents disclosed the identity and affiliation of the proposed Liquidating Trustee in the Plan Supplement. Further, in accordance with Bankruptcy Code section 1129(a)(5)(A)(ii), the appointment of the Liquidating Trustee is consistent with the interests of creditors and with public policy as no objection to the appointment was received. The selection of Sean C. Southard, as the Liquidating Trustee is consistent with the requirements of Bankruptcy Code section 1129(a)(5) and public policy, and is in the best interests of Creditors and Holders of Interests, and, therefore, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1129(a)(5).

X.      No Rate Changes (11 U.S.C. § 1 129(a)(6)). The Combined Plan and Disclosure Statement does not provide for the change of any rates subject to the oversight of a governmental regulatory commission. Thus, Bankruptcy Code section 1129(a)(6) is inapplicable.

Y.      Best Interests Test (11 U.S.C. § 1129(a)(7)). Based on the evidence presented, the Combined Plan and Disclosure Statement meets the requirements of section 1129(a)(7) of the Bankruptcy Code. The Liquidation Analysis provided in the Plan Supplement, as well as the Confirmation Brief and other evidence proffered or adduced at the Combined Hearing, (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Holders of Allowed Claims and Interests that have not accepted or are deemed not to have accepted the Combined Plan and Disclosure Statement will, on account of such Claims or Interests, receive or retain property of a value, as of the Effective Date, that is not less than the amount that such Holder would so receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. Recoveries pursuant to the Combined Plan and Disclosure Statement are equal to or in excess of those that would be available if the Debtors were liquidated pursuant to chapter 7, and, therefore, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1129(a)(7).

Z.      Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8)). Class 1 (Priority Non-Tax Claims) is Unimpaired under the Combined Plan and Disclosure Statement and

is conclusively presumed to have accepted the Combined Plan and Disclosure Statement pursuant to Bankruptcy Code section 1126(f). Class 2 (General Unsecured Claims) has voted to accept the Combined Plan and Disclosure Statement in accordance with Bankruptcy Code section 1126(c). Per the Voting Declaration, there were Holders of Claims in Class 3 eligible to vote, but no Ballots were Submitted prior to the Voting Deadline. Further, Bankruptcy Code section 1129(a)(8) has not been satisfied because Class 4 (Intercompany Claims) and Class 5 (Interests) are deemed to reject the Combined Plan and Disclosure Statement pursuant to Bankruptcy Code section 1126(g). Nevertheless, as set forth below, the Combined Plan and Disclosure Statement is confirmable because it satisfies the nonconsensual confirmation requirements pursuant to Bankruptcy Code section 1129(b).

AA.    Treatment of Administrative, Priority, and Tax Claims (11 U.S.C. § 1129(a)(9)). The Combined Plan and Disclosure Statement provides for treatment of Allowed Claims entitled to priority pursuant to Bankruptcy Code section 507(a)(2)-(8) in the manner required by Bankruptcy Code section 1129(a)(9). Accordingly, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1129(a)(9)(A), (B), and (C).

BB.    Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). Pursuant to Bankruptcy Code section 1129(a)(10), to the extent there is an Impaired Class of Claims, at least one Impaired Class of Claims must accept the Combined Plan and Disclosure Statement, excluding acceptance by any insider.  Class 2 is Impaired and has voted to accept the Combined Plan and Disclosure Statement, determined without including any acceptances by any insider. Accordingly, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1129(a)(10).

CC.    Feasibility (11 U.S.C. § 1129(a)(11)). The Combined Plan and Disclosure Statement provides for the liquidation of the Debtors' assets and, accordingly, no further reorganization of the Debtors is contemplated. The Plan Proponents have established by a preponderance of the evidence that the Combined Plan and Disclosure Statement effectuates the liquidation and dissolution of the Debtors pursuant to the terms of the Combined Plan and

Disclosure Statement and the Liquidating Trust Agreement through the creation of the Liquidating Trust and that the Debtors have sufficient funds available to pay all claims and expenses that are required to be paid on the Effective Date under the Combined Plan and Disclosure Statement and to fund the Liquidating Trust to pay claims as appropriate pursuant to the Liquidating Trust Agreement. The Combined Plan and Disclosure Statement therefore complies with Bankruptcy Code section 1129(a)(11).

DD.    Payment of Statutory Fees (11 U.S.C. § 1129(a)(12)).  The Combined Plan and Disclosure Statement provides that (i) all Statutory Fees incurred prior to the Effective Date either have been paid or shall be paid by the Debtors by the Effective Date, and (ii) after the Effective Date, the Liquidating Trustee shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form consistent with the requirements of the U.S. Trustee.  Notwithstanding the substantive consolidation of the Debtors called for in the Combined Plan and Disclosure Statement, each of the Debtors shall remain obligated to pay quarterly fees to the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.  Therefore, the Combined Plan and Disclosure Statement meets the requirements of Bankruptcy Code section 1129(a)(12).

EE.    Retiree Benefits (11 U.S.C. § 1129(a)(13)).  Bankruptcy Code section 1129(a)(13) is not applicable to the Combined Plan and Disclosure Statement because the Debtors have not committed to continue to pay any retiree benefits post-Effective Date.

FF.    Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). The Debtors are not required by any judicial or administrative order, or by statute, to pay any domestic support obligation, and Bankruptcy Code section 1129(a)(l4) is, therefore, inapplicable to the Combined Plan and Disclosure Statement.

GG.    Certain Payments by Individual Debtors (11 U.S.C. § 1129(a)(15)). None of the Debtors is an individual, and, therefore, Bankruptcy Code section 1129(a)(15) is inapplicable to the Combined Plan and Disclosure Statement.

HH.     Transfers of Property of a Debtor that Is Not a Moneyed Interest (11 U.S.C. § 1129(a)(16)). The Debtors are for-profit corporations, and Bankruptcy Code section 1129(a)(16), by its terms, applies only to corporations and trusts that are not "moneyed, business, or commercial," and is therefore inapplicable to the Combined Plan and Disclosure Statement.

II.     No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)). Because the Combined Plan and Disclosure Statement has not been accepted by all Impaired Classes, the Plan Proponents must show that the Combined Plan and Disclosure Statement "does not discriminate unfairly" against, and is "fair and equitable" with respect to, the non-accepting Impaired Classes. The absolute priority rule requires that, if the Holders of Claims or Interests in a particular Impaired Class, which are deemed to reject the Combined Plan and Disclosure Statement, receive less than full value for their Claims or Interests, no Holder of Claims or Interests in a junior class may receive or retain any property under the Combined Plan and Disclosure Statement. In addition, senior Classes cannot receive more than a 100% recovery for their Claims. The Combined Plan and Disclosure Statement's classification scheme, including its treatment of the Classes deemed to reject, is appropriate as similarly situated Holders of Claims and Interests receive substantially similar treatment under the Combined Plan and Disclosure Statement and valid business, factual and legal reasons exist for the separate classification and treatment of the Claims or Interests across the various Classes established under the Combined Plan and Disclosure Statement. In addition, there is no Holder of any Claim or Interest that is junior to the Interests in Class 4 or Class 5 that will receive or retain any property under the Combined Plan and Disclosure Statement on account of such junior Claim or Interest, and no class of Claims is receiving or retaining property under the Combined Plan and Disclosure Statement with a value greater than the Allowed amount of Claims in such Class. Accordingly, the Combined Plan and Disclosure Statement does not discriminate unfairly and is fair and equitable with respect to such Class. The Combined Plan and Disclosure Statement complies with Bankruptcy Code section 1129(b) and may be confirmed notwithstanding the deemed rejection of the Combined Plan and Disclosure Statement by Class 4 and Class 5.

JJ.    Only One Plan (11 U.S.C. § 1129(c)). The Combined Plan and Disclosure Statement, including previous versions thereof, is the only plan filed in each of the Chapter 11 Cases of the Debtors. Accordingly, Bankruptcy Code section 1129(c) has been satisfied.

KK.    Principal Purpose (11 U.S.C. § 1129(d)). The avoidance of Section 5 of the Securities Act of 1933 is not the principal purpose of the Combined Plan and Disclosure Statement, nor is the avoidance of taxes or any provision of applicable tax law a principal purpose of the plan. The Combined Plan and Disclosure Statement, therefore, satisfies the requirements of Bankruptcy Code section 1129(d).

LL.    Modifications of the Combined Plan and Disclosure Statement (11 U.S.C. § 1127). Modifications made to the Combined Plan and Disclosure Statement since it was initially filed have complied in all respects with Bankruptcy Code section 1127 and Bankruptcy Rule 3019.

MM.    Satisfaction of Confirmation Requirements. The Combined Plan and Disclosure Statement satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

NN.    Conditions to Confirmation. Any and all conditions to confirmation set forth in the Combined Plan and Disclosure Statement have been satisfied or waived in accordance with the terms of the Combined Plan and Disclosure Statement.

OO.    Conditions to Consummation. Each of the conditions to the Effective Date under the Combined Plan and Disclosure Statement, as set forth in Article X thereof, is reasonably likely to be satisfied or waived in accordance with the terms of the Combined Plan and Disclosure Statement.

PP.    Implementation. All documents necessary to implement the Combined Plan and Disclosure Statement have been negotiated in good faith and at arm's length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and shall not be in conflict with any federal or state law.

QQ.    Retention of Jurisdiction. Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court, except as otherwise provided in the Combined Plan and Disclosure

Statement or herein, shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Combined Plan and Disclosure Statement to the fullest extent permitted by law.

RR.     Substantive Consolidation. Paragraph 3.04 of the Combined Plan and Disclosure Statement provides for the substantive consolidation of the Debtors for all purposes related to the Combined Plan and Disclosure Statement, including, without limitation, Distributions thereunder. Based on the Confirmation Brief, the record of the Combined Hearing and in the absence of any objections to such request, the Bankruptcy Court finds that such substantive consolidation of the Debtors and their Estates is justified and appropriate in these Chapter 11 Cases for the purposes of the Combined Plan and Disclosure Statement and the Distributions thereunder.

SS.     Waiver of Stay.  Under the circumstances, good cause exists to waive the stay imposed by Bankruptcy Rule 3020(e).

**ORDER**

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.     Findings of Fact and Conclusion of Law. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.     Notice of Combined Hearing. Notice of the Combined Hearing complied with the terms of the Interim Approval Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

3.     Confirmation of the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement, including all exhibits and modifications thereto, including the Plan Supplement and the Liquidating Trust Agreement, and as each is deemed amended by this Confirmation Order, is approved and confirmed under Bankruptcy Code section 1129. The terms of the Combined Plan and Disclosure Statement are an integral part of this Confirmation Order. The terms of the Combined Plan and Disclosure Statement and the Plan Supplement, and any

exhibits, amendments or annexations thereto (all of which are subject to further modifications by the Plan Proponents, to the extent permitted by Bankruptcy Code section 1127(b), and subject to the procedures set forth in Bankruptcy Code section 1127(b), which modifications shall not be inconsistent with the Combined Plan and Disclosure Statement or this Confirmation Order), and any documents necessary in the judgment of the Liquidating Trustee to implement, effectuate, and finalize the Combined Plan and Disclosure Statement (which documents shall be consistent with the Combined Plan and Disclosure Statement), whether or not specifically contemplated in the Combined Plan and Disclosure Statement, are approved, are an integral part of the Combined Plan and Disclosure Statement, and are incorporated by reference into the Combined Plan and Disclosure Statement and this Confirmation Order.

4.     Adequacy of Disclosures. The disclosures contained in the Combined Plan and Disclosure Statement are approved on a final basis as containing "adequate information" within the meaning of Bankruptcy Code section 1125 and contain sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

5.     Solicitation and Tabulation of Votes. The solicitation and tabulation of votes on the Combined Plan and Disclosure Statement complied with the Interim Approval Order and applicable bankruptcy law, were appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and applicable nonbankruptcy law.

6.     Compromise of Controversies. For the reasons stated herein, the Combined Plan and Disclosure Statement constitutes a good faith, arm's length compromise and settlement of all Claims or controversies relating to the rights that a Holder of a Claim or Interest, or any assignees thereof, may have with respect to any Allowed Claim or Interest or any Distribution to be made or obligation to be incurred pursuant to the Combined Plan and Disclosure Statement, and the entry of this Confirmation Order constitutes approval of all such compromises and settlements.

7.      Tax Withholdings. In connection with the Combined Plan and Disclosure Statement, to the extent applicable, the Debtors and the Liquidating Trustee, as applicable, shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all Distributions and all related agreements shall be subject to such withholding and reporting requirements. In accordance with the Liquidating Trust Agreement, the Liquidating Trustee may withhold from amounts distributable to any Holder any and all amounts, to be determined in the Liquidating Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement of the United States or any political subdivision thereof. To the extent that amounts are so withheld and paid over to the appropriate Governmental Unit, such amounts shall be treated as having been distributed to the Holder of the Allowed Claim or Interest in respect of whom such deduction and withholding was made. Each Holder of an Allowed Claim or Interest that receives a Distribution under the Combined Plan and Disclosure Statement shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any Governmental Unit, including income, withholding, and other tax obligations, on account of such Distribution.

8.      Objections Resolved, Withdrawn or Overruled. Any Objections, and all other objections, responses and reservations of rights with respect to the Combined Plan and Disclosure Statement, if any, not heretofore withdrawn or resolved, as set forth herein, or otherwise resolved at the Combined Hearing as announced on the record, are overruled in their entirety or deemed withdrawn with prejudice.

9.      Amendments, Modifications or Alterations. To the extent the Combined Plan and Disclosure Statement has been amended, modified or supplemented subsequent to solicitation, including as modified herein, such revisions do not materially and adversely affect the treatment of any Claims or Interests pursuant to the Combined Plan and Disclosure Statement and are otherwise consistent with the Combined Plan and Disclosure Statement, pursuant to Bankruptcy Rule 3019. Such revisions, do not require additional disclosures under Bankruptcy Code section 1125 or re-solicitation of votes under Bankruptcy Code section 1126, nor do they require that

Holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Combined Plan and Disclosure Statement.

10.     Record Closed. The record of the Combined Hearing is hereby closed.

11.     Substantive Consolidation for Plan Purposes Only. Entry of this Confirmation Order shall constitute the approval, pursuant to Bankruptcy Code sections 105(a), 541, 1123, and 1129, effective as of the Effective Date, of the substantive consolidation of the Debtors' Estates, solely for the purposes of the Combined Plan and Disclosure Statement, including making any Distributions to Holders of Claims and Interests. On the Effective Date, (i) all assets and liabilities of the Debtors will, solely for Distribution purposes, be treated as if they were merged, (ii) each Claim against the Debtors will be deemed a single Claim against and a single obligation of the Debtors, (iii) any Claims filed or to be filed in the Chapter 11 Cases of the Debtors will be deemed single Claims against the Debtors, (iv) all guarantees of any Debtor of the payment, performance, or collection of obligations of another Debtor shall be eliminated and canceled, (v) all transfers, disbursements and Distributions on account of Claims made by or on behalf of any of the Debtors' Estates hereunder will be deemed to be made by or on behalf of all of the Debtors' Estates, and (vi) any obligation of the Debtors as to Claims or Interests will be deemed to be one obligation of the Debtors. Except as set forth in the Combined Plan and Disclosure Statement, such substantive consolidation shall not (other than for purposes related to the Combined Plan and Disclosure Statement) affect the legal and corporate structures of the Debtors. Notwithstanding the substantive consolidation of the Debtors called for in the Combined Plan and Disclosure Statement, Statutory Fees shall be paid in each of the Debtors' cases to the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code and to the extent required by applicable law.

12.     Plan Classification Controlling. The classifications of Claims and Interests for purposes of Distributions under the Combined Plan and Disclosure Statement shall be governed solely by the terms of the Combined Plan and Disclosure Statement.

13.     <u>Authorization and Direction to Act</u>. In accordance with Bankruptcy Code section 1142 and any other applicable law of any jurisdiction, the Plan Proponents, the Liquidating Trustee, and each other appropriate party are hereby authorized and directed to take all steps and perform such acts as may be necessary, desirable, or appropriate to comply with, implement, and effectuate the Combined Plan and Disclosure Statement, whether or not such action is specifically contemplated by the Combined Plan and Disclosure Statement or this Confirmation Order. Pursuant to this Confirmation Order, the Plan Proponents are hereby authorized and empowered, without action by their officers, managers or members, as applicable, or further action by their boards of directors, to take any and all actions as are consistent with the Combined Plan and Disclosure Statement and as are reasonably determined by any of their officers, managers, or members, as applicable, to be necessary or appropriate to implement, effectuate or consummate any and all instruments, documents or transactions contemplated by the Combined Plan and Disclosure Statement or this Confirmation Order.  Without further order or authorization of the Bankruptcy Court, the Plan Proponents and the Liquidating Trustee are authorized to make all modifications to the Combined Plan and Disclosure Statement and its related documents in accordance with the Combined Plan and Disclosure Statement, subject to the requirements of Bankruptcy Code section 1127(b). Execution versions of the Combined Plan and Disclosure Statement and its related documents, where applicable, shall constitute legal, valid, binding and authorized obligations of the respective parties thereto, enforceable in accordance with their terms. No further approval by the Bankruptcy Court shall be required for any action, transaction, or agreement that is necessary or appropriate to implement and effectuate or consummate the Combined Plan and Disclosure Statement. This Confirmation Order shall further constitute all approvals, consents, and directions required for the Liquidating Trustee to act consistent with the Combined Plan and Disclosure Statement and the Liquidating Trust Agreement by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Combined Plan and Disclosure Statement and any documents, instruments, or agreements, and any other acts and transactions referred to in or

contemplated by the Combined Plan and Disclosure Statement. Unless specifically directed by this Confirmation Order or the Combined Plan and Disclosure Statement, no further action of the Debtors shall be necessary to perform any act to comply with, implement, and effectuate the Combined Plan and Disclosure Statement. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Plan Proponents or the Liquidating Trustee to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Combined Plan and Disclosure Statement or this Confirmation Order.

14.    Corporate Action. Prior to, on, or after the Effective Date, as appropriate, all matters expressly provided for under the Combined Plan and Disclosure Statement that would otherwise require approval of the officers, shareholders, directors, members, or managers, as applicable, of the Debtors shall be deemed to have occurred and shall be in effect prior to, on, or after the Effective Date (as appropriate) pursuant to the applicable general corporate or other applicable law of the jurisdictions in which the Debtors are formed or incorporated without any requirement of further action by such officers, shareholders, directors, members, or managers, as applicable, of the Debtors.

15.    Binding Effect. Except as otherwise provided in Bankruptcy Code section 1141(d)(3) and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Combined Plan and Disclosure Statement shall bind (a) the Debtors; (b) the Liquidating Trustee and any professionals or other parties assisting or supporting the Liquidating Trustee; (c) all Professionals; (d) any and all non-Debtor parties to judicial or administrative proceedings in which any Debtor is a party; (e) any Holder of a Claim against, or Interest in, the Debtors, and such Holder's respective successors and assigns (irrespective of (i) whether such Claims or Interests are Impaired under the Combined Plan and Disclosure Statement, (ii) whether the Holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Combined Plan and Disclosure Statement, or (iii) whether such Claims or Interests have been asserted in a filed proof of claim, proof of interest, request for Administrative Expense

Claim or other pleading or filing); (f) any and all non-Debtor parties to Executory Contracts with the Debtors; (g) any Person that received or may be deemed to have received actual or constructive notice of the Combined Plan and Disclosure Statement and the Combined Hearing; and (h) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any of the forgoing. All settlements, compromises, releases, waivers, exonerations and injunctions set forth in the Combined Plan and Disclosure Statement and this Confirmation Order shall be, and hereby are, effective and binding on all Persons who may have had standing to assert any settled, released, exculpated, or enjoined causes of action, and no other Person or entity shall possess such standing to assert such causes of action after the Effective Date. Pursuant to Bankruptcy Code sections 1123(a) and l 142(a) and the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement and all documents related to the Combined Plan and Disclosure Statement shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. Pursuant to Bankruptcy Code section 1141, effective as of the Confirmation Date, but subject to occurrence of the Effective Date and subject to the terms of the Combined Plan and Disclosure Statement and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder, and all motions or request for relief by the Debtors pending before the Bankruptcy Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Liquidating Trust in accordance with the Combined Plan and Disclosure Statement.

16.    Cancellation of Existing Securities and Agreements. On the Effective Date, except for purposes of evidencing a right to receive a Distribution pursuant to the Combined Plan and Disclosure Statement, any document, agreement, or instrument evidencing Interests in the Debtors shall be deemed cancelled without further act or action under any applicable agreement, law, regulation, order, or rule and the obligations of the Liquidating Debtors under such documents, agreements, or instruments evidencing such Claims and Interests, as the case may be, shall be rendered legally ineffective.

17.    MS Liquidating Trust. On the Effective Date, the Liquidating Trust shall be established pursuant to the terms of the Combined Plan and Disclosure Statement and the Liquidating Trust Agreement. For federal income tax purposes, all parties shall treat the transfer of the Debtors' assets to the Liquidating Trust as (a) a transfer of such assets to the beneficiaries of the Liquidating Trust (to the extent of the value of their respective interests in the applicable Liquidating Trust Assets) followed by (b) a transfer of such assets by such beneficiaries to the Liquidating Trust (to the extent of the value of their respective interests in the applicable Liquidating Trust Assets), with the beneficiaries of the Liquidating Trust being treated as the grantors and owners of the Liquidating Trust.

18.    Appointment of the Liquidating Trustee. On the Effective Date, all assets of the Debtors, including all property of the Liquidating Debtors' Estates, will be transferred to and vest in the Liquidating Trust and Sean C. Southard shall be appointed to serve as the initial Liquidating Trustee and thereafter will serve in accordance with the Combined Plan and Disclosure Statement and the Liquidating Trust Agreement. The Liquidating Trustee shall be empowered to act on behalf of the Debtors and their Estates following the Effective Date in the manner set forth in this Confirmation Order, the Combined Plan and Disclosure Statement and the Liquidating Trust Agreement. Following the Effective Date, as they come due, wind-down expenses shall be paid by the Liquidating Trustee from the assets of the Liquidating Trust in accordance with the Combined Plan and Disclosure Statement and the Liquidating Trust Agreement. The Liquidating Trustee shall have the right to file objections and/or motions to estimate any and all Claims after the Effective Date. The Liquidating Trustee shall have the authority to compromise, settle, otherwise resolve or withdraw any objections, without approval of the Bankruptcy Court.

19.    Post Confirmation Date Expenses of the Liquidating Trustee. The Liquidating Trustee shall receive reasonable compensation for services rendered to Debtors and their Estates following the Effective Date pursuant to the Combined Plan and Disclosure Statement and the Liquidating Trust Agreement without further Order of the Bankruptcy Court. In addition, the amount of reasonable fees and expenses incurred by the Liquidating Trustee on or after the

Effective Date (including, without limitation, reasonable attorney and professional fees and expenses) may be paid without further Order of the Bankruptcy Court. The Liquidating Trustee shall not be required to post a bond or other security in connection with its obligations under the Liquidating Trust Agreement.

20.    <u>Preservation and Retention of Retained Causes of Action</u>. Except as otherwise provided expressly in the Combined Plan and Disclosure Statement, in this Confirmation Order, or in any document, instrument, settlement agreement approved by the Bankruptcy Court, release, or other agreement entered into in connection with the Combined Plan and Disclosure Statement, nothing contained in the Combined Plan or Disclosure Statement or in this Confirmation Order shall be deemed a waiver or relinquishment of any Retained Causes of Action, or other legal or equitable defenses that the Debtors had immediately prior to the Effective Date in accordance with any provision of the Bankruptcy Code or any applicable non-bankruptcy law. Except as otherwise provided in the Combined Plan and Disclosure Statement, any assets that are property of the Debtors' Estates on the Effective Date including, without limitation, any Retained Causes of Action, shall vest and transfer to the Liquidating Trust on the Effective Date free and clear of all claims, liens, encumbrances, charges and other interests of Holders of Claims and Interests, except as otherwise expressly provided in the Combined Plan and Disclosure Statement or any document entered into in connection with the transactions described in the Combined Plan and Disclosure Statement or this Confirmation Order. Thereafter, the Liquidating Trust (at the direction of the Liquidating Trustee) may sell, use, acquire and dispose of such property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules or Bankruptcy Court approval. The failure to specifically list in the Combined Plan and Disclosure Statement or any exhibit thereto any potential or existing Retained Causes of Action generally or specifically does not limit the rights of the Debtors or Liquidating Trustee to pursue any action. Except as specifically provided in the Combined Plan and Disclosure Statement or the Confirmation Order, as of the Effective Date, all property of the Debtors that has been transferred to the Liquidating Trust shall be free and clear of any liens, Claims, encumbrances and interests of any kind.

21.     <u>Distributions and Claims Reconciliation</u>. The provisions of Article VI of the Combined Plan and Disclosure Statement are hereby approved in all respects and found to be fair and reasonable. Except as otherwise provided in the Combined Plan and Disclosure Statement or herein, on and after the Effective Date, the Liquidating Trustee shall have responsibility and authority for administering, disputing, objecting to, compromising, and settling, or otherwise resolving and making Distributions (if any) with respect to all Claims, including all Administrative Expense Claims, without notice to any other party or approval of, or notice to, the Bankruptcy Court.

22.     <u>Setoffs and Recoupment</u>. Except with respect to Professional Fee Claims or Claims or Interests that are Allowed pursuant to the Combined Plan and Disclosure Statement or a previous Order of the Bankruptcy Court, the Liquidating Trustee may, but shall not be required to, setoff against or recoup from any Claims of any nature whatsoever that the Debtors may have against the claimant pursuant to section 558 of the Bankruptcy Code or otherwise, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or the Liquidating Trustee of any such Claim it may have against the holder of such Claim.

23.     <u>Claims Objection Deadline</u>. As set forth in Article VIII of the Combined Plan and Disclosure Statement, the Liquidating Trustee, and any other party in interest to the extent permitted pursuant to Bankruptcy Code section 502(a), shall file and serve any objection to any Claims, including Administrative Expense Claims, no later than the Claims Objection Deadline; <u>provided,</u> <u>however</u>, that the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by Liquidating Trustee with the Claims Objection Deadline being extended upon the filing of the motion as provided in the Local Rules. The Bankruptcy Court may enter an Order approving such motion without further notice or a hearing. Any objection not filed by the Claims Objection Deadline shall be deemed waived.

24.     <u>Rejection of Executory Contracts: Bar Date for Rejection Claims</u>. On the Effective Date, all Executory Contracts not assumed or rejected before the Effective Date, subject to a

pending motion to assume as of the Effective Date, or otherwise integral to the Combined Plan and Disclosure Statement will be deemed rejected as of the date of the Combined Hearing. Entry of this Confirmation Order shall constitute approval of such rejections pursuant to Bankruptcy Code sections 365(a) and 1123, and parties must file a Rejection Claim by no later than 30 days after the Effective Date (the "*Rejection Damages Bar Date*"). **Any proofs of claim not filed and served within such time period will be forever barred from assertion against the Debtors and their Estates, and the Liquidating Trust, absent order of the Bankruptcy Court to the contrary.** Unless otherwise ordered by the Bankruptcy Court, all Claims arising from the rejection of Executory Contracts shall be treated as Class 2 Claims under the Combined Plan and Disclosure Statement**.** For the avoidance of doubt, any Claims arising from the rejection of an Executory Contract pursuant to a separate motion are subject to the applicable rejection bar date.

25.     <u>Debtors' Insurance Policies</u>. Nothing in the Combined Plan or Disclosure Statement and/or this Confirmation Order alters the rights and obligations of the Debtors (and their Estates) and the Debtors' insurers (and third-party claims administrators) under any applicable insurance policies or modifies the coverage or benefits provided thereunder or the terms or conditions thereof or diminishes or impairs the enforceability of the insurance policies.

**26.     <u>Exculpation and Injunctions</u>. The exculpation and injunction provision set forth in Article IX of the Combined Plan and Disclosure Statement is hereby approved in its entirety.**

**27.     <u>Term of Bankruptcy Injunction or Stays</u>. Unless otherwise provided in the Combined Plan and Disclosure Statement, this Confirmation Order, or a separate Order from the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases in accordance with Bankruptcy Code sections 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in such applicable Order.**

28.     <u>No Discharge</u>. Notwithstanding any provision of the Combined Plan and Disclosure Statement to the contrary, the Debtors are not entitled to, and shall not receive, a

discharge pursuant to Bankruptcy Code section 1141(d)(3).

29.     <u>Bar Date for Administrative Claims</u>. Requests for Administrative Claims incurred between October 2, 2024 and the Effective Date must be filed by no later than thirty (30) calendar days after the Effective Date (the "*Final Administrative Claims Bar Date*"). Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such request by the Final Administrative Claims Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, their Estates, the Liquidating Trust, or their respective property, absent an order to the contrary by the Bankruptcy Court. Notwithstanding anything to the contrary in the Combined Plan and Disclosure Statement, all Administrative Claims based on the fees and expenses of the Professionals shall only be paid after Court authorization in accordance with the Combined Plan and Disclosure Statement.

30.     <u>Professional Fee Claim Bar Date</u>.  No later than thirty (30) days after the Effective Date, each Professional shall File with the Bankruptcy Court its final fee application seeking final approval of all fees and expenses incurred from the Petition Date through the Effective Date. Objections to any Professional Fee Claim must be Filed and served on the Liquidating Trustee and the requesting party no later than thirty (30) days after such Professional Fee Claim is Filed with the Bankruptcy Court.  Professional Fee Claims shall be paid in full, in Cash, from the Administrative Claim Reserve or as otherwise set forth in the Combined Plan and Disclosure Statement within 10 business days of the date the Bankruptcy Court enters an order approving the final fee application of the applicable Professional.  To the extent that funds held in the Administrative Claim Reserve are insufficient to satisfy the amount of accrued Professional Fee Claims owing to the Professionals, such Professionals shall have an Allowed Administrative Expense Claim for any such deficiency. For the avoidance of doubt, to the extent there is any conflict between the terms of this Combined Plan and Disclosure Statement and/or the Confirmation Order and the *Order Approving Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [D.I. 208], the Confirmation Order shall

govern. Upon the Effective Date, any requirement that Professionals comply with Bankruptcy Code sections 327 through 331 in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed by the Liquidating Trust and paid in the ordinary course of business without any further notice to, or action, Order, or approval of, the Bankruptcy Court.

31.    Payment of Statutory Fees. All Statutory Fees due prior to the Effective Date either have been paid or shall be paid by the Debtors from their assets or from any other source. Any pre-Effective Date monthly reports not filed as of the Confirmation Hearing in conformity with the U.S. Trustee Guidelines shall be filed by the Debtors. On and after the Effective Date, the Liquidating Trust shall be responsible for (i) filing post-Confirmation quarterly reports and (ii) payment of all Statutory Fees for the Chapter 11 Cases until entry of a final decree or until such Chapter 11 Cases are closed or dismissed.

32.    Compliance with Tax Requirements. The Liquidating Trustee, to the extent applicable, shall comply with all tax withholding and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Distributions made pursuant to the Combined Plan and Disclosure Statement shall be subject to any such withholding and reporting requirements. The Liquidating Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements including, without limitation, requiring that, as a condition to the receipt of a distribution, the Holder of an Allowed Claim or Interest complete the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each holder. Notwithstanding any other provision of the Combined Plan and Disclosure Statement, (a) each Holder of an Allowed Claim or Interest that is to receive a Distribution pursuant to the Combined Plan and Disclosure Statement and the Liquidating Trust Agreement, shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such Holder by any Governmental Unit, including income and other tax obligations, on account of such Distribution, and (b) no Distribution shall be made to or on behalf of such Holder pursuant to the Combined Plan and Disclosure Statement and the

Liquidating Trust Agreement unless and until such Holder has made arrangements satisfactory to the Liquidating Trustee to allow it to comply with its tax withholding and reporting requirements as set forth in the Liquidating Trust Agreement.  To the extent arrangements have not been made or any necessary documentation has not been provided by such Holder to the Liquidating Trustee within ninety (90) days from the Liquidating Trustee's requests shall forfeit all rights to any Distribution and the Liquidation Trustee shall be authorized to cancel any Distribution to such Holder and such Allowed Claim or Interest shall be deemed an Unclaimed Distribution, as set forth in the Liquidating Trust Agreement.

33.     <u>Exemption from Certain Taxes and Fees</u>. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers from the Debtors to the Liquidating Trust or any other Person pursuant to, in contemplation of, or in connection with the Combined Plan and Disclosure Statement and the issuance, transfer, or exchange of any debt, equity securities, or other interest under or in connection with the Combined Plan and Disclosure Statement, shall not be taxed under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or government assessment. This Confirmation Order directs all relevant state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement Distributions under the Combined Plan and Disclosure Statement and all documents necessary to evidence and implement any of the transactions and actions described in the Combined Plan and Disclosure Statement.

34.     <u>Post-Effective Date Fees and Expenses</u>. From and after the Effective Date, the Liquidating Trustee shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professional Persons thereafter incurred by the Liquidation Trustee, including those fees and expenses incurred in

connection with the implementation and consummation of the Combined Plan and Disclosure Statement, pursuant to the terms of the Liquidating Trust Agreement.

35.     Termination of Professionals. On the Effective Date, the engagement of each Professional retained by the Debtors and the Committee shall be terminated without further order of the Bankruptcy Court or act of the parties; *provided, however*, such Professionals shall be entitled to (a) prosecute their respective Professional Fee Claims, including asserting, disputing, and participating in resolution of Professional Fee Claims; (b) prosecuting or participating in any appeal of this Confirmation Order or any request for consideration thereof; and (c) such other matters identified in the Combined Plan and Disclosure Statement.

36.     References to Provisions of the Combined Plan and Disclosure Statement. The failure to specifically include or reference any particular provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Combined Plan and Disclosure Statement be confirmed in its entirety and such provisions shall have the same binding effect, enforceability, and legality as every other provision of the Combined Plan and Disclosure Statement. Each term and provision of the Combined Plan and Disclosure Statement, as it may have been altered or interpreted by the Bankruptcy Court, is valid and enforceable pursuant to its terms.

37.     Conditions to Effectiveness. The Combined Plan and Disclosure Statement shall not become effective unless the conditions set forth in Article X of the Combined Plan and Disclosure Statement have been satisfied or waived.

38.     Substantial Consummation. The substantial consummation of the Combined Plan and Disclosure Statement, within the meaning of Bankruptcy Code section 1101(2), shall be deemed to occur on or as of the Effective Date.

39.     Notice of Effective Date. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), on or within two (2) Business Days after the Effective Date, the Debtors shall cause a Notice of the Effective Date to be served on all parties and creditors on whom the Combined Hearing Notice

-31-

was served.

40.    Confirmation Order Controlling. If there is any inconsistency between the provisions of the Combined Plan and Disclosure Statement and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.

41.    Applicable Non-Bankruptcy Law. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a), the provisions of this Confirmation Order and the Combined Plan and Disclosure Statement shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

42.    Retention of Jurisdiction. Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court, except as otherwise provided in the Combined Plan and Disclosure Statement or herein, shall retain jurisdiction over all matters arising in, arising out of, and related to, the Chapter 11 Cases and the Combined Plan and Disclosure Statement.

43.    Waiver of Stay. This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof. The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without Bankruptcy Rules 3020(e), 6004(h), 6006(d) and 7062, whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective immediately upon its entry by the Court.

44.    Dissolution. On the Effective Date, and without the need for any further order of the Bankruptcy Court, action or formality which might otherwise be required under applicable non-bankruptcy laws, each of the Debtors shall be deemed dissolved without the need for any filings with the Secretary of State or other requisite governmental official in each of the Debtor's respective jurisdiction of formation.

45.    Vacatur of Order. If this Confirmation Order is vacated or deemed vacated, or the Effective Date does not occur, then the Combined Plan and Disclosure Statement shall be deemed null and void in all respects, and nothing contained in the Combined Plan and Disclosure Statement shall: (a) constitute a waiver or release of any Claims against or Interests in the Debtors;

(b) prejudice in any manner the rights of the holder of any Claim against, or Interest in, the Debtors; (c) prejudice in any manner any right, remedy or claim of the Debtors; or (d) be deemed an admission against interest by the Debtors or any other Person or Entity.

46.     Conflicts. To the extent that any provisions of this Confirmation Order or any other order (other than this Confirmation Order) entered in these Chapter 11 Cases (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Combined Plan and Disclosure Statement or the Liquidating Trust Agreement, this Confirmation Order shall govern and control except as expressly set forth in Paragraph 42 herein or in the Combined Plan and Disclosure Statement.

47.     No Waiver. The failure to specifically include any particular provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of the Court that the Combined Plan and Disclosure Statement is confirmed in its entirety and incorporated herein by reference.

48.     Severability of Plan Provisions. Each term and provision of the Combined Plan and Disclosure Statement, as it may have been amended by this Confirmation Order, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Combined Plan and Disclosure Statement and may not be deleted or modified without the Plan Proponents' consent; and (c) non-severable and mutually dependent.

49.     Waiver or Estoppel. Each holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, secured, or not subordinated by virtue of an agreement made with the Debtors or their counsel, or any other entity, if such agreement was not disclosed in the Combined Plan and Disclosure Statement, papers filed with this Bankruptcy Court, or stated on the record at the Combined Hearing, prior to the Confirmation Date.

50.     Governing Law. Unless a rule of law or procedure is based upon federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the

laws of the State of Delaware, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Combined Plan and Disclosure Statement,  and any agreements, documents, instruments, or contracts executed or entered into in connection with the Combined Plan and Disclosure Statement (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

Nothing contained in the Combined Plan and Disclosure Statement or Confirmation Order shall affect any valid setoff or recoupment rights of the United States of America against any of the Debtors or any successor Entities, and such rights are expressly preserved.  For the avoidance of doubt, nothing in the Combined Plan and Disclosure Statement or Confirmation Order shall bar the IRS from exercising its nonbankruptcy rights to offset any request for a tax refund for a tax year ending prior to the Petition Date against any prepetition claims of the United States government against any of the Debtors.

Pursuant to 11 U.S.C. 503(b)(1)(D) and L.B.R. 3002-1(a), nothing contained in the Combined Plan and Disclosure Statement or this Confirmation Order shall be deemed to require the IRS to file a request for payment of taxes entitled to administrative expense priority as a condition of their being allowed as administrative expenses.

Pursuant to 11 U.S.C. 511(a), notwithstanding anything in the Combined Plan and Disclosure Statement or the Confirmation Order, the IRS shall be paid interest on any Allowed Claims entitled to priority under 1129(a)(9)(C) at the rate provided by applicable nonbankruptcy law as of the date of the Combined Hearing.

51.     Chubb Insurance Program. Notwithstanding anything to the contrary in this Confirmation Order, the Combined Plan and Disclosure Statement, the Plan Supplement, any bar date notice or claim objection, any other document related to any of the foregoing or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening or grants an injunction, discharge, or release, requires a party to opt out of any releases, or confers Bankruptcy Court jurisdiction):

(a)    On the Effective Date, all insurance policies that have been issued at any time by ACE American Insurance Company, Westchester Surplus Lines Insurance Company, Illinois Union Insurance Company, Federal Insurance Company, Chubb Custom Insurance Company and/or each of their U.S.-based affiliates and successors (collectively, and each in their capacity as insurers, "Chubb") to (or providing coverage to) any of the Debtors or any of their predecessors, all extensions and renewals thereof, and all agreements, documents or instruments related thereto (each as amended, modified or supplemented and including any exhibit or addenda thereto, collectively, the "Chubb Insurance Program") shall vest, unaltered, in the Liquidating Trust, and shall continue in full force and effect thereafter in accordance with their respective terms and conditions;

(b)    To the extent that Chubb believes a Claim against the Debtors and/or the Liquidating Trust has become liquidated and due and owing (regardless of whether such Claims arise before or after the Effective Date) under the Chubb Insurance Program, the Liquidating Trust and Chubb each reserve their rights with respect to whether such Claim shall be treated as an Administrative Claim or a General Unsecured Claim and should Liquidating Trust and Chubb not agree upon such treatment, the dispute shall be submitted to the Bankruptcy Court for determination thereon; *provided, however*, Chubb shall not be required or need to file a Proof of Claim, Administrative Claim, Cure Claim, or to object to any cure amount; *provided further, however*, that the Liquidating Trust agrees to provide Chubb's counsel of record in the Chapter 11 Cases with sixty (60) calendar days' notice (by electronic mail at the following addresses: WMSimkulak@duanemorris.com and CHeitzenrater@duanemorris.com) of any intention to make a distribution and/or close the Chapter 11 Cases and Chubb shall advise counsel to the Liquidating Trust within thirty (30) calendar days thereof of any amounts that are or are estimated to become

-35-

due and owing in the future pursuant to the Chubb Insurance Program; and *provided further*, that the Liquidating Trust is not required to establish any reserve as of the Effective Date on account of any claims that may be asserted by Chubb pursuant to the Chubb Insurance Program; and

(c)     The automatic stay of Bankruptcy Code section 362(a) and the injunctions set forth in Article IX of the Plan (and any corresponding paragraph of this Confirmation Order), if and to the extent applicable, shall be deemed lifted without further order of this Bankruptcy Court, solely to permit:  (I) Chubb to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (A) claims where a claimant asserts a direct claim against Chubb under applicable non-bankruptcy law, or an order has been entered by the Bankruptcy Court granting a claimant relief from the automatic stay or the injunctions set forth in Article IX of the Plan (and any corresponding paragraph of this Confirmation Order) to proceed with its claim, and (B) all costs in relation to each of the foregoing; and (II) Chubb to cancel any policy under the Chubb Insurance Program, and take any other actions relating to the Chubb Insurance Program (including effectuating a setoff or recoupment).

52.     <u>Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002</u>. After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all Creditors and other parties in interest (except those listed in the following sentence) must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002. After the Effective Date, parties in interest are authorized to limit the list of parties in interest receiving notice of documents pursuant to Bankruptcy Rule 2002 to the Office of the United States Trustee, the Liquidating Trustee, and those Creditors who have filed such renewed requests; *provided, however*, that parties in interest shall also serve those parties directly affected by, or having a direct interest in, the particular filing in accordance with L.B.R. 2002-1(b).  Notice given in accordance

with the foregoing procedures shall be deemed adequate pursuant to the Bankruptcy Code, the

Bankruptcy Rules and the Local Rules.